# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| Kiebler Recreation, LLC | ) Case No. 10-15099 |
| | ) |
| Debtor. | ) Judge Baxter |
| | ) |

## DECLARATION OF PAUL E. KIEBLER IV IN SUPPORT OF DEBTOR'S EMERGENCY WAGE MOTION AND OTHER FIRST DAY MOTIONS

I, Paul E. Kiebler IV, hereby declare (the "Declaration") as follows:

1. I am the Sole Manager of Kiebler Recreation, LLC (the "Debtor"). I submit this Declaration in support of the Debtor's emergency motion for the entry of an order authorizing the Debtor to pay certain prepetition wages and other employee benefits (the "Emergency Wage Motion"), as well as several other motions that have been or will be filed in this case. Any capitalized term not defined herein shall have the meaning given them in the respective motions. All facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me by others, upon information supplied to me by proposed counsel to the Debtor, or upon my opinion based on my experience and knowledge with respect to the Debtor's operations, financial condition and related business issues. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

2. The Debtor operates Peek'N Peak Resort and Spa, a popular recreational and tourist complex in Chautauqua County, New York (the "Peak"). On May 26, 2010, a receiver attempted to assume custody and control of the Peak. That same day (the "Petition Date"), the Debtor filed its chapter 11 petition. On May 27, 2010, the Court entered an Agreed Order Authorizing the Debtor to Use Cash Collateral and Grant Adequate Protection.

3. Within several days of filing of its chapter 11 petition, the Debtor filed several motions, including the following: (i) the Emergency Wage Motion; (ii) Expedited Motion for Order Prohibiting Utility Companies from Discriminating and Approving Proposed Adequate Assurance of Payment to Utility Companies; (iii) Debtor's Expedited Motion for Order Authorizing Maintenance of Existing Bank Accounts and Cash Management System and Continued Use of Business Forms (the "Bank Account Motion"); and (iv) Expedited Motion for Order Granting Extension of Time for Filing Schedules and Statements (collectively with other motions referenced herein, the "Motions")

4. The relief requested in the various Motions is specifically designed to minimize the adverse effects of the commencement of the chapter 11 case on the business. I believe that a critical and necessary element in successfully stabilizing the Debtor's business and reorganizing under chapter 11 is the approval of the Motions, including several on an emergency or expedited basis. The factual bases for each Motion, along with certain legal support, as I have been informed by counsel, is set forth below.

### *Debtor's Emergency Wage Motion*

5. The Peak typically hosts large numbers of visitors during the busy winter ski and summer seasons. The Debtor employs a number of Employees year round, and it adds additional staffing during the busy seasons. As of the Memorial Day weekend, the busy summer season is underway.

6. At the Petition Date, the Debtor employed a total of approximately 315 hourly and salaried employees. Also as of the Petition Date, the Debtor's hourly Employees are owed wages for work performed from May 17, 2010 through May 26, 2010 in the approximate amount of $90,500. The Debtor's salaried Employees are owed wages for work performed from May 17, 2010 through May 26, 2010 in the approximate amount of $48,000. Additionally, the Debtor cannot be certain that all payroll checks issued prior to the Petition Date were actually cashed and honored prior to the Petition Date. As a result, there could be some additional prepetition wages outstanding.

7. In the Emergency Wage Motion, the Debtor seeks emergency authority to pay certain prepetition claims for: (a) wages, salaries, vacation pay, and related federal, state and local payroll taxes;

(b) payments under certain employee health, life insurance and retirement plans; (c) prepetition expenses incurred by employees in the ordinary course of business; and (d) other employment related benefits that the Debtor pays or provides in the ordinary course of its business (collectively, the "Employee Benefits"). The Debtor also requests authority to pay Payroll Deductions and direction from the Court to applicable financial institutions to honor all checks and electronic payment requests drawn on the Debtor's disbursement accounts and automatic payroll transfers related to the Employee Benefits.

8. I am informed by counsel that, as a result of the commencement of this chapter 11 case, the Debtor will be prohibited from paying or otherwise satisfying its prepetition Employee Benefits unless the Court authorizes it to do so. Thus, in order to maintain Employee morale at this critical time, and to minimize the personal hardship the Employees will suffer if prepetition employee related obligations are not paid or honored when due, the Debtor seeks authority to honor, in its discretion, the Employee Benefits.

9. I am informed by proposed counsel to the Debtor that the Bankruptcy Code affords priority for such prepetition Employee Benefits of up to $11.725 per Employee for benefits earned within 180 days prior to the petition date and that such priority claims must be paid in order for a plan of reorganization to be confirmed. I believe that no Employee is owed more than $11,725.00 in prepetition wages including benefits. I am further informed that it is common for bankruptcy courts to grant the type of relief requested in the Emergency Wage Motion as "first day" relief.

10. The relief requested herein is required to maintain worker morale at this critical time when the Peak's busy summer season has just begun. The Employees are essential to the success of the Debtor's business. Consequently, it is important for the Debtor to reassure its Employees and keep them current on their wages.

11. The next payroll is due on Wednesday, June 2, 2010. The Debtor believes that even the slightest delay in providing the relief requested in the Emergency Wage Motion will hamper operations and damage the estate. I believe an Order authorizing the Debtor to pay the Employee Benefits in

accordance with the Debtor's prepetition business practices is in the best interests of the Debtor, the Debtor's creditors, and all parties in interest, and will enable the Debtor to continue to operate its business in an economic and efficient manner, and without disruption.

### *Debtor's Motion for an Order Prohibiting Utilities from Discriminating and Approving Proposed Adequate Assurance of Payment to Utility Companies ("Utilities Motion")*

12. The Debtor also seeks the entry of an order prohibiting the Debtor's utility providers from altering, refusing or discontinuing services, pending determination of adequate assurance of payment, and approving proposed Adequate Assurance of Payment Procedures as outlined in the Utilities Motion and below.

13. In connection with the operation of the Peak, the Debtor purchases certain utility services from several utility companies. The Debtor currently uses electric, Internet, cable, natural gas, telephone and similar services (collectively, the "Utility Services") provided by the Utilities identified on the list attached to the Utilities Motion (the "Utility Service List").

14. Uninterrupted utility service is essential to ongoing operations at the Peak and, therefore, to the success of the Debtor's chapter 11 case. Should any utility refuse or discontinue service, even for a brief period, the Debtor may be forced to suspend its operations at the Peak, which would result in loss of revenue and substantial harm to the estate.

15. I am informed by counsel that, pursuant to section 366(b) of the Bankruptcy Code, a utility may alter, refuse, or discontinue service to a debtor in a chapter 11 case only if, within twenty days after the filing of a petition commencing a case under chapter 11, such utility has not been provided with adequate assurance of payment for services provided postpetition. I am further informed that pursuant to section 366(c) of the Bankruptcy Code, a utility may refuse or discontinue service to a debtor only if, within thirty days after the filing of a chapter 11 petition, such utility has not received from the debtor adequate assurance of payment for utility service that is satisfactory to the utility. The Debtor is concerned that one or more of the Utilities may terminate, alter, or refuse to provide service, or may

demand an unreasonably large deposit as a condition of continuing to provide service. I am informed that section 366(c)(3) allows a court, after notice and a hearing, to order the modification of the amount of adequate assurance of payment under section 366(c)(1)(A) of the Bankruptcy Code.

16. Accordingly, the Utilities Motion requests that the Court approve deposit procedures that will allow the Debtor to provide satisfactory assurance of payment to each Utility, or alternatively, to establish the precise form of adequate assurance that is satisfactory to each Utility. As adequate assurance of payment, the Debtor proposes to provide to each Utility a cash deposit equal to one-half of the approximate monthly bill of each Utility, as estimated by the Debtor, with the exception of one Utility, for which an amount in excess of the deposit amount proposed herein is already on deposit.

17. The Debtor believes that the provision of such a cash deposit is a reasonable proposal given the circumstances of this chapter 11 case. The Debtor must be provided with a degree of certainty that the proposed adequate assurance of payment is satisfactory to the Utilities, without the threat that thirty days after the Petition Date, the Debtor will be informed that the proposed adequate assurance is not satisfactory and a discontinuation of utility service is imminent. The Debtor believes that granting the relief requested herein will not prejudice the rights of the Utilities under section 366 of the Bankruptcy Code in any fashion.

### *Motion for Order Granting Extension of Time for Filing Schedules and Statements ("Extension Motion")*

18. Proposed counsel for the Debtor has informed me that pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), within 15 days after filing its petition, a debtor must file schedules of assets and liabilities, current income and expenditures, and executory contracts and unexpired leases, and its statement of financial affairs, as well as a list setting forth the names and addresses of the equity security holders, and the class, number and kind of interests registered in the name of each such holder (collectively, with the information required under Local Rule 1007-1(a), the "Schedules and Statement"), unless the court orders otherwise.

19. Completing the Schedules and Statement will require the extensive collection, review and assembly of information from the Debtor's business records and personnel. Given the unanticipated, emergency nature of the filing of its petition, the number of creditors, the Debtor's staffing needs, the ordinary daily business matters that require the staff's attention, and the press of business incident to the filing and daily administration of this chapter 11 case, the Debtor currently is unable to compile all of the information necessary to complete and file the Schedules and Statement by the deadline set forth in Bankruptcy Rule 1007.

20. The Debtor is aware of the importance of the Schedules and Statement, and it intends to complete them as quickly as possible under the circumstances. Accordingly, the Debtor believes and submits that a reasonable extension of time to file the Schedules and Statement is necessary and appropriate, and it has respectfully requested that the Court extend, until and including July 28, 2010, the date by which the Schedules and Statements must be filed pursuant to Bankruptcy Rule 1007.

### *Debtor's Motion for Authorization to Use Existing Bank Accounts and Business Forms ("Bank Account Motion")*

21. The Debtor also seeks entry of an order authorizing continued use of the Debtor's existing bank accounts and business forms. The Debtor seeks this authorization in order to ensure its orderly entry into bankruptcy and to help efficiently administer its business, and also to avoid the corresponding disruptions and distractions that would inevitably divert the Debtor's attention from more urgent matters during the initial stages of the bankruptcy case. The Debtor is seeking variances from the U.S. Trustee Guidelines to the extent necessary to allow it to maintain existing accounts.

22. The Debtor can assure a clear demarcation between prepetition and postpetition payments, and there is little risk that any unauthorized prepetition claims will be paid. In consideration of the importance of the existing bank accounts, and in light of the Debtor's capacity to track funds entering and exiting the accounts, the Debtor requests the authority to maintain and continue using its bank accounts as it did prior to the Petition Date in the ordinary course of business.

23. Moreover, because opening new debtor in possession accounts and obtaining new checks and business forms denoting the Debtor's status as a debtor in possession would be burdensome, the Debtor also requests authority to use its existing checks and business forms without placing the label "debtor in possession" thereon. I am informed by counsel that under circumstances such as these, variance from strict enforcement of the U.S. Trustee Guidelines is often permitted.

### *Debtor's Emergency Motion for Expedited Hearing on Certain Motions and for Order Shortening Notice for Hearing on and Time to Respond to Motions*

24. The Debtor has also requested that the Court schedule a hearing on the Emergency Wage Motion, the Utilities Motion, the Bank Account Motion and the Extension Motion to take place no later than Wednesday, June 2, 2010, perhaps to coincide with the Case Management Conference that has already been scheduled that day for 10:30 a.m. I believe the relief requested in these motions—particularly with respect to the Emergency Wage Motion—is critical to enable the Peak to continue to operate.

25. The Debtor believes good and sufficient cause exists for hearing the Motions on an expedited basis for the reasons set forth in the Motions themselves. In light of the various restrictions of the Bankruptcy Code, immediate rulings are critical to enable the continued and uninterrupted operation of the Peak. The Debtor also requests that the Court approve the form and manner of notice proposed with respect to the expedited hearing, order that the applicable notice period for responding to the Motions be shortened, and require that any response to the Motions be submitted prior to or at such expedited hearing. Shortening the time period for responding to the Motions is necessary and appropriate under the circumstances in light of the Debtor's demonstrated need for immediate, "first day" relief.

26. As described in each of the Motions, the relief requested therein is vital to ensuring that the Debtor will be able to function effectively in chapter 11, and it will greatly assist in the administration of the bankruptcy case. By the same token, any delay in obtaining the requested relief would hinder the Debtor's ability to transition into chapter 11 and to preserve and maximize the value of the estate, particularly as it respects the Emergency Wage Motion.

## *Conclusion*

27. The Peak's busy summer season is underway. In order to preserve and maximize the value of its business, particularly during this critical time, the Debtor's immediate goal is to resume business as usual following the commencement of the case. I believe that if the Court grants the relief requested in the foregoing motions, the prospect of achieving this objective will be substantially enhanced to the benefit of the Debtor's estate, its creditors and parties in interest.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed this 1st day of June 2010.

      /s/ *Paul Kiebler IV*
      Paul E. Kiebler IV
      Sole Manager, Kiebler Recreation, LLC