UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:

KIEBLER RECREATION, LLC,

Debtor.

Chapter 11

Case No. 10-15099

# MOTION OF THE HUNTINGTON NATIONAL BANK TO TRANSFER VENUE TO THE UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1412

The Huntington National Bank ("Huntington") hereby moves for an order transferring venue of this chapter 11 case to the United States Bankruptcy Court for the Western District of New York pursuant to 28 U.S.C. § 1412.

1. On May 26, 2010 ("Petition Date"), Kiebler Recreation, LLC (hereinafter "Kiebler" or "Debtor") filed its petition pursuant to chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). The Debtor has no independent basis for venue before this Court, but rather relies on the affiliate rule contained in 28 U.S.C. § 1408(2), asserting it has common ownership with Kiebler Slippery Rock, LLC, a debtor in Case No. 09-19087, filed on September 25, 2009, pending in this Court.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this motion by virtue of 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). The statutory predicates for the relief requested herein is 28 U.S.C. § 1412.

## RELIEF REQUESTED

3. Huntington respectfully requests that the Court order that venue be transferred to the Western District of New York because (1) all of the Debtor's primary real and personal property is located in the Western District of New York, (2) the legal rights of the Debtor, Huntington and other major creditors are controlled by New York law, including the Huntington mortgage foreclosure proceeding currently pending against the Debtor in New York; and (3) the Debtor is a New York limited liability corporation with its principal place of business in the Western District of New York.

## BACKGROUND

4. The Debtor is the owner of The Peek'n Peak Resort and Spa property located in French Creek, New York ("Mortgaged Premises"). The Debtor operates, *inter alia*, a ski resort, two golf courses, several restaurants and banquet facilities, a hotel, health spa, gas station and convenience store, condominiums and apartments on the Mortgaged Premises (collectively, "Facilities").

5. The Debtor is one of several related corporations operating in New York which provide sewer and water services to the Mortgaged Premises and to other property owners located near the Mortgaged Premises. Kiebler Sewage Services, Inc. and Kiebler Water Services, Inc. are New York transportation corporations which provide these services. The Debtor, together with Kiebler Sewage Services, Inc. and Kiebler Water Services, Inc., holds approximately 30 different governmental licenses and permits which allow these New York corporations to operate the Facilities on the Mortgaged Premises. An extensive number of permits and licenses have been issued by governmental agencies of New York State, Chautauqua County, and the Town of French Creek. A list of the licenses and permits are attached hereto as

Exhibit A. New York law applies to the construction and regulation of these permits and licenses.

6. On May 26, 2010, Huntington commenced a mortgage foreclosure action in New York State in Chautauqua County Court pursuant to Article 13 of New York Real Property Actions & Proceedings Law, seeking to foreclose four mortgage liens on the Mortgaged Premises located in French Creek, New York to recover indebtedness owed by the Debtor totaling $15,961,758 as of May 19, 2010, together with interest and attorney fees.

7. The Debtor also owes the Estates of Norbert Cross and Eugene Cross ("Estates") indebtedness estimated to be approximately $7 to $8 million secured by two mortgage liens on the Mortgaged Premises. The notes and mortgages held by the Estates are also governed by New York law.

8. The Debtor also owes real estate taxes in the amount of $954,869.88 together with interest and late charges. Moreover, the Debtor owes New York State Department of Taxation and Finance $697,203.11 pursuant to a tax warrant in that amount filed in the Chautauqua County Clerk's Office for unpaid sales and use taxes.

9. Pursuant to the Order Appointing Receiver signed by the State of New York Chautauqua County Court ("Receiver Order") on May 26, 2010, Timothy P. Foster ("Receiver"), a New York resident, was appointed the Receiver with all the usual powers and directions for the benefit of Huntington of all the rents, profits, and income of every nature now due and unpaid or to become due during the pendency of the foreclosure action and arising from the operation of the Mortgaged Premises.

10. On May 26, 2010, the Receiver took possession and control of the Mortgaged Premises pursuant to the Receiver Order. Upon information and belief, the Receiver delivered control of the Mortgaged Premises back to the Debtor on or about May 27, 2010.

11. Huntington respectfully submits that the Debtor's chapter 11 case should be transferred to the United States Bankruptcy Court for the Western District of New York, both in the interest of justice and for the convenience of the parties.

## DISCUSSION

12. The Debtor is a New York limited liability company. As set forth above, the Debtor operates the Facilities located on the Mortgaged Premises in Chautauqua County, New York which are located in the Western District of New York. Upon information and belief, except for certain books and records, all of the Debtor's assets are located within the Western District of New York.

13. It has been held that,

> where a debtor's assets consist solely of real property cases have held that transfer of venue is proper because matters concerning real property have always been of local concern and traditionally are decided at the situs of the property." *In re Enron*, 284 B.R. 376, 392 (Bankr. S.D.N.Y. 2002) (abrogated on other grounds) (*citing In re Baltimore Food Systems, Inc.*, 71 B.R. 795, 803 (Bankr. D.S.C. 1986) ("Special consideration to administration at the situs of the assets where those assets consist of real property.")); *see also In re Old Delmar Corp.*, 45 B.R. 883, 884 (S.D.N.Y. 1985) (finding that venue of real property was the most capable in handling emergencies and keeping close contact with the property).

*In re Dunmore Homes, Inc.*, 380 B.R. 663, 673 (Bankr. S.D.N.Y. 2008)

14. As the basis for its venue in this Court, the Debtor asserts the bankruptcy case of an affiliate pending in this Court. Upon information and belief, the Debtor shares

common ownership with Kiebler Slippery Rock, LLC in pending Case No. 09-19087, filed on September 25, 2009.

        15. Although venue may be technically correct under 28 U.S.C. § 1408, the Court has discretion to transfer venue pursuant to 28 U.S.C. § 1412.

        16. This Court has evaluated a motion to transfer venue under 28 U.S.C. § 1412 using the following factors:

        (1) the relative ease of access to sources of proof;

        (2) availability of compulsory process for attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses;

        (3) the enforceability of judgment if one is obtained;

        (4) relative advantages and obstacles to fair trial;

        (5) a local interest in having localized controversies decided at home; and

        (6) a trial in the state of the law of which will govern the action.

*In re Things Remembered*, Inc., 151 B.R. 827, 832 (Bankr. N.D. Ohio 1993); *citing In re Bell & Beckwith*, 41 B.R. 697, 699 (Bankr. N.D. Ohio 1984). *See also In Matter of GEX Kentucky, Inc.*, 41 B.R. 697 (Bankr. N.D. Ohio 1987).

        17. In this case, Huntington is the largest creditor. Huntington's note and mortgage are governed by New York State law. In addition, the Debtor's assets are located in the Western District of New York. Huntington submits that the issues raised in this New York case should be decided by a bankruptcy court in New York, that is located twenty (20) miles away.

18. New York law will apply to the issues raised in this case, whether construing rights under the loan documents, regulation of the Mortgaged Premises, or operation of the Facilities including the Debtor's related water and sewer districts located at the Mortgaged Premises. Therefore, a bankruptcy case in New York will be better suited to deciding the issues. *See In re Dunmore Homes, Inc.*, 380 B.R. at 670 (determining that, among other things, the applicability of California law supported the decision of a New York bankruptcy court to exercise its discretion to change venue pursuant to 28 U.S.C. § 1412).

19. The instant case concerns the appropriate disposition of the Facilities located in French Creek, New York. Under these circumstances, the case should be transferred to a court with "active familiarity with the community and the milieu in which" the Facilities operate. *Id*. at 677.

20. The Court may also transfer venue in the interest of justice. Evaluation of the interest of justice involves the following factors:

    (1) whether transfer would promote the economic and efficient administration of the bankruptcy estate;

    (2) whether the interests of judicial economy would be served by the transfer;

    (3) whether the parties would be able to receive a fair trial in each of the possible venues;

    (4) whether either forum has an interest in having the controversy decided within its borders;

    (5) whether the enforceability of any judgment would be affected by the transfer; and

    (6) whether the plaintiff's original choice of forum should be disturbed.

*In re Dunmore Homes, Inc.*, 380 B.R. at 670 (Bankr. S.D.N.Y. 2008). *See also Jumara v. State Farm Insurance Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) ("while there is no definitive formula or list of the factors to consider … courts have considered many variants of the private and public interests protected by the language of § 1404(a) [in determining when change of venue is appropriate under § 1412]").

21. In applying these factors in this case, Huntington submits that the controlling fact is that primarily all of the Debtor's assets are located in the Western District of New York, and that the Facilities are important to the Chautauqua County economy. Clearly, Western New York has a significant interest in having Debtor's case adjudicated in the Western District.

22. In considering a motion to transfer venue, courts should "consider the ability of interested parties to participate in the proceedings and the additional costs that might be incurred to do so." 380 B.R. at 672. Huntington is by far the Debtor's largest creditor and the Debtor has several hundred employees and numerous creditors located in New York state.

23. The ability of other creditors to participate in the proceedings should also be considered. Upon information and belief, many of the Debtor's trade creditors are located in New York. It would impose a hardship on trade creditors to be required to participate in a bankruptcy proceeding located in Ohio, especially when all of their contact with the Debtor has been in New York.

24. With respect to the factor of "whether the plaintiff's original choice of forum should be disturbed," it should be noted that the Debtor's alleged affiliate, Kiebler Slippery Rock LLC, Case No. 09-19087 (Bankr. N.D. Ohio) operates real property located in Pennsylvania. Although no parties in the *In re Kiebler Slippery Rock LLC* case have alleged that

7

1707255.5

10-15099-rb    Doc 56    FILED 06/09/10    ENTERED 06/09/10 14:42:13    Page 7 of 9

venue is improper under 28 U.S.C. § 1408, the basis for venue in the Northern District of Ohio is unclear.

25. This Motion does not raise any novel issues of law and, accordingly, Huntington respectfully requests that the Court waive the requirement contained in Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Northern District of Ohio that a separate memorandum of law be submitted in support of this Motion.

26. No previous request for the relief sought herein has been made by Huntington to this or any other Court.

**WHEREFORE**, Huntington respectfully requests that the Court enter an order (a) transferring venue to the United States Bankruptcy Court for the Western District of New York pursuant to 11 U.S.C. § 1412 and (ii) granting such other and further relief as it deems just and proper.

Dated: June 9, 2010
      Syracuse, New York

BOND, SCHOENECK & KING, PLLC

By:    /s/ Joseph Zagraniczny
      Joseph Zagraniczny, Esq.
      Ingrid S. Palermo, Esq.
      *Attorneys for Creditor The Huntington National Bank*
      One Lincoln Center
      Syracuse, New York 13202
      Telephone: 315-218-8000
      Facsimile: 315-218-8100

PORTER WRIGHT MORRIS & ARTHUR LLP
Philip E. Langer, Esq.
925 Euclid Ave.
Suite 1700
Cleveland, OH 44115-1483
Telephone: 216-443-2588
Facsimile: 216-443-9011