IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| Kiebler Recreation, LLC ) | Case No. 10-15099 |
| ) | |
| Debtor. ) | Judge Baxter |
| ) | |

**DEBTOR'S OBJECTION TO MOTION TO TRANSFER VENUE**

Kiebler Recreation, LLC (the "Debtor") hereby submits this objection (the "Objection") to the Motion of the Huntington National Bank (the "Bank") to Transfer Venue to the United States Bankruptcy Court for the Western District of New York Pursuant to 28 U.S.C. § 1412 (the "Transfer Motion") [docket # 56]. For and as its Objection, the Debtor respectfully states the following.

**RELEVANT BACKGROUND**

1. On May 26, 2010, a receiver selected by the Bank attempted to assume custody and control of the Peak. That same day (the "Petition Date"), the Debtor commenced the above-captioned case under the Bankruptcy Code in this Court.

2. The Debtor operates Peek'N Peak Resort and Spa, a popular recreational and tourist complex in Chautauqua County, New York (the "Peak"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Office of the United States Trustee

11534386.9

appointed a committee of unsecured creditors (the "Committee") on June 9, 2010. No trustee or examiner has been appointed. On June 9, 2010, the Bank filed the Transfer Motion, in which it requests that the Court enter an order transferring this case to the United States District Court for the Western District of New York.

## PRELIMINARY STATEMENT

3. As an initial matter, and as the Bank acknowledges in the Transfer Motion, venue is "technically correct" in this District and in this Court. Transfer Motion at ¶ 15. Not only is venue technically correct here, it is also preferable in this District in order to ensure the economic and efficient administration of the estate for the benefit of all parties in interest. Administering this chapter 11 case here, as opposed to the Western District of New York, is much more efficient and economical due to the fact that the sole manager of the Debtor, chief financial officer of the Debtor, counsel for the Debtor, counsel for the Committee, the Bank, counsel for the Bank, counsel for PNC Bank, and counsel for other significant creditors are all located in this District. In addition to the close proximity of significant creditors and the estate professionals, there are also numerous unsecured creditors and other patrons of the Debtor's business who reside in this District and throughout Northeast Ohio, as the Peak has enjoyed a long history of serving as a significant place of interest and popular vacation destination for these individuals.[1]

4. Moreover, because venue of this chapter 11 case is proper in this District, the Debtor's choice of forum is entitled to great weight and deference and may not be disregarded unless the Court is presented with compelling evidence that the interests of justice or convenience of the parties are best served through the transfer. The convenience and preference

---

[1] In fact, as evidenced by the headline in the Business Section of the Cleveland Plain Dealer on May 29, 2010, which is attached hereto as <u>Exhibit A</u>, the Peak is of great public importance to this region and the constituencies located in this District have a keen interest in the Debtor's restructuring and reorganization efforts in this case.

- 2 -
11534386.9

10-15099-rb    Doc 98    FILED 06/23/10    ENTERED 06/23/10 16:17:41    Page 2 of 14

of a single creditor, regardless of the amount or priority of such creditor's claim, is not the measure of whether a change of venue is warranted – rather, the contemplated transfer must be in the best interests of the estate. As to the Transfer Motion, the Bank has through its pre-petition conduct made clear its desires to take control of the Debtor and liquidate its assets for the Bank's sole and exclusive benefit. It appears the Bank is also of the view that the execution of the "liquidation" strategy would be more convenient and cost-effective for the Bank in the Western District of New York. Consequently, the Transfer Motion amounts to nothing more than an attempt by the Bank to subvert the Debtor's proper selection of venue before the Debtor, the Committee and other creditors and parties in interest are able to develop and negotiate a plan of reorganization. A transfer of venue of this case may be in the best interests of the Bank, but the advancement of the Bank's unitary interests is hopelessly insufficient as to a legal basis to justify disregarding the Debtor's proper choice of venue. The Transfer Motion should be denied accordingly.

## **OBJECTION AND BASES THEREFOR**

5. Through the Transfer Motion, the Bank seeks to transfer venue of this chapter 11 reorganization case to the Western District of New York. Because the contemplated transfer would undermine the economic and efficient administration of the Debtor's estate, thwart the Debtor's attempts to reorganize and be detrimental to the interests of unsecured creditors and other interested parties, the Transfer Motion should be denied.

### **This District is the Proper Venue for the Debtor's Chapter 11 Case**

6. Venue of a proceeding under title 11 of the United States Code is governed by 28 U.S.C. § 1408, which provides:

> Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district –

(1) in which domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for one hundred eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner or partnership.

28 U.S.C. § 1412. Under section 101(2)(B) of the Bankruptcy Code, the term "affiliate" is defined as a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding securities of the debtor…." 11 U.S.C. § 101(2)(B).

7. As set forth in the attached *Declaration of Paul E, Kiebler IV in Support of Debtor's Objection to Motion to Transfer Venue* (the "Declaration"), Kiebler Properties LLC ("Kiebler Properties") holds 84% of the equity interests in the Debtor. *See* Exhibit B, Declaration at ¶ 5. Kiebler Properties also holds 100% of the equity interests in Kiebler Slippery Rock LLC ("Kiebler Slippery Rock"), which is a debtor in a chapter 11 case pending before this Court styled as *In re Kiebler Slippery Rock, LLC*, Case No. 09-19087. Under section 101(2)(B) of the Bankruptcy Code, the Debtor is an affiliate of Kiebler Slippery Rock. Accordingly, venue of the Debtor's case is proper in this District pursuant to 28 U.S.C. § 1408(2).

**Debtor's Choice of Venue is Entitled to Great Weight and Deference**

8. With respect to the transfer of venue of cases generally, and chapter 11 bankruptcy proceedings specifically, one prominent principle is well-settled and crystal clear: "[w]hen venue is proper, the debtor's choice of forum is entitled to 'great weight'". *In re*

*Delaware & Hudson Railway Co.*, 96 B.R. 467 (Bankr. D. Del. 1988). *See also, In re PWS Holding Corp.*, 1998 Bankr. LEXIS 549, *4 (Bankr. D. Del. Apr. 28, 1998) ("Courts . . . have predicated their analyses on the principle that, when venue is proper, a debtor's/plaintiff's choice of forum is to be accorded substantial weight and deference."); *In re III Enterprises, Inc.*, 1994 Bankr. LEXIS 1642, *5 (Bankr. E.D. Pa. Oct. 21, 1994) (denying motion to transfer venue in light of "very significant issue of Debtor's preference"); *In re Enron Corp.*, 274 B.R. 327, 342 (Bankr. S.D.N.Y. 2002) (observing that transfer of venue of a bankruptcy case is not to be taken lightly) citing *In re Commonwealth Oil Ref. Co.*, 596 F.2d 1239, 1241 (5th Cir. 1979) (explaining that "the court should exercise its power to transfer cautiously"). The great deference and respect afforded to the debtor's choice of forum is specifically designed, in part, to avoid any temptation to transfer venue in order to merely shift any inconvenience from one party to another. *Enron*, 274 B.R. at 343 ("where a transfer would merely shift the inconvenience from one party to the other, or where after balancing all the factors, the equities leaned but slightly in favor of the movant, the [debtor's] choice of forum should not be disturbed"); *In re Great American Resources, Inc.*, 85 B.R. 444 (Bankr. N.D. Ohio 1988) ("venue decisions should not merely shift the inconvenience from one party to another").

**The Bank Bears a Heavy Burden of Establishing that the Transfer of Debtor's Chapter 11 Case is in the Interest of Justice or Necessary for the Convenience of the Parties**

9. With that commanding and often dispositive principle in mind, courts require the movant to satisfy the heavy burden of establishing that clear and compelling circumstances warranting transfer exist. *In re LaGuardia Assocs., L.P.*, 316 B.R. 832 (Bankr. E.D. Pa. 2004) (party requesting transfer of venue bears burden of persuasion) citing *In re Uslar*, 131 B.R. 22, 23 (Bankr. E.D. Pa. 1991) (balance must "strongly" favor transfer) and *In re Holiday Towers,*

- 5 -

11534386.9

*Inc.*, 18 B.R. 183, 187 (evidence must demonstrate clear and proper justification for transfer of venue); *IRS v. CM Holdings, Inc.*, 1999 U.S. Dist. LEXIS 10054, *13 (D. Del. June 10, 1999) ("orginal choice of forum…will not be disturbed in the absence of significant countervailing factors favoring transfer"). More specifically, the party seeking to transfer venue must establish that such transfer is in the interest of justice or for the convenience of the parties. 28 U.S.C. § 1412.

10. As observed by the *PWS Holding Corp.* court in the context of a request to transfer venue of a chapter 11 proceeding, "[c]onsiderations as lofty as 'justice' and as mundane as 'convenience' must be weighed by the court in determining whether the balance of interests strongly favors transfer." *PWS Holding Corp.*, 1998 Bankr. LEXIS 549 at * 5. Although the test is in the disjunctive, due to the fact that the facts and circumstances that bear on the "interests of justice" analysis almost always apply to the "convenience of the parties" analysis as well, some courts have conducted a single analysis. *LaGuardia*, 316 B.R. at 839. To that end, courts confronted with a request to transfer venue often consider the following factors:

(a) the proximity of the court to the interested parties;

(b) the location of the debtor's assets;

(c) the efficient and economic administration of the estate; and

(d) the relative economic harm to the debtor and other interested parties.

*PWS Holding Corp.*, 1998 Bankr. LEXIS 549 at *5-*6 [citations omitted]. Of these factors, "[t]he consideration given the most weight is the economic and efficient administration of the estate." *In re Dunmore Homes, Inc.*, 380 B.R. 663, 672 (Bankr. S.D.N.Y. 2008) (granting request to transfer to venue where debtor's professionals and principal reside) citing *Enron*, 274 B.R. at 349.

11. As noted above, the party seeking transfer carries the burden of proof with respect to each factor. And as described in the next section, the Bank has not met its burden of presenting a compelling justification for the requested transfer. To the contrary, application of the relevant factors here leads to the conclusion that this chapter 11 case will be more efficiently administered in this District.

### Economic and Efficient Administration of Debtor's Estate Weighs Heavily Against Transferring Venue

12. As to the principal factor of the transfer analysis, namely, the efficient and economic administration of the case, the Bank has failed to present compelling evidence that the Debtor's chapter 11 reorganization could be more efficiently administered in the Western District of New York. In the Transfer Motion, the Bank asserts that "[t]he instant case concerns the appropriate disposition of the Facilities located in French Creek, New York," and implicitly suggests the Debtor's chapter 11 proceeding will be nothing more than a straight liquidation that presumably could proceed with greater ease in the Western District of New York. Transfer Motion ¶ 19. Contrary to the inference to be drawn from the Bank's supposition, the Debtor is diligently pursuing a chapter 11 reorganization and has engaged counsel in this District to assist in these efforts. At this early stage of the Debtor's chapter 11 case, the speculation of a possible liquidation and the purported benefits that may be available in another jurisdiction carry little weight in the analysis of venue. *Commonwealth Oil Ref. Co.*, 596 F.2d at 1248 ("anticipation of the failure to the Chapter XI proceeding is an illogical basis upon which to predicate transfer") (citation omitted); *In re Suzanne de Lyon, Inc.*, 125 B.R. 863 (Bankr. S.D.N.Y. 1991) ("structuring the Chapter 11 proceeding with the anticipation of its failure is inconsistent with its rehabilitative purpose, and should not form the basis for transfer of venue").

- 7 -
11534386.9

10-15099-rb    Doc 98    FILED 06/23/10    ENTERED 06/23/10 16:17:41    Page 7 of 14

13.     Moreover, the other facts and allegations upon which the Bank relies in seeking to transfer venue similarly do not promote the economic and efficient administration of the Debtor's estate.  Much of the Transfer Motion is devoted to the fact that the "Mortgaged Premises" is located in the Western District of New York, which the Bank argues mandates transfer to that district.  As an initial matter, the Debtor is confident that this Court is equally well-qualified and suited to administer the Debtor's case and apply, to the extent the need arises, applicable state law.[2]  Unlike the Debtor's business, which involves many commercial activities, some courts have suggested that proceedings involving strictly real estate should be administered in the district where the real property is located.  *In re Enron*, 284 B.R. 376, 392 (Bankr. S.D.N.Y. 2002) (indicating some courts have authorized transfer of venue when underlying assets of debtor were comprised solely of real estate and other factors supported such transfer).  However, even in these cases, as observed by the *LaGuardia* court,  "[t]his factor is by no means a litmus test, for if it were it would essentially eviscerate meaningful evaluation of the question."  *LaGuardia*, 316 B.R. at 839.  Notably, this chapter 11 case presents bankruptcy reorganization issues going well beyond the disposition of a parcel of real estate.

14.     Indeed, the *LaGuardia* court found the location of the real estate less compelling in the case before it in which the relative proximity of the jurisdictions in question (Eastern District of Pennsylvania versus the Eastern District of New York).  *Id*. at 839-40.  Even though the debtor's hotels were located in New York, the *LaGuardia* court refused to transfer the case

---

[2] To the extent Bank asserts through the Transfer Motion that a transfer to the Western District of New York is appropriate because the Bank's loan documents are governed by New York law, such argument is legally insufficient for the reasons stated herein and, additionally, factually incorrect.  Multiple loan documents evidencing the obligations of the Debtor to the Bank are actually governed by the law of the State of Pennsylvania.  *See* Exhibits e, e(i), e(ii), and e(iii) to the *Supplement to Objection of the Huntington National Bank to Debtor's Emergency Motion for Interim and Final Orders Authorizing Debtor to Use Cash Collateral and Grant Adequate Protection* (the "Supplement to Bank Objection") (docket # 68).

and disturb the debtor's choice of venue, concluding that the senior lender requesting change of venue and the receiver appointed in New York would not suffer any undue hardship. *Id*. at 840.

15. In this case, the secured lender seeking to transfer venue from this District to the Western District of New York is a financial institution that maintains its headquarters and principal place in the State of Ohio. *See* Exhibit C. Furthermore, this Ohio-based financial institution required the Debtor, through the loan documents prepared by the Bank's counsel, namely the Cleveland office of Porter Wright Morris & Arthur LLP ("Porter Wright"), to remit all payments to the Bank in Cleveland, Ohio and to provide notice required under the loan documents to the Bank through its Cleveland, Ohio office with a copy to Porter Wright.[3] Likewise, for several years prior to the Debtor's bankruptcy filing, the Bank, through its representatives and lawyers in Ohio and Cleveland, issued demand letters to the Debtor and engaged in significant restructuring negotiations with the Debtor in this District. *See* Exhibit D. Finally, the Bank, through its representatives and lawyers in Ohio and Cleveland, similarly engaged in extensive negotiations with the Debtor's affiliates and has actively participated in and continues to actively participate in the bankruptcy case of the Debtor's affiliate, Kiebler Slippery Rock.[4] *See* Exhibit E. Under these circumstances, it seems confusing for the Bank to file the

---

[3] *See* Exhibits (b) and (b)(i) to the Supplement to the Bank's Objection (docket # 68). Exhibit (b) to the Supplement to Bank Objection is that certain Amended and Restated Promissory Note by the Debtor in favor of the Bank, which was presumably was prepared by the Cleveland office of Porter Wright given the footer "Cleveland/334067 v.02" appearing on each page thereof, that provides in Section IV (Place of Payments) that all payments shall be made to the Bank at 917 Euclid Avenue, Cleveland, Ohio, Attention: Maria Nagy. Exhibit (b)(i) to the Supplement to Bank Objection is that certain Amended and Restated Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing by the Debtor and its affiliates in favor of the Bank (the "Amended Mortgage"), which was prepared by the Cleveland office of Porter Wright as evidenced by the first page thereof, that provides in Section 4.2 that notice shall be made to the Bank at 917 Euclid Avenue, Cleveland, Ohio 44115 with a copy to the Cleveland office of Porter Wright. In addition, the Amended Mortgage was executed by both the Bank and the Debtor in this District.

[4] It is disingenuous for the Bank to imply, in the Transfer Motion, that venue in this District is improper for the chapter 11 case of Kiebler Slippery Rock. As set forth in the State of Ohio Certificate attached hereto as Exhibit F, Kiebler Slippery Rock is an Ohio limited liability company. In its petition, Kiebler Slippery Rock disclosed that it maintained its principal place of business in Geauga County, Ohio. Thus, there is no question as to the propriety of venue in this District for the Kiebler Slippery Rock chapter 11 case.

11534386.9

Transfer Motion given that its Cleveland counsel is conversant with this case and presumably the Bank would enjoy material economic benefits if venue was not transferred from this District.

**Proximity of this Court to the Interested Parties**
**Weighs Heavily Against Transferring Venue**

16. In addition, the underlying composition of the creditor body in the Debtor's case demonstrates that venue in the Northern District of Ohio is appropriate. The Debtor's creditor matrix reveals that approximately 70% of the creditors and other interested parties in this case are located outside of the State of New York. The interests of the Debtor's unsecured creditors are being protected and advanced by the Committee, which is comprised of members from the States of Ohio, Pennsylvania and New York. The Committee has retained counsel in this District to assist its members in discharging their fiduciary duty to unsecured creditors. Significantly, the Committee is opposed to the Bank's request to transfer venue. Thus, the Bank's assertion that "[i]t would impose a hardship on trade creditors to be required to participate in a bankruptcy proceeding in Ohio" is inaccurate, without merit and it provides insufficient basis for support of the Transfer Motion.

17. The Debtor's ability to successfully reorganize and administer its estate for the benefit of its creditors will be significantly diminished and impaired if the venue is transferred to the Western District of New York. Debtor's sole manager, Paul Kiebler, and chief financial officer, Raymond Theiss, maintain offices in Chardon, Ohio and will be critical in the administration of the estate. Both of these individuals will be instrumental in developing and pursuing the Debtor's plan of reorganization that will likely require, among other things, extensive interactions with Debtor's counsel, conducting negotiations with the Committee and its counsel, preparing for and participating in court hearings and other activities that will require

appearances in person, all of which can be more easily accomplished if venue of the Debtor's case continues in this District.

18. Furthermore, Mr. Kiebler has personally guaranteed many of the Debtor's obligations, including those owed to the Bank. The Bank's aggressive collection efforts with respect to Mr. Kiebler's personal guarantees has caused Mr. Kiebler to engage personal bankruptcy counsel to explore the possibility of seeking protection under the Bankruptcy Code. These actions on the part of the Bank have also resulted in the Debtor's affiliate, Kiebler Properties, which is an Ohio limited liability company, engaging bankruptcy counsel to evaluate whether Kiebler Properties should commence a bankruptcy proceeding. Given Mr. Kiebler is a resident of this District and Kiebler Properties is an Ohio limited liability company with a principal place of business in Geauga County, Ohio, venue for any bankruptcy proceeding filed by Mr. Kiebler or Kiebler Properties would lie in this District. It would be contrary to the interests of the Debtor's creditors and other interested parties to transfer the Debtor's case to the Western District of New York under these circumstances.

**Transferring Venue of this Case Would Cause Economic Harm
to the Debtor and Other Interested Parties**

19. While the Debtor's regional business operations and underlying assets are located primarily in the State of New York, the relative economic harm that the Debtor and its estate would suffer in the event the bankruptcy proceeding is transferred to the Western District of New York far outweighs this factor and militates heavily in favor of this Court retaining jurisdiction. In light of the current circumstances, there is little doubt that transferring the Debtor's chapter 11 case would result in the estate incurring substantially greater fees and expenses in connection with the administration of this proceeding. Both the Debtor and the Committee would be forced to incur additional layers of expenses that would include those associated with travel to hearings

- 11 -
11534386.9

10-15099-rb    Doc 98    FILED 06/23/10    ENTERED 06/23/10 16:17:41    Page 11 of 14

and other court appearances as well as fees and expenses for local counsel in the Western District of New York. Imposition of these costs and expenses of administration in order to accommodate the desires of the Bank is completely unnecessary and burdensome. Accordingly, the Transfer Motion should be denied and the Debtor's bankruptcy proceeding should continue to be administered in this District.

## SUMMARY AND CONCLUSION

20. For the reasons set forth above, the Debtor's selection of this Court as the venue for its chapter 11 reorganization should not be disregarded in favor of the venue preferred by the Bank. This District offers the best opportunity for the Debtor to conduct an economic and efficient administration of its estate for the benefit of all of its creditors and other parties in interest, and the Bank has failed to meet its burden of producing compelling evidence to the contrary. As opposed to facilitating the efficient administration of this chapter 11 case, the transfer sought by the Bank would add substantial additional layers of costs and expenses that would ultimately be borne by the unsecured creditors of the Debtor's estate. Imposition of substantial economic harm in the form of unnecessary and avoidable administrative expenses is the specific type of harm that this Court must guard against. Furthermore, the Debtor's creditors, the patrons of the Peak and other parties in interest that are located in this District have a strong interest in the Peak and the Debtor's reorganization efforts that should not be subverted solely for the Bank's benefit. Accordingly, the Transfer Motion should be denied.

11534386.9

**WHEREFORE**, the Debtor respectfully requests that the Court (i) deny the Transfer Motion; and (ii) grant to the Debtor such other and further relief as the Court deems just and appropriate.

Date:   June 23, 2010                            Respectfully Submitted,

*/s/ Robert C. Folland*
Robert C. Folland (0065728)
Andrew L. Turscak, Jr. (0073851)
Curtis L. Tuggle (0078263)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
(216) 566-5500 (phone)
(216) 566-5800 (fax)
Robert.Folland@thompsonhine.com
Andrew.Turscak@Thompsonhine.com
Curtis.Tuggle@thompsonhine.com

*Proposed Counsel for Debtor*

11534386.9

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Objection* was served electronically through the Court's ECF System or by regular United States mail upon the parties listed below.

Philip E. Langer, Esq.
Michael Shuster, Esq.
Porter Wright Morris & Arthur LLP
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115-1483
*Counsel for Huntington National Bank*

planger@porterwright.com
mshuster@porterwright.com

Joseph Zagraniczny, Esq.
Ingrid S. Palermo, Esq.
Stephen A. Donato, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202
*Counsel for Huntington National Bank*

jzagraniczny@bsk.com
ipalermo@bsk.com
sdonato@bsk.com

Joseph D. Frank
Jeremy C. Kleinman
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
*Counsel for Pepsi Beverages Company*

jfrank@fgllp.com
jkleinman@fgllp.com

Ronna G. Jackson, Esq.
Howard M. Metzenbaum U.S. Courthouse
201 Superior Ave
Cleveland, OH 44114
*United States Trustee*

ronna.g.jackson@usdoj.gov

Drew Parobek, Esq.
Carrie M. Brosius, Esq.
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center, 1374 E. 9th
Cleveland, OH 44114
*Counsel for PNC Bank*

dtparobek@vorys.com
cmbrosius@vorys.com

Lawrence Bolla, Esq.
Quinn, Buseck, Leemhuis, Toohey & Kroto
2222 West Grandview Boulevard
Erie, Pennsylvania 16506
*Counsel for Vincent Cross, Executor for the Estate of Norbert Cross and Raquel Cross, Executrix of the Estate of Eugene Cross*

lbolla@quinnfirm.com

Daniel A. DeMarco
Christopher B. Wick
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
*Counsel for the Official Committee of Unsecured Creditors*

dademarco@hahnlaw.com
cwick@hahnlaw.com

                                                 */s/ Curtis L. Tuggle*
                                                 Curtis L. Tuggle

11534386.9