UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

---------------------------------------------------------------x
: 
In re : Case No. 10-15099
: 
KIEBLER RECREATION, LLC : Chapter 11
: 
Debtor. : Judge Randolph Baxter
: 
---------------------------------------------------------------x

## APPLICATION FOR ORDER AUTHORIZING DEBTOR TO RETAIN HOTEL & LEISURE ADVISORS AS REAL ESTATE APPRAISER *NUNC PRO TUNC* TO JUNE 16, 2010

Kiebler Recreation, LLC (the "Debtor"), as debtor and debtor in possession, hereby submits this application, pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an Order authorizing the retention and employment of Hotel & Leisure Advisors ("Advisors") as the Debtor's real estate appraiser *nunc pro tunc* to June 16, 2010 (the "Application"). In support of this Application, the Debtor incorporates the statements contained in the Declaration of Paul E. Kiebler IV filed in this case and respectfully states the following.

### Jurisdiction and Venue

1. The Court has jurisdiction over the Application under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

### Background

2. On May 26, 2010 (the "Petition Date"), the Debtor commenced the above-captioned case under the Bankruptcy Code. The Debtor operates Peek'N Peak Resort and Spa, a

popular recreational and tourist complex in Chautauqua County, New York (the "Peak"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Office of the United States Trustee appointed a committee of unsecured creditors (the "Committee") on June 9, 2010. No trustee or examiner has been appointed.

### Relief Requested

4. By way of this Application, the Debtor requests authorization to retain Advisors as its real estate appraiser in this chapter 11 case *nunc pro tunc* to June 16, 2010.

5. Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court authorization, may employ professionals, provided they do not "hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties…." 11 U.S.C. § 327(a).[1]

6. The Debtor requires the services of Advisors in order to obtain a true and accurate appraisal of the Peak. As explained in the affidavit of David J. Sangree (the "Sangree Affidavit"), which is attached hereto as Exhibit A and incorporated herein, Advisors has informed the Debtor that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), and that it does not hold or represent any interest adverse to the estate. Other than as stated in the Sangree Affidavit, Advisors has no connections with the Debtor, its

---

[1] Bankruptcy Code section 328(a) allows a debtor to employ a professional under section 327 "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

Bankruptcy Rule 2014(a) requires an application for retention to include the following: specific facts showing the necessity for the employment; the name of the person to be employed, the reasons for the selection; the professional services to be rendered; the proposed arrangement for compensation; and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. Fed. R. Bankr. P. 2014(a).

creditors or other parties in interest, the United States Trustee, or any person employed in the office of the U.S. Trustee.

7. The Debtor selected Advisors due to Advisors' national reputation as a hospitality consulting firm. Advisors works exclusively in the hospitality industry and specializes in appraisals, feasibility studies, impact analyses, and property condition assessments for hotels, waterparks, resorts, golf courses, ski resorts, amusement parks, restaurants, conference and convention centers, and other leisure real estate. Advisors' experience includes having studied more than 1,000 properties throughout the United States, Canada, and the Caribbean.

8. Upon a diligent inquiry into the qualifications and competence of Advisors, the Debtor believes that Advisors is uniquely well qualified and equipped to serve as its real estate appraiser and to perform the services requested of it as set forth in the Appraisal and Market Analysis: Peek'N Peak Resort, Findley Lake, New York (the "Agreement"), by and between the Debtor and Advisors, which Agreement is attached hereto as <u>Exhibit B</u> and incorporated herein.

9. The scope of Advisors' engagement will include an appraisal of the Peak as of the date of market value (the "Appraisal"). The Appraisal will conform to Uniform Standards of Professional Appraisal Practices and the Office of the Comptroller. Advisors will provide a market analysis and valuation for each major component of the Peak, including the ski resort with eight ski lifts, the hotel, two golf courses, residential condominium units, and excess land.

10. Advisors' compensation is based on a fee structure which includes a fee of $40,000, plus expenses not to exceed $2,000. In addition, an hourly fee of $350 per hour will be assessed if Advisors' services are required for litigation support. In order to commence work on the Appraisal, Advisors required a retainer equal to 50% of the flat fee, or $20,000. Mrs. Barb

Kiebler[2] ("Mrs. Kiebler") provided the $20,000 retainer that was paid to engage Advisors. *See* a copy of the check in the amount of $20,000 attached hereto as <u>Exhibit C</u>.

11. Advisors will make an application to the Court for professional compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Ohio. Advisors' application to the Court will include the entire fee of $40,000, and any additional amounts incurred as detailed above. Upon such time that Advisors' compensation may be approved by the Court, and payment is made, Advisors will reimburse Mrs. Kiebler for the $20,000 that she provided for the initial retainer. Advisors will record descriptions of the time spent on professional services rendered in connection with its retention.

12. The Debtor believes that the retention of Advisors on the terms and conditions set forth herein, including the compensation arrangement, is likely to confer a substantial benefit on the Debtor and its estate and is in the estate's best interest.

## WAIVER OF MEMORANDUM OF LAW

13. The Debtor submits that this Application does not present any novel issues of law requiring further briefing; moreover, appropriate authorities have already been cited herein. Therefore, the Debtor respectfully requests that the Court waive the requirement pursuant to Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Northern District of Ohio that a separate memorandum be filed in support of the Application.

## NO PRIOR REQUEST

14. No previous application for the relief sought herein has been made to this or any other Court.

---

[2] Mrs. Barb Kiebler is the Mother of Paul E. Kiebler IV.

## NOTICE

15. Notice of this Application has been given by regular mail or electronic filing to the following parties, or their counsel if known: (a) the United States Trustee, (b) the Debtor's secured lenders, Huntington National Bank and PNC Bank, (c) the Committee; and (d) all parties that have requested notice in this case. In light of the nature of the relief requested, the Debtor submits, and it requests that the Court find, that such notice is appropriate and that no further notice need be given.

**WHEREFORE**, based on the foregoing, the Debtor respectfully requests that the Court enter an Order approving the Application and (i) authorizing the retention of Advisors as the Debtor's real estate appraiser in this chapter 11 case on the conditions set forth in the Agreement and this Application *nunc pro tunc* to June 16, 2010; and (ii) granting such other and further relief to the Debtor as the Court deems just and proper.

Date: June 25, 2010
Cleveland, Ohio

Respectfully Submitted,

*/s/ Robert C. Folland*
Robert C. Folland (0065728)
Andrew L. Turscak, Jr. (0073851)
Mark A. Weintraub (0078789)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
(216) 566-5500 (phone)
(216) 566-5800 (fax)
Robert.Folland@thompsonhine.com
Andrew.Turscak@Thompsonhine.com
Mark.Weintraub@thompsonhine.com

*Proposed Counsel for Debtor*

# CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2010 copies of the below listed filings were served electronically through the Court's ECF System on all parties registered to receive notice thereby, as well as regular United States Mail upon the parties indentified on list below.


Philip E. Langer, Esq.
Michael Shuster, Esq.
Porter Wright Morris & Arthur LLP
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115-1483
*Counsel for Huntington National Bank*

Drew Parobek, Esq.
Carrie M. Brosius, Esq.
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center, 1374 E. 9th
Cleveland, OH 44114
*Counsel for PNC Bank*

Joseph Zagraniczny, Esq.
Ingrid S. Palermo, Esq.
Stephen A. Donato, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202
*Counsel for Huntington National Bank*

BMP Investments
c/o Brian O'Leary
7930 West Calla Road
Canfield, OH 44406-9440

Charles Kleman
12601 Mastique Beach Blvd.
Unit 1
Fort Myers, FL 33908

Kings' Heating & Sheet Metal
137 South Work St.
P.O. Box 43
Falconer, NY 14733-0043

PNC Bank
P O Box 856177
Louisville KY 40285-6177

Chautauqua County IDA
200 Harrison Street
Jamestown, NY 14701

Clark Family Limited Partnership
P. O. Box 312
Burton, OH 44021

National Grid
300 Erie Blvd West
Syracuse, NY 13202

JGM Associates LP
Attn: John Maurer
3590 Jeffrey Blvd
Buffalo, NY 14219-2390

Robert O'Leary Trust
535 Greenmont Drive
Canfield, OH 44406

Margaret Clark
P. O. Box 312
Burton, OH 44021

Western Region IDA
275 Oak Street
Buffalo, NY 14203

William Clark
P. O. Box 312

Southern Tier West Regional
Planning & Development Board

| | |
|---|---|
| Burton, OH 44021 | 4039 Rt 219, Suite 200<br>Salamanca, NY 14779 |
| Thomas & Rose Corrigan<br>c/o Ditchey Geiger LLC<br>526 Superior Ave E, Suite 955<br>Cleveland, OH 44114 | Kevin Morse<br>Jennifer Morse<br>1 Whisper Lane We<br>Jamestown, NY 14701 |
| C.A. Curtze Co.<br>1717 East 12th St.<br>P.O. Box 797<br>Erie, PA 16512 | Greenwood Forest Condominium<br>PO Box 360<br>Findley Lake, NY 14736 |
| R. W. Larson Associates, P.C.<br>3 Farm Colony Drive<br>Warren, PA 16365 | Lawrence Bolla, Esq.<br>Quinn, Buseck, Leemhuis, Toohey & Kroto<br>2222 West Grandview Boulevard<br>Erie, Pennsylvania 16506<br>*Counsel for Vincent Cross, Executor for the Estate of Norbert Cross and Raquel Cross, Executrix of the Estate of Eugene Cross* |
| Andrew Vara, Esq.<br>Ronna G. Jackson, Esq.<br>Howard M. Metzenbaum U.S. Courthouse<br>201 Superior Ave<br>Cleveland, OH 44114<br>*United States Trustee* | Daniel A. DeMarco<br>Christopher B. Wick<br>Hahn Loeser & Parks LLP<br>200 Public Square, Suite 2800<br>Cleveland, Ohio 44114<br>*Counsel for the Official Committee of Unsecured Creditors* |
| Stephen W. Tierney, Esq.<br>John K. McAndrew, Esq.<br>Woods Oviatt Gilman LLP<br>2 State St<br>Rochester, NY 14614<br>*Counsel for Prepetition Receiver* | Joseph D. Frank<br>Jeremy C. Kleinman<br>Frank/Gecker LLP<br>325 North LaSalle Street, Suite 625<br>Chicago, Illinois 60654<br>*Counsel for Pepsi Beverages Company* |

/s/ Robert C. Folland
Robert C. Folland

*Proposed Counsel for Debtor*