**IT IS SO ORDERED.**

RANDOLPH BAXTER
UNITED STATES BANKRUPTCY JUDGE

**Dated: 02 July, 2010 03:05 PM**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Kiebler Recreation, LLC | ) | Case No. 10-15099 |
| | ) | |
| Debtor. | ) | Judge Baxter |
| | ) | |

### AGREED THIRD INTERIM ORDER AUTHORIZING THE USE OF
### CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION

Upon the motion of Kiebler Recreation, LLC (the "Debtor"), debtor and debtor-in-possession in the above-captioned chapter 11 case, for the entry of interim and final orders authorizing the Debtor on an interim and final basis to use cash collateral ("Cash Collateral"), as such term is defined in section 363(a) of title 11 of the United States Code, (the "Bankruptcy Code"), in which The Huntington National Bank ("Huntington") and PNC Bank ("PNC" and with Huntington, the "Banks") may assert an interest and to provide adequate protection to the Banks, all as more fully set forth herein, and requesting that this Court schedule a final hearing (the "Final Hearing") and approve notice with respect thereto (the "Motion"); and the Court

11536473.5

having considered the Motion; and a hearing to consider approval of the interim relief requested by the Motion having been held and concluded; and upon all of the pleadings filed with the Court and all of the proceedings held before this Court; and all capitalized terms used herein but not defined shall have the meaning given them in the Motion; and it appearing that the notice given to parties of the Motion was good and sufficient under the circumstances and that no other or further notice need be given, other than as set forth herein with respect to the Final Hearing; and after due deliberation and consideration and good and sufficient cause having been shown, it is hereby,

ORDERED that the Motion is granted on an interim basis, to the extent provided herein; and it is further

ORDERED that the Debtor is authorized to use Cash Collateral to operate the Debtor's business in the ordinary course, including to pay its actual, necessary, ordinary course operating expenses, from the date of this Order through August 13, 2010, pursuant to section 363(c)(2) of the Bankruptcy Code; provided that the Debtor is authorized to use Cash Collateral only for the payment of, or reimbursement for permitted "Cash Disbursements," on a cumulative basis, as contained in the budget attached hereto as Exhibit A (the "Budget"), through August 13, 2010; and it is further

ORDERED that notwithstanding anything contrary contained in the Budget, Huntington does not consent at this time to payment of any "Accrued Expenses" contained in the Budget or to any carveout for the payment of professional fees, with the exception of property and use, sale and occupancy taxes, leaseholder adequate protection payments, and unpaid fees of the Clerk of the Bankruptcy Court and the U.S. Trustee pursuant to 28 U.S.C. 1930(a) and any interest that has accrued thereon; and it is further

ORDERED that on or before the close of business on Monday of each week, the Debtor will provide the Banks with a comparison of the previous week's budget showing the actual receipts and disbursements for that week; and it is further

ORDERED that, pursuant to the prepetition loan documents between the Debtor (or its predecessors in interest) and Huntington (or its predecessors in interest) filed in the above-captioned chapter 11 case on June 11, 2010 as docket # 68 (the "Prepetition Loan Documents"), Huntington asserts an interest in certain real and personal property of the Debtor in which liens were granted to Huntington (the "Prepetition Collateral") and, as adequate protection for, and to the extent of any diminution in the value of Prepetition Collateral resulting from the use of the Cash Collateral pursuant to section 363(c) of the Bankruptcy Code, and the imposition of the automatic stay pursuant to section 362(a) of the Bankruptcy Code, pursuant to sections 361 and 363(e) of the Bankruptcy Code, upon entry of this Agreed Order,

1. The Banks will be granted post-petition security interests in, and liens upon, all of the categories and types of collateral in which they held security interests as of the Petition Date, but such post-petition security interests shall only be to the same extent, and have the same priority, as their respective security interests as of the Petition Date (the "Replacement Liens"). Prior to the expiration of the time periods set forth in paragraph 3, below, all security interests to be granted to the Banks hereunder as adequate protection shall be without prejudice to the right of any party with standing, including but not limited to the Debtor, to assert any claims against the Banks or their security interests; and

2. The Debtor's prepetition obligations to Huntington (the "Prepetition Obligations") secured by liens on the Prepetition Collateral (the "Prepetition Liens") pursuant to the Prepetition Loan Documents shall constitute legal, valid, binding obligations of the Debtor, enforceable in accordance with their terms (other than in respect of the stay of enforcement arising from section 362 of the Bankruptcy Code) and the Prepetition Liens and Replacement Liens shall be valid, binding, perfected, enforceable first priority liens on and security interests in the Prepetition Collateral for the benefit of Huntington unless:

    (i) a party in interest has timely filed an adversary proceeding subject to the limitations contained herein, including, inter alia, in paragraph 3 challenging the validity, enforceability, priority or

extent of the Prepetition Obligations or the liens of Huntington the Prepetition Collateral, or the propriety of the repayment of the Prepetition Obligations, and

 (ii) there is a final order in favor of the plaintiff sustaining any such challenge or claim in any such timely filed adversary proceeding.

3. To be timely, an adversary proceeding commenced under paragraph 2 above must be commenced by the later of

 (i) the date that is forty-seven (47) days after the date of entry of this Agreed Order (the "Investigation Period") with respect to any challenge relating to the Prepetition Loan Documents, provided, however, that if the Case is converted to a case under Chapter 7 of the Bankruptcy Code before the expiration of the Investigation Period, a trustee in such chapter 7 case shall have forty-five (45) days from the date of acceptance of the appointment as trustee to file said adversary proceeding; or

 (ii) such later date as has been agreed to, in writing, by Huntington in respect of challenges that may be initiated against Huntington in Huntington's sole discretion.

4. If no such adversary proceeding is timely filed,

 (i) the Prepetition Liens shall be deemed to be legal, valid, binding, perfected and of the priority described in paragraph 2; and

 (ii) the Prepetition Obligations and the Prepetition Liens shall not be subject to any other or further challenge by any party in interest, and any such party in interest shall be enjoined form seeking to exercise the rights of the Debtor's estate, including, without limitation, any successor thereto (including, without limitation, any estate representative or a chapter 7 or 11 trustee appointed or elected for the Debtor). Notwithstanding the foregoing, nothing contained herein shall limit the rights of any party in interest with standing to seek the recharacterization or subordination of the Prepetition Obligations and Prepetition Liens or to assert any claims, causes of action or objection to claim against Huntington.

5. If any such adversary proceeding or contested matter is timely filed, the stipulations and admissions contained in paragraph 3 of this Agreed Order shall nonetheless remain binding and preclusive (as provided in the second sentence of this paragraph) on any person or entity, except to the extent that such findings and admissions were expressly challenged in such adversary proceeding. Nothing in this Agreed Order vests or confers on any Person (as defined in the Bankruptcy Code), standing or authority to pursue any cause of action belonging to the Debtor

or its estate, including, without limitation, Claims and Defenses with respect to the Prepetition Liens or the Prepetition Obligations.

6. Subject to the limitations set forth above, in the event that the adequate protection granted in the above fails to protect the interests of the Banks in the Cash Collateral, the Banks will be granted superpriority administrative claims which will have priority of the kind specified in Bankruptcy Code § 507(b) over any and all administrative expenses specified in Bankruptcy Code § 507(a)(2), but expressly subject to application for such administrative claim and approval by the Court.

and it is further

ORDERED that for purposes of this Agreed Order, "Cash Collateral" shall consist of all cash collateral as defined in section 363(a) of the Bankruptcy Code in which Huntington has a security interest, including deposits subject to setoff and all other cash proceeds arising from the sale, lease or other disposition or conversion of Prepetition Collateral; and it is further

ORDERED that should it subsequently be determined that any provision herein abrogates any provision of the Bankruptcy Code or the Bankruptcy Rules, such provision shall be stricken as *void ab initio*; and it is further

ORDERED that nothing contained herein shall be deemed a waiver by Huntington of any rights or objection it may have to use of Cash Collateral beyond August 13, 2010 or the terms of any order relating thereto; and it is further

ORDERED that the entry of this Agreed Order does not constitute a waiver by, estoppel or otherwise limit any party in interest from seeking or opposing additional rights, protections or benefits in a subsequent stipulation, motion, objection or order. The entry of this Agreed Order also does not constitute a waiver by Banks of any right to file a motion for relief from stay, to limit or terminate the use of cash collateral, for additional or different adequate protection, including adequate protection payments, or any other appropriate motion or adversary proceeding. Except as expressly provided to the contrary, the rights of the Debtor, the Official

Committee of Unsecured Creditors appointed in this case (the "Committee"), and any other party with standing to oppose or defend any such motion or adversary proceeding, or to argue for the limitation or cessation of any adequate protection payments are explicitly reserved.

ORDERED that the Final Hearing, which Final Hearing shall be an evidentiary hearing, shall be held on August _24_, 2010, at 10__:_30_ a_.m. at the United States Bankruptcy Court, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Ave., Cleveland, Ohio 44114-1235, Room 220, before the Honorable Randolph Baxter at the United States Bankruptcy Court, Northern District of Ohio. Any objections to the use of Cash Collateral on a final basis shall be filed with the Court no later than seven days prior to the Final Hearing, or on or before August _17_, 2010, and Huntington's objection to the use of Cash Collateral [docket # 96] shall be carried over to that hearing. The Debtor shall serve notice of the entry of this Order and copies of this Order on (i) the United States Trustee, (ii) the Banks and/or their counsel, (iii) the Committee, and (iv) all parties that have requested notice in this case, which shall constitute due and sufficient notice of the Final Hearing on the Debtor's request for final authorization to use Cash Collateral for the purpose of Bankruptcy Rule 4001.

**IT IS SO ORDERED.**

###

Respectfully submitted by:

/s/ Robert C. Folland
Robert C. Folland (0065728)
Andrew L. Turscak, Jr. (0073851)
Mark A. Weintraub (0078789)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
(216) 566-5500 (phone)
(216) 566-5800 (fax)
Robert.Folland@thompsonhine.com
Andrew.Turscak@Thompsonhine.com
Mark.Weintraub@thompsonhine.com

*Proposed Counsel for Debtor*

/s/ Daniel A. DeMarco
Daniel A. DeMarco
Christopher B. Wick
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, OH 44114
(216) 621-0150 (phone)
(216) 241-2824 (fax)
dademarco@hahnlaw.com
cwick@hahnlaw.com

*Proposed Counsel for Unsecured Creditors Committee*

s/s Stephen A. Donato
Stephen A. Donato
Joseph Zagraniczny
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY
(315) 218- 8000(phone)
(315) 218- 8100(fax)
sdonato@bsk.com
jzagraniczny@bsk.com

11536473.5

Ingrid S. Palermo
Bond Schoeneck & King, PLLC
345 Woodcliff Avenue, Suite 245
Fairport, NY 14450
(585) 362-4700 (phone)
(585) 362-4701(fax)
ipalermo@bsk.com

*Counsel for The Huntington National Bank*

*/s/ Drew T. Parobek*
Drew T. Parobek
Carrie M. Brosius
Vorys, Sater, Seymour and Pease LLP
1375 East Ninth Street
2100 One Cleveland Center
Cleveland, OH 44114-1724
(216) 479-6100 (phone)
(216) 937-3719 (fax)
dtparobek@vorys.com
cmbrosius@vorys.com

*Counsel for PNC Bank*

No Objection:

*/s/ Ronna G. Jackson*
Ronna G. Jackson (#0080432)
Trial Attorney
U.S. Department of Justice Office of the U.S. Trustee
H.M. Metzenbaum U.S. Courthouse
201 E. Superior Ave., Ste. 441
Cleveland, Ohio 44114-1240
(216) 522-7800, ext. 253
(216) 522-7193 facsimile
Ronna.G.Jackson@usdoj.gov

*Office of the United States Trustee*

## SERVICE LIST

Philip E. Langer, Esq.
Michael Shuster, Esq.
Porter Wright Morris & Arthur LLP
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115-1483
*Counsel for Huntington National Bank*

Joseph Zagraniczny, Esq.
Ingrid S. Palermo, Esq.
Stephen A. Donato, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202
*Counsel for Huntington National Bank*

Joseph D. Frank
Jeremy C. Kleinman
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
*Counsel for Pepsi Beverages Company*

Ronna G. Jackson, Esq.
Howard M. Metzenbaum U.S. Courthouse
201 Superior Ave
Cleveland, OH 44114
*United States Trustee*

Drew Parobek, Esq.
Carrie M. Brosius, Esq.
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center, 1374 E. 9th
Cleveland, OH 44114
*Counsel for PNC Bank*

Lawrence Bolla, Esq.
Quinn, Buseck, Leemhuis, Toohey & Kroto
2222 West Grandview Boulevard
Erie, Pennsylvania 16506
*Counsel for Vincent Cross, Executor for the Estate of Norbert Cross and Raquel Cross, Executrix of the Estate of Eugene Cross*

Daniel A. DeMarco
Christopher B. Wick
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
*Counsel for the Official Committee of Unsecured Creditors*

11536473.5

Peek'n Peak Resort
13- Week Budget

| | 7/7/10 | 7/14/10 | 7/21/10 | 7/28/10 | 8/4/10 | 8/11/10 | Week Ending 8/18/10 | 8/25/10 | 9/1/10 | 9/8/10 | 9/15/10 | 9/22/10 | 9/29/10 | 13-Week Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Cash Receipts** | | | | | | | | | | | | | | |
| Ski | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Golf | 92,500 | 110,880 | 113,850 | 118,800 | 133,650 | 103,950 | 103,950 | 94,050 | 82,500 | 82,500 | 82,500 | 74,250 | 66,000 | 1,259,380 |
| Hotel | 60,305 | 81,050 | 83,221 | 86,839 | 97,694 | 75,984 | 75,984 | 68,748 | 60,305 | 60,305 | 60,305 | 54,275 | 48,244 | 913,259 |
| Fairways Condominiums | 9,695 | 13,030 | 13,379 | 13,961 | 15,706 | 12,216 | 12,216 | 11,052 | 9,695 | 9,695 | 9,695 | 8,726 | 7,756 | 146,821 |
| Food & Beverage | 82,125 | 110,376 | 113,333 | 118,260 | 133,043 | 103,478 | 103,478 | 93,623 | 82,125 | 82,125 | 82,125 | 73,913 | 65,700 | 1,243,701 |
| Property Management | 15,375 | 20,664 | 21,218 | 22,140 | 24,908 | 19,373 | 19,373 | 17,528 | 15,375 | 15,375 | 15,375 | 13,838 | 12,300 | 232,839 |
| | 260,000 | 336,000 | 345,000 | 360,000 | 405,000 | 315,000 | 315,000 | 285,000 | 250,000 | 250,000 | 250,000 | 225,000 | 200,000 | 3,796,000 |
| **Cash Disbursements** | | | | | | | | | | | | | | |
| *Personnel* | | | | | | | | | | | | | | |
| Salaries & Wages | 115,000 | 140,000 | 120,000 | 120,000 | 120,000 | 120,000 | 120,000 | 115,000 | 110,000 | 105,000 | 105,000 | 105,000 | 105,000 | 1,500,000 |
| Dental, HRA, Life & Admin | 3,000 | 3,000 | 3,000 | 3,000 | 6,000 | 3,000 | 3,000 | 3,000 | 6,000 | 3,000 | 3,000 | 3,000 | 6,000 | 48,000 |
| Health Insurance | | | | 45,000 | | | | 45,000 | | | | | 45,000 | 135,000 |
| | 118,000 | 143,000 | 123,000 | 168,000 | 126,000 | 123,000 | 123,000 | 163,000 | 116,000 | 108,000 | 108,000 | 108,000 | 156,000 | 1,683,000 |
| *Operations* | | | | | | | | | | | | | | |
| Food | 55,000 | 40,000 | 40,000 | 40,000 | 40,000 | 40,000 | 35,000 | 35,000 | 35,000 | 30,000 | 30,000 | 25,000 | 25,000 | 470,000 |
| Beverage - Beer / Liquor | 5,000 | 5,000 | 5,000 | 5,000 | 4,000 | 4,000 | 3,000 | 3,000 | 3,000 | 2,000 | 2,000 | 2,000 | 2,000 | 45,000 |
| Purchases for Resale | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 1,500 | 1,500 | 25,000 |
| Golf Supplies | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 1,000 | 1,000 | 24,000 |
| Golf Merchandise Reimbursement | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 4,000 | 4,000 | 4,000 | 3,000 | 3,000 | 3,000 | 2,500 | 2,500 | 51,000 |
| Vehicle & Equipment Leases | 633 | | | 531 | 633 | | | | 1,164 | | | | 1,164 | 4,125 |
| Spa Supplies | | | 1,000 | | | | | 1,000 | | | | | 1,000 | 3,000 |
| Fuel Purchases | 3,000 | 3,000 | 6,000 | 3,000 | 3,000 | 3,000 | 6,000 | 3,000 | 3,000 | 3,000 | 6,000 | 3,000 | 3,000 | 48,000 |
| Repairs & Maintenance | 5,000 | 10,000 | 5,000 | 10,000 | 5,000 | 10,000 | 5,000 | 10,000 | 5,000 | 10,000 | 5,000 | 5,000 | 5,000 | 90,000 |
| Sales & Marketing | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 65,000 |
| | 82,633 | 72,000 | 71,000 | 72,531 | 66,633 | 70,000 | 62,000 | 65,000 | 59,164 | 57,000 | 55,000 | 45,000 | 47,164 | 825,125 |
| *General & Administrative* | | | | | | | | | | | | | | |
| Bank & CC Charges | 15,000 | | | | 19,600 | | | | 21,750 | | | | | 56,350 |
| General Business Insurance | | | | | 50,000 | | | | | | | 49,400 | | 99,400 |
| Worker's Comp Insurance | | | | 20,000 | | | | 20,000 | | | | 20,000 | | 60,000 |
| Postage | | 1,000 | | | | | 1,000 | | | | 1,000 | | | 3,000 |
| Office Equip. Leases | 483 | 1,222 | | | 291 | 483 | | | 291 | 483 | | | | 3,253 |
| Office Supplies | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 250 | 3,250 |
| Information Technology | 3,000 | 5,000 | 1,000 | 7,500 | 500 | 1,000 | | 4,000 | 500 | 1,000 | 500 | 4,000 | | 28,000 |
| Travel & Mileage | 1,000 | 200 | 200 | 200 | 1,000 | 200 | 200 | 200 | 200 | 1,000 | 200 | 200 | 200 | 5,000 |
| | 19,733 | 7,672 | 1,450 | 27,950 | 71,641 | 1,933 | 1,450 | 24,450 | 22,991 | 2,733 | 1,950 | 73,850 | 450 | 258,253 |
| *Utilities* | | | | | | | | | | | | | | |
| Cable & Internet | 0 | 0 | 3,500 | 5,500 | 0 | 0 | 3,500 | 5,500 | 0 | 0 | 0 | 3,500 | 5,500 | 27,000 |
| Electric | 55,000 | 0 | 0 | 1,500 | 60,000 | 0 | 0 | 0 | 1,500 | 55,000 | 0 | 1,500 | 1,500 | 174,500 |
| Natural Gas | 2,500 | 0 | 0 | 0 | 6,000 | 0 | 0 | 0 | 5,500 | 2,500 | 0 | 0 | 5,000 | 24,000 |
| Telephone | 2,500 | 0 | 0 | 750 | 1,250 | 2,500 | 0 | 750 | 1,250 | 2,500 | 0 | 0 | 0 | 11,500 |
| Security System | 0 | 0 | 0 | 0 | 0 | 2,500 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Sewage System | 2,000 | | | | 2,000 | | | | 2,500 | | | | | 5,000 |
| Trash Disposal | | 0 | 0 | 0 | 2,000 | 0 | 0 | 0 | 2,000 | 0 | 0 | 0 | 1,000 | 7,000 |
| | 62,000 | 0 | 3,500 | 7,750 | 71,750 | 5,000 | 3,500 | 6,250 | 12,750 | 60,000 | 0 | 3,500 | 13,000 | 249,000 |
| **Total Cash Disbursements** | 251,366 | 222,672 | 197,200 | 272,356 | 300,149 | 197,433 | 188,200 | 255,575 | 204,530 | 197,733 | 164,950 | 228,600 | 210,114 | 2,890,878 |
| **Net Operating Cash Flow** | 8,634 | 113,328 | 147,800 | 87,644 | 104,851 | 117,567 | 126,800 | 29,425 | 45,470 | 52,267 | 85,050 | (3,600) | (10,114) | 905,122 |

Peek'n Peak Resort
13- Week Budget

| | \multicolumn{13}{c}{Week Ending} | 13-Week Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 7/7/10 | 7/14/10 | 7/21/10 | 7/28/10 | 8/4/10 | 8/11/10 | 8/18/10 | 8/25/10 | 9/1/10 | 9/8/10 | 9/15/10 | 9/22/10 | 9/29/10 | |
| **Debt Service** | | | | | | | | | | | | | | |
| Term Loans | | | | | | | | | | | | | | |
| HNB - (1.44 Mill.) | | | | | | | | | | | | | | 0 |
| HNB - Ridgeview | | | | | | | | | | | | | | 0 |
| HNB - (4.19 Mill.) | | | | | | | | | | | | | | 0 |
| HNB - (6.81 Mill.) | | | | | | | | | | | | | | 0 |
| PNC (Fairways) | | | | | | | | | | | | | | 0 |
| Capital Leases | | | | | | | | | | | | | | |
| GE Capital (Shuttles) | | | | | 1,511 | | | | 1,511 | | | | | 3,022 |
| HNB (2 Chev Cargo Vans) | | | 795 | | | | | 795 | | | | 795 | | 2,385 |
| GMAC (2) | | | | | 1,822 | | | | 1,822 | | | | 1,822 | 5,466 |
| Leasenet | | | | | 25,611 | | | | | | | | | 25,611 |
| Textron Leases | | 25,764 | | | | 25,764 | | | | 25,764 | | | | 77,292 |
| Tygris Lease | 11,260 | | | | 11,260 | | | | | 11,260 | | | | 33,780 |
| | 11,260 | 25,764 | 795 | 0 | 40,204 | 25,764 | 0 | 795 | 3,333 | 37,024 | 0 | 795 | 1,822 | 147,556 |
| **Cash from Operations** | (2,626) | 87,564 | 147,005 | 87,644 | 64,647 | 91,803 | 126,800 | 28,630 | 42,137 | 15,243 | 85,050 | (4,395) | (11,936) | 757,566 |
| **Accrued Expenses** | | | | | | | | | | | | | | |
| *General & Administrative* | | | | | | | | | | | | | | |
| Debtor Legal Fees | 16,000 | 16,000 | 12,000 | 12,000 | 12,000 | 12,000 | 10,000 | 10,000 | 10,000 | 10,000 | 8,000 | 8,000 | 8,000 | 144,000 |
| Creditor Comm Legal Fees | 4,000 | 4,000 | 3,000 | 3,000 | 3,000 | 3,000 | 2,500 | 2,500 | 2,500 | 2,500 | 2,000 | 2,000 | 2,000 | 36,000 |
| U. S. Trustee Fees | | | | | 5,000 | | | | 5,000 | | | | | 10,000 |
| | 20,000 | 20,000 | 15,000 | 15,000 | 20,000 | 15,000 | 12,500 | 12,500 | 17,500 | 12,500 | 10,000 | 10,000 | 10,000 | 190,000 |
| *Property Taxes* | | | | | | | | | | | | | | |
| Chautauqua County Taxes | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 4,500 | 58,500 |
| Clymer School Taxes | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 130,000 |
| | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 188,500 |
| *Escrowed Funds* | | | | | | | | | | | | | | |
| Condo Rental Program | 27,100 | 27,100 | 27,100 | 27,100 | 24,900 | 24,900 | 24,900 | 24,900 | 9,600 | 9,600 | 9,600 | 9,500 | 9,500 | 255,800 |
| Sales / Use Tax | 13,563 | 18,228 | 18,716 | 34,530 | 21,971 | 17,089 | 17,089 | 30,461 | 13,563 | 13,563 | 13,563 | 12,206 | 10,850 | 235,391 |
| Occupancy Tax | 5,250 | 5,250 | 5,250 | 5,250 | 4,750 | 4,750 | 4,750 | 4,750 | 3,250 | 3,250 | 3,250 | 3,000 | 3,000 | 55,750 |
| | 45,913 | 50,578 | 51,066 | 66,880 | 51,621 | 46,739 | 46,739 | 60,111 | 26,413 | 26,413 | 26,413 | 24,706 | 23,350 | 546,941 |
| **Total Accrued Expenses** | 80,413 | 85,078 | 80,566 | 96,380 | 86,121 | 76,239 | 73,739 | 87,111 | 58,413 | 53,413 | 50,913 | 49,206 | 47,850 | 925,441 |
| **Net Income** | (83,039) | 2,486 | 66,439 | (8,736) | (21,474) | 15,564 | 53,061 | (58,481) | (16,276) | (38,170) | 34,138 | (53,601) | (59,786) | (167,875) |
| **Cash Reconciliation** | | | | | | | | | | | | | | |
| Beginning Cash Balance | 3,947 | 1,321 | 88,885 | 220,140 | 34,347 | 98,994 | 190,797 | 317,597 | 90,017 | 132,154 | 147,397 | 232,447 | 228,052 | 60,000 |
| Cash from Operations | (2,626) | 87,564 | 147,005 | 87,644 | 64,647 | 91,803 | 126,800 | 28,630 | 42,137 | 15,243 | 85,050 | (4,395) | (11,936) | 757,566 |
| Accrued Expense Payments | | | | | | | | | | | | | | |
| Debtor Legal Fees | | | | 56,000 | | | | 44,000 | | | | 44,000 | | 144,000 |
| Creditor Comm Legal Fees | | | | 14,000 | | | | 11,000 | | | | 11,000 | | 36,000 |
| U. S. Trustee Fees | | | | 0 | | | | 5,000 | | | | 5,000 | | 10,000 |
| Chautauqua County Taxes | | | | | | | | | | | | | | 0 |
| Clymer School Taxes | | | | | | | | | | | | | | 0 |
| Condo Rental Program | | | | 118,400 | | | | 109,600 | | | | 57,800 | | 285,800 |
| Sales / Use Tax | | | | 85,037 | | | | 86,610 | | | | 63,744 | | 235,391 |
| Occupancy Tax | | | 15,750 | | | | | | | | | | | 15,750 |
| | 0 | 0 | 15,750 | 273,437 | 0 | 0 | 0 | 256,210 | 0 | 0 | 0 | 181,544 | 0 | 726,941 |
| **Ending Cash Balance** | 1,321 | 88,885 | 220,140 | 34,347 | 98,994 | 190,797 | 317,597 | 90,017 | 132,154 | 147,397 | 232,447 | 228,052 | 34,573 | 90,626 |

10-15099-rb    Doc 126    FILED 07/02/10    ENTERED 07/07/10 08:57:49    Page 11 of 11