UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:

KIEBLER RECREATION, LLC,

Debtor.

Chapter 11

Case No. 10-15099

# LIMITED OBJECTION OF THE HUNTINGTON NATIONAL BANK REGARDING DEBTOR'S OMNIBUS MOTION FOR ORDER AUTHORIZING DEBTOR TO ASSUME CONDOMINIUM RENTAL MANAGEMENT AGREEMENTS

The Huntington National Bank ("Huntington"), the largest secured creditor of Kiebler Recreation, LLC (the "Debtor") and a party in interest herein, by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby submits this limited objection regarding the Debtor's Expedited Motion for Order Authorizing Debtor to Assume Condominium Rental Management Agreement (the "Condo Agreement Motion") and respectfully represents as follows:

1. Huntington is a secured creditor in this case and holds a security interest in certain real property, equipment, personal property and the Debtor's cash, including accounts receivable.

## Limited Objection Regarding the Condo Agreement Motion

2. Huntington requests that the Debtor be required to provide specific information regarding its Condo Agreements because under New York Law, any funds associated with these agreements must be treated as a trust fund and segregated in a separate escrow account.

## Real Estate Deposits

3. The Debtor fails to provide any information on its real estate deposits or cure amounts other than who is owed the real estate deposits and provides an approximate cure amount of $46,000. Huntington requests that the Debtor be required to provide detailed information and comply with New York Law prior to this Court's approval of this motion.

1724817.1

4. Under New York General Obligations law, any entity that receives a deposit for the rental of real property must segregate that deposit in an escrow account as it is money that must be held in trust.

> **§7-103. Money deposited or advanced for use or rental of real property; waiver void; administration expenses.**
>
> 1. Whenever money shall be deposited or advanced on a contract or license agreement for the use or rental of real property as security for performance of the contract or agreement or to be applied to payments upon such contract or agreement when due, such money, with interest accruing thereon, if any, until repaid or so applied, shall continue to be the money of the person making such deposit or advance and shall be held in trust by the person with whom such deposit or advance shall be made and shall not be mingled with the personal moneys or become an asset of the person receiving same, but may be disposed of as provided in section 7-105 of this chapter[1].

5. The Debtor has not indicated where the deposits are being held or if these funds have been segregated. Under New York law, a simple ledger entry indicating that these funds are escrowed is not enough. The Debtor must hold these funds in trust and in a separate account.

6. Huntington requests that the Debtor be required to provide all information regarding the deposits received, including the date of receipt, the amount, and where the funds have been deposited, to remove any and all questions regarding the deposits that the Debtor proposes to apply to the cure amounts and to demonstrate that the Debtor has complied with New York Law in segregating these trust funds.

7. Moreover, the Debtor's own agreement provides that the real estate deposits will be held in escrow, "The Company shall collect the rents…and shall deposit all such amounts in escrow in a special bank account." Agreement at ¶ 8. In order to assume the Condo Management Agreements, the Debtor must comply with the separate escrow requirement.

---

[1] Section 7-105 address obligations to transfer deposits upon sale, transfer or foreclosure of the real property.

2

1724817.1

10-15099-rb    Doc 138    FILED 07/14/10    ENTERED 07/14/10 16:07:21    Page 2 of 3

8. Without specific information demonstrating that the deposits are being held in escrow and will continue to be held in escrow as required by New York law and the Condo Management Agreements, Huntington requests that this Court delay approval of the Condo Agreement Motion.

WHEREFORE Huntington respectfully requests that the Court enter an order (a) denying the approval of the Debtor's Condo Agreement Motion unless and until the Debtor provides additional details supporting its request and demonstrates it is following both the New York escrow requirement and the Agreement itself for these trust funds, and (b) granting such other and further relief as it deems just and proper.

Dated: July 14, 2010  
      Fairport, New York

BOND, SCHOENECK & KING, PLLC  
Attorneys for The Huntington National Bank

By: /s/ Ingrid Palermo  
Joseph Zagraniczny, Esq.  
Ingrid Palermo, Esq.  
Office and P.O. Address  
One Lincoln Center  
Syracuse, NY 13202  
Telephone: (315) 218-8000

345 Woodcliff Drive, Suite 208  
Fairport, NY 14450  
Telephone: (585) 362-4700

PORTER WRIGHT MORRIS & ARTHUR LLP  
Philip E. Langer, Esq.  
Office and P.O. Address  
925 Euclid Ave., Suite 1700  
Cleveland, OH 44115-1483  
Telephone: 216-443-2588  
Facsimile: 216-443-9011