IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Chapter 11 |
| | ) Case No. 10-15099 |
| KIEBLER RECREATION, LLC, | ) Judge Baxter |
| | ) |
| Debtor | ) Docket No. |
| | ) |
| | ) Related to Docket No. 117 |

**RESPONSE TO FIRST OMNIBUS MOTION FOR ORDER AUTHORIZING DEBTOR TO ASSUME CONDOMINIUM RENTAL MANAGEMENT AGREEMENTS**

AND NOW, this 15th day of July, 2010, comes certain of the condominium owners referred to in the First Omnibus Motion for Order Authorizing Debtor to Assume Condominium Rental Management Agreements (the "Motion"), including respondents Guy and Heidi Fustine, with this Response to the Motion, as follows:

**FIRST DEFENSE**

Paragraphs 1, 2, 3, 4, 5(a), 6, 7, 16 and 17 are admitted, further averring the Debtor's responsibilities under the Condominium Rental Management Agreements (the "Rental Agreements") include the Debtor's fiduciary duty to segregate and escrow the rents in a separate account and to promptly pay over the net amounts due to the condominium owners ("Owners") on a monthly basis; and, further averring the separate Rental Agreements by and between the Debtor and the various Owners speak for themselves.

Respondent is without sufficient knowledge or information to form a belief regarding the truth of the averments made in paragraphs 5(b), 5(c), 8, 13, 14(a), 14(b), 15, 20 and 21, further averring Respondents are without sufficient knowledge or information to determine whether the attached list of Owners, and the corresponding cure amounts, are accurate; and, further averring that the Rental Agreements are between the Debtor and the individual Owners, the sample

Agreement attached to the Motion does not apply to all of the named parties, and some of the Respondents may not have signed the new form Rental Agreement.

Paragraphs 10(a) and 14(c) are denied, further averring, although the Debtor seeks to cure the Rental Agreements, no mention is made anywhere in the Motion regarding the Debtor's obligation to escrow the rents. The Owners are entitled to adequate assurance of future performance by requiring the Debtor to establish and fund a segregated, escrow account in accordance with the Rental Agreements and applicable state law.

Paragraphs 9, 10(b), 10(c), 10(d), 10(e), 11, 12, 14(c), 18 and 19 represent legal conclusions to which no responses are required. To the extent that responses are required, they are denied.

## SECOND DEFENSE

22. Section 365 of the Bankruptcy Code, 11 U.S.C. §365, provides that the Debtor may not assume an executory contract or lease unless, at the time of the assumption of such contract or lease, the Debtor cures the pre-Petition and post-Petition arrearages under the contract or lease and provides the other party to the contract or lease with adequate assurance of future performance. Adequate assurance of future performance in this case requires the Debtor to segregate and escrow the rent in accordance with the Rental Agreements and applicable state law, especially since the Debtor has defaulted under the Rental Agreements in the past.

23. The Rental Agreements provide that the Debtor shall collect the rent and deposit the money into a segregated escrow account.

24. However, paragraph 14 of the Debtor's Motion indicates that the rent is being administered as a part of the Bank's cash collateral.

25. Therefore, respondents request a determination by the Bankruptcy Court that the rents collected by the Debtor are not property of the estate, are not subject to a security interest in

favor of a secured creditor of the Debtor, including but not limited to Huntington Bank or PNC Bank, and that the Debtor's right to the rental income is limited to its fees. The net rental income remains the property of the Owners and is not property of the estate.

26. Assuming the Debtor derives approximately $660,000 in annual income from the Rental Agreements (paragraph 13), and the Debtor is entitled to thirty-five (35%) percent of the rental income (paragraph 8), Owners believe that the average net, monthly rental income, after the rental and management fees are paid, is approximately $105,000 per month. Therefore, the Debtor should be required to deposit at least that amount into a segregated, escrow account and to maintain that amount as a lowest, intermediate monthly balance in the account.

### THIRD DEFENSE

27. The Debtor has a fiduciary duty with respect to the rents collected on behalf of the Owners under the Rental Agreements and applicable state law. As a fiduciary, the Debtor is required to protect the property from third parties. At the present time, there is concern that the rental income is being deposited into the Debtor's cash collateral operating account, being used in part to pay the Debtor's expenses of operation, and being comingled with the Bank's cash collateral.

WHEREFORE, Owners request that the Debtor's Motion be granted provided that the Debtor cures all pre and post-Petition defaults under the Rental Agreements and establishes a segregated, escrow fiduciary account with a lowest, intermediate monthly balance in the amount of at least $105,000 (subject to change); and, that the Owners have such other and further relief as is reasonable and just.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.


By:   */s/ Joseph F. Gula, III*
Joseph F. Gula, III
PA I.D. No. 88692
Guy C. Fustine
PA I.D. No. 37543
120 West Tenth Street
Erie, Pennsylvania  16501-1461
(814) 459-2800
gfustine@kmgslaw.com
jgula@kmgslaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 10-15099 |
| KIEBLER RECREATION, LLC, | ) | Judge Baxter |
| | ) | |
| Debtor | ) | Docket No. |
| | ) | |
| | ) | Related to Docket No. 117 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Response was served by first class, United States mail, postage pre-paid, on July 15, 2010, as set forth on the attached service list, in addition to the electronic service which was accomplished when the Response was filed with the Court.

        Respectfully submitted,

        KNOX McLAUGHLIN GORNALL &
        SENNETT, P.C.


        By:   */s/ Joseph F. Gula, III*
            Joseph F. Gula, III
            PA I.D. No. 88692
            Guy C. Fustine
            PA I.D. No. 37543
            120 West Tenth Street
            Erie, Pennsylvania 16501-1461
            (814) 459-2800
            gfustine@kmgslaw.com
            jgula@kmgslaw.com

# SERVICE LIST

Andrew Vara, Esquire
Ronna G. Jackson, Esquire
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue
Cleveland, OH 44114
United States Trustee

Daniel A DeMarco, Esquire
200 Public Sq
Suite 2800
Cleveland, OH 44114-2301

Robert C Folland, Esquire
Thompson Hine LLP
127 Public Sq
3900 Key Center
Cleveland, OH 44114-1216

Ingrid S. Palermo, Esquire
Bond, Schoeneck & King, PLLC
345 Woodcliff Drive
Suite 208
Fairport, NY 14450

Andrew L. Turscak, Jr., Esquire
3900 Key Center
127 Public Square
Cleveland, OH 44114

Christopher B. Wick, Esquire
Hahn Loeser + Parks LLP
200 Public Square
Suite 2800
Cleveland, OH 44114

Carrie M Brosius, Esquire
Vorys Sater Seymour&Pease LLP
2100 Cleveland Center
1375 E Ninth St
Cleveland, OH 44114-1724

Stephen A. Donato, Esquire
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

Hahn Loeser & Parks LLP
200 Public Square
#2800
Cleveland, OH 44114

Drew T Parobek, Esquire
1375 East Ninth Street
2100 One Cleveland Center
Cleveland, OH 44114-1724

Mark A. Weintraub, Esquire
3900 Key Center
127 Public Square
Cleveland, OH 44114

Joseph Zagraniczny, Esquire
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

# 906139.v1