# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Kiebler Recreation, LLC | ) | Case No. 10-15099 |
| | ) | |
| Debtor. | ) | Judge Baxter |
| | ) | |

**FIRST OMNIBUS MOTION FOR ORDER AUTHORIZING DEBTOR TO ASSUME INSURANCE AGREEMENTS**

**FEDERAL RULE OF BANKRUPTCY PROCEDURE 6006(f) NOTICE:**

PARTIES RECEIVING THIS FIRST OMNIBUS MOTION SHOULD LOCATE THEIR NAMES AND CONTRACTS AS THEY ARE SET FORTH IN PARAGRAPH 4 OF THIS MOTION AND EXHIBITS A THROUGH D

Kiebler Recreation, LLC (the "Debtor"), as debtor and debtor in possession, hereby respectfully moves the Court (the "Motion"), pursuant to sections 105(a) and 365 of title 11 (the "Bankruptcy Code") of the United States Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order authorizing the Debtor to assume the Insurance Agreements (as defined below) with the Insurers (also as defined below). In support of this Motion, the Debtor respectfully states the following.

**Jurisdiction and Venue**

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Bankruptcy Code sections 105(a) and 365 and Bankruptcy Rule 6006 provide the substantive bases for the relief requested herein.

**Background**

2. On May 26, 2010 (the "Petition Date"), the Debtor commenced the above-captioned case under the Bankruptcy Code. The Debtor operates Peek'N Peak Resort and Spa, a popular recreational and tourist complex in Chautauqua County, New York. The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Office of the United States Trustee appointed a committee of unsecured creditors (the "Committee") on June 9, 2010. No trustee or examiner has been appointed.

**The Insurance**

4. Prior to the Petition Date, the Debtor entered into several insurance contracts, consisting of the following agreements (collectively, the "Insurance Agreements") with the identified insurers (collectively, the "Insurers"): (i) vehicle coverage pursuant to Commercial Automobile insurance policy number 02CA0045805055 with Granite State Insurance Co., Member American International Group; (ii) umbrella coverage pursuant to Commercial Liability Umbrella Policy number BE011449341 with National Union Fire Insurance Co., Member American International Group; (iii) general liability coverage pursuant to Commercial General Liability insurance policy number GLA014647577 with American Home Assurance Co., Member American International Group; and (iv) property and business interruption coverage pursuant to Ski Area Property Coverage policy number SKI014647761 with American Home Assurance Co., Member American International Group. Copies of the Insurance Agreements are attached hereto as Exhibits A through D, respectively.

5. The broker for the Insurers under the Insurance Agreements is Willis of New Hampshire, Inc. (the "Broker"). Counsel for the Insurers under the Insurance Agreements is Michelle A. Levitt, Esq., of Chartis U.S. in New York ("Counsel").[1]

6. Pursuant to the Insurance Agreements, necessary insurance coverage is in place to protect the Debtor and the estate against potential catastrophic losses caused by, among other things, accident, fire, injury, etc.

7. Prior to the Petition Date, Direct Bill Services issued Notices of Cancellation of the Insurance Agreements for Nonpayment (the "Notices") for late payment of invoices on behalf of the Insurers. Pursuant to the Notices, in the absence of a cure by the Debtor, the effective date of cancellation is June 7, 2010. According to the Insurers, pursuant to Bankruptcy Code section 108(b), the effective date of cancellation is extended through July 25, 2010 in the absence of such a cure.[2] The Insurers have agreed to further extend the cure period pending the Court's ruling on this Motion and the payment of the cure.[3]

---

[1] Because the Broker and Counsel are authorized to give and receive communications on behalf of the Insurers, the Debtor respectfully submits that the technical filing requirements of Bankruptcy Rule 6006(e) are inapplicable to this Motion (Bankruptcy Rule 6006(e) typically requires separate motions to be filed for each contract to be assumed "unless the court authorizes [one] motion to be filed." Fed. R. Bankr. P. 6006(e)). To the extent the requirements are held to be applicable to this Motion, the Debtor requests that the Court waive them. Judicial economy and simplicity weigh in favor of waiving the rule that a separate motion be filed for each Insurance Agreement in this case. Moreover, the rationale behind the rule is inapplicable under circumstances such as these where the Insurers' Broker and Counsel are authorized to receive notices on their behalf. Waiver is expressly provided for and permitted by the rule, and it has been granted in this and other Courts. *See* Fed. R. Bankr. P. 6006(e)(3) and (f). *See also In re Old Carco LLC*, 406 B.R. 180, 209-10 (Bankr. S.D.N.Y. 2009); and *In re Kiebler Slippery Rock, LLC*, Case No. 09-19087 (Bankr. N.D. Ohio May 14, 2010).

[2] Bankruptcy Code section 108(b) provides that if applicable nonbankruptcy law fixes a period within which a debtor may cure a default, and such period has not expired as of the date of the petition, then a debtor may cure such default by the later of the end of such period or 60 days after the order for relief. 11 U.S.C. § 108(b).

[3] The Debtor has budgeted scheduled payments under the Insurance Agreements for August 4, 2010; October 15, 2010; and December 15, 2010.

8. For the reasons set forth below, it is in the best interest of the Debtor and its estate and creditors that the Court authorize it to assume the Insurance Agreements and cure the default.

## Relief Requested and Reasons Therefor

### Authority to Assume Insurance Agreements

9. By this Motion, the Debtor seeks authority to assume the Insurance Agreements and to cure all existing defaults thereunder. Section 365(a) of the Bankruptcy Code provides that a debtor, subject to the Court's approval, may assume or reject any executory contract or unexpired lease of the debtor. The Bankruptcy Code further provides that the Debtor must cure any existing defaults under such agreements and provide adequate assurance of future performance. Section 105(a) of the Bankruptcy Code enables a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. Put simply, the Bankruptcy Code provides for the assumption of an executory contract if there has been no default, and for cure with adequate assurances if there has been a default. *In re National Sugar Refining Co.*, 26 B.R. 765, 767 (Bankr. S.D.N.Y. 1983). Subject to approval from the Court, the Debtor has the authority to assume the Insurance Agreements pursuant to Bankruptcy Code section 365(a). 11 U.S.C. § 365(a).

11. The "business judgment" test applies to a decision to assume or reject an executory contract or unexpired lease. This test involves a determination regarding whether it would be beneficial or burdensome to the estate to assume the agreement in question. Under the "business judgment rule," assumption is appropriate if a debtor can demonstrate that it will benefit the estate. *Chira v. Saal (In re Chira)*, 367 B.R. 888, 898 (Bankr. S.D. Fla. 2007). The

analysis turns on whether assuming the contract or lease would be a good business decision or a bad one. *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2nd Cir. 1993).

12. If a contract or lease is beneficial to a debtor, its assumption should be authorized. *Chira v. Saal*, 367 B.R. at 898; *In re National Sugar Refining Co.*, 26 B.R. at 767. Generally, unless there is a showing of bad faith or an abuse of business discretion, a debtor's business judgment will not be disturbed. *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009).

13. In this case, the Debtor has determined that it is essential for it to maintain all necessary insurance coverage to protect itself and its estate and creditors from the potential for catastrophic loss. It is self-evident that any failure to maintain the Insurance Agreements would not be an exercise of sound business judgment. In addition, the assumption of the Insurance Agreements is required by the operating instructions and reporting requirements for chapter 11 debtors established by Region 9 of the Office of the United States Trustee, which requirements mandate that the Debtor maintain casualty, general liability and other customary insurance coverage.

14. The Debtor's budget that has been approved as part of the current order authorizing it to use cash collateral provides for payment in August of an amount sufficient to cure the monetary default under the Insurance Agreements, in satisfaction of Bankruptcy Code section 365(b)(1)(A) and (B). Moreover, the Debtor has met or exceeded its cash budget to date, and it has budgeted amounts sufficient to make future payments under the Insurance Agreements in October and December. Therefore, future performance on a going forward basis is adequately assured within the meaning of section 365(b)(1)(C) of the Bankruptcy Code.

## Summary and Conclusion

15. Because assumption of the Insurance Agreements is the only rationale course of action under these circumstances, the proposed assumption represents a sound and desirable exercise of the Debtor's reasonable business judgment. The Debtor respectfully requests that the Court authorize it to assume the Insurance Agreements.

## Waiver of Memorandum of Law

16. The Debtor submits that this Motion does not present any novel issues of law requiring further briefing; moreover, appropriate authorities have already been cited herein. Therefore, the Debtor respectfully requests that the Court waive the requirement pursuant to Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Northern District of Ohio that a separate memorandum be filed in support of the Motion.

## No Prior Request

17. No previous motion for the relief sought herein has been made to this or any other Court.

## Notice

18. Notice of this Motion has been given by regular mail or electronic filing to the following parties or their counsel: (a) the United States Trustee, (b) the Debtor's secured lenders, Huntington National Bank and PNC Bank, (c) the Committee; (d) the Insurers; (e) the Broker; and (f) all parties that have requested notice in this case. In light of the nature of the relief requested, the Debtor submits that such notice is appropriate and that no further notice need be given.

**Conclusion**

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order (i) approving the Motion; (ii) authorizing the Debtor to assume the Insurance Agreements and cure the payment default; (iii) approving the form and manner of notice of the Motion, including a waiver of the requirement (if applicable) that a separate motion be filed for each Insurance Agreement; and (iv) granting such other and further relief to the Debtor that the Court deems just and proper.

Dated: July 21, 2010                                                    Respectfully Submitted,

*/s/ Andrew Turscak*
Robert C. Folland (0065728)
Andrew L. Turscak, Jr. (0073851)
Mark A. Weintraub (0078789)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
(216) 566-5500 (phone)
(216) 566-5800 (fax)
Robert.Folland@thompsonhine.com
Andrew.Turscak@Thompsonhine.com
Mark.Weintraub@thompsonhine.com

*Counsel for Debtor*

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing Motion was served electronically through the Court's ECF System or by e-mail and regular United States mail upon the parties listed below on July 21, 2010.

Philip E. Langer, Esq.
Michael Shuster, Esq.
Porter Wright Morris & Arthur LLP
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115-1483
*Counsel for Huntington National Bank*
planger@porterwright.com
mshuster@porterwright.com

Joseph Zagraniczny, Esq.
Ingrid S. Palermo, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202
*Counsel for Huntington National Bank*
jzagraniczny@bsk.com
ipalermo@bsk.com
sdonato@bsk.com

Joseph D. Frank, Esq.
Jeremy C. Kleinman, Esq.
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
*Counsel for Pepsi Beverages Company*
jfrank@fgllp.com
jkleinman@fgllp.com

Ronna G. Jackson, Esq.
Howard M. Metzenbaum U.S. Courthouse
201 Superior Ave
Cleveland, OH 44114
*United States Trustee*
ronna.g.jackson@usdoj.gov

Willis of New Hampshire, Inc.
Attn: Wesley Osswald M.Ed, Account Executive
1 New Hampshire Ave., Suite 200
Portsmouth, NH 03801
*Broker for Insurers*
wes.osswald@willis.com

Drew Parobek, Esq.
Carrie M. Brosius, Esq.
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center, 1374 E. 9th
Cleveland, OH 44114
*Counsel for PNC Bank*
dtparobek@vorys.com
cmbrosius@vorys.com

Lawrence Bolla, Esq.
Quinn, Buseck, Leemhuis, Toohey & Kroto
2222 West Grandview Boulevard
Erie, Pennsylvania 16506
*Counsel for Vincent Cross, Executor for the Estate of Norbert Cross and Raquel Cross, Executrix of the Estate of Eugene Cross*
lbolla@quinnfirm.com

Daniel A. DeMarco, Esq.
Christopher B. Wick, Esq.
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
*Counsel for Committee*
dademarco@hahnlaw.com
cwick@hahnlaw.com

Michelle A. Levitt, Esq.
Bankruptcy Counsel
Chartis U.S.
175 Water Street, 18th Floor
New York, NY 10038
*Counsel for Insurers Granite State Insurance Co., National Union Fire Insurance Co., and American Home Assurance Co., Members American International Group*
michelle.levitt@chartisinsurance.com

                                             */s/ Andrew Turscak*
                                              Andrew L. Turscak, Jr.