IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
Eastern Division
In Re:                          In Proceedings Under Chapter 11

**KIEBLER RECREATION, LLC,**        Case No.: 10-15099

       Debtor.                   JUDGE RANDOLPH BAXTER

## MEMORANDUM OF OPINION AND ORDER

Before the Court is Huntington National Bank's Motion to Transfer Venue to the United States Bankruptcy Court for the Western District of New York Pursuant to 28 U.S.C. § 1412. The Debtor, the Unsecured Creditors' Committee and the Cross Family Estate, a secured creditor, object to the relief sought. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) with jurisdiction further conferred by 28 U.S.C. § 1334 and General Order No. 84 of this District. After considering the Huntington's Motion and the responses thereto, the Court denied the Motion from the bench at the hearing on the Motion. The Court sustained the objections of the Debtor, the Unsecured Creditors' Committee and the Cross Family Estate. The following findings of fact and conclusions of law are issued consistent with this Court's bench ruling:

\*

The Debtor filed its Chapter 11 petition on May 26, 2010. The Debtor operates Peek'N Peak Resort and Spa located in Chautauqua County, New York. Kiebler Properties, LLC holds an 84% equity interest in the Debtor. Kiebler Properties also holds 100% of the equity interests

in Kiebler Slippery Rock LLC, a debtor with a Chapter 11 case pending before this Court. (In re Kiebler Slippery Rock, LLC 09-19087).

\*\*

Huntington National Bank, a secured creditor, seeks to transfer the Debtor's case to the Western District of New York. Huntington alleges that although venue is "technically correct" in this district, venue should be transferred in the interest of justice and for the convenience of the parties. Specifically, Huntington alleges that because the Debtor is a New York limited liability company, with its principal place of business in New York, and because the New York law will govern much of the issues in the case, the case should be transferred. Huntington further alleges that proceeding with the case in this district will make it more difficult for other creditors to participate. The day prior to the scheduled hearing on Huntington' Motion, Huntington filed a reply brief wherein it alleged that because the Debtor had successfully transferred a class action proceeding from the Northern District of Ohio to the Western District of New York on grounds of interests of justice and convenience of the parties, the Debtor is judicially estopped from opposing Huntington's Motion to Transfer Venue in the bankruptcy case.

The Debtor, the Committee for Unsecured Creditors and the Cross Family Estate, a secured creditor of the Debtor, all oppose the relief sought. The Debtor alleges that its choice of forum should be given great weight and that Huntington, bearing the burden of persuasion on transfer, has not met said burden. The Debtor further argues that 70% of its creditors are located outside New York, and accordingly, proceeding with the case in Ohio will not inconvenience the great majority of creditors. Finally, the Debtor alleges that Pennsylvania law, not New York law,

applies to the promissory note entered into with Huntington and that Huntington itself is an Ohio based corporation with no offices in New York.

\*\*\*

The dispositive issues for the Court are whether Huntington National Bank has proven by a preponderance of the evidence that venue is more appropriate in the Western District of New York and whether the Debtor is judicially estopped from opposing the relief sought by Huntington.

\*\*\*\*\*

Venue of a proceeding under title 11 of the United States Code is governed by 28 U.S.C. § 1408, which provides, *inter alia*, that venue is proper in a district "in which there is pending a case under title 11 concerning such person's affiliate, general partner or partnership." 28 U.S.C. § 1408(2). Under section 101(2)(B) of the Bankruptcy Code, the term "affiliate" is defined as a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding securities of the debtor...." 11 U.S.C. § 101(2)(B).

Herein, Huntington concedes that venue is proper in this District under the affiliate rule because of the pending Kiebler Slippery Rock LLC bankruptcy case. (In re Kiebler Slippery Rock, LLC 09-19087). Kiebler Properties, LLC holds an 84% equity interest in the Debtor. Kiebler Properties also holds 100% of the equity interests in Kiebler Slippery Rock LLC. Where venue is proper, "the debtor's choice of forum is entitled to great weight." *In re Delaware & Hudson Railway Co.*, 96 B.R. 467, 468 (Bankr. D. Del. 1988)(internal quotations omitted).

Furthermore, venue should not be transferred where such transfer would "merely shift the inconvenience from one party to another." *In re Great American Resources, Inc.*, 85 B.R. 444 (Bankr. N.D. Ohio 1988).

Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 [11 USCS §§ 101 et seq.] to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Factors a court should consider in deciding a motion to transfer venue include:

1) the proximity of creditors of every kind to the court;

2) the proximity of the (Debtor) to the court;

3) the proximity of the witnesses necessary to the administration of the estate;

4) the location of the assets;

5) the economic administration of the estate;

6) the necessity for ancillary administration if bankruptcy should result.

*In re Weatherly Frozen Food Group, Inc.*, 133 B.R. 862, 865 (Bankr. N.D. Ohio 1991) (citing *Matter of Commonwealth Oil Refining Co., Inc. ("CORCO")*, 596 F.2d 1239, 1247 (5th Cir. 1979), cert. denied 444 U.S. 1045, 62 L. Ed. 2d 731, 100 S. Ct. 732 (1980)). Huntington, as movant, "must carry its burden to change venue by a preponderance of the evidence." *Id.*

\*\*\*\*

The day prior to the hearing, Huntington filed a reply in support of its Motion, stating that the Debtor is judicially estopped from arguing that venue is proper in this District. Huntington bases its argument on the Debtor's motion to transfer the venue of a putative class action filed in this District alleging violations of the Fair and Accurate Credit Transactions Act of 2003 against

Kiebler Properties, LLC et al. (*Young v. Kiebler Properties, LLC, et al.*, 09-01810 (JG)(N.D. Ohio)). In that case, Kiebler Properties argued that venue was proper in the Western District of New York because:

1) Kiebler Recreation is registered with the New York Secretary of State

2) Peek n Peak is located in New York, has its principal place of business in New York, stores its records and documents in New York and has its own management team that oversees the day-to-day operations who reside in New York.

3) The majority of Recreation's employees are in New York and as such any employees who may be witnesses are located in New York. Recreation does not have an office in Ohio, and holds no licenses or permits within the state of Ohio.

4) Kiebler Properties owns an equity interest in Recreation but is not a manager or member-manager of Recreation and relies upon the executive management team of Recreation for the day to day management operations of the Resort.

5) Kiebler Properties does not own the cash register or software that the Resort uses to issue credit or debit card receipts.

The district court granted Kiebler's Motion to Transfer Venue in the class action. The court found that although venue was proper in the Northern District, transfer was in the interest of justice and convenience of the parties. Specifically, the court transferred venue for the following reasons:

1) Although Plaintiff filed in Ohio, he sought to certify a nationwide class, so Plaintiff's venue choice was accorded less weight.

2) Witnesses most relevant to Plaintiff's claim were located in New York. Specifically, those responsible for installing the machines and ensuring their compliance with federal law were located in Ohio. And although Peek n Peak's manager resides in Ohio, he works at the resort. Physical evidence, relevant to the Plaintiff's claim is located in Ohio.

3) Public interest and interests of justice weighed in favor of transfer because the case involved a potentially large class action award against a New York company. Furthermore, where a defendant raises a substantial question of personal jurisdiction, which Kiebler had done, transfer is appropriate. The court found that although it had personal jurisdiction over Kiebler Properties, the question was close, and accordingly, transfer was appropriate.

Huntington argues that because the Debtor claimed venue was proper in New York for the class action, it cannot now claim a contrary position in its bankruptcy case. The positions, however, are not contrary. The affidavits of Mr. Kiebler in both cases show no inconsistencies. In the bankruptcy case, Mr. Kiebler attests that Huntington is headquartered in Ohio, the loans in question were executed in Ohio, the collection efforts have been in Ohio and Mr. Kiebler, who is the personal guarantor of the loans, resides in Ohio. None of these statements are inconsistent with the statements made in support of transfer in the class action case. Accordingly, judicial estoppel is inapplicable. *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002). Finally, nothing in the district court's ruling in the class action lawsuit precludes this Court from finding that the Debtor's bankruptcy case is properly venued here.

*****

With respect to Huntington's argument that the bankruptcy case should be transferred in the interest of justice and for convenience of the parties, it has failed to meet its burden in this regard. It is unclear for whom transfer would be more convenient, given that Huntington itself is an Ohio corporation. While the resort may be located in New York, the Debtor's creditor matrix reveals that nearly 70% of its creditors are located outside New York and the Unsecured Creditors' Committee itself opposes transfer. Furthermore, the Cross Family Estate, the second largest creditor, also opposes the Motion. Accordingly, the proximity of creditors factor does not favor transfer. *In re Weatherly Frozen Food,* 133 B.R. at 865. Nor does location of witnesses

favor transfer where Paul Kiebler, the sole manager of the Debtor, as well as Raymond Thesis, CFO, maintain offices in Ohio. *Id.* Finally, Huntington has not shown how the economic administration of the case would be more efficient in New York. Huntington has failed to prove that the Debtor's choice of venue should be disturbed. *In re Delaware & Hudson Railway Co.*, 96 B.R. at 468.

\*\*\*\*\*

Accordingly, Huntington National Bank's Motion to Transfer Venue to the United States Bankruptcy Court for the Western District of New York Pursuant to 28 U.S.C. § 1412 is not well premised and is hereby denied. The objections filed by the Debtor, the Unsecured Creditors' Committee and the Cross Family Estate are hereby sustained.

**IT IS SO ORDERED.**

Dated, this 4th day of August, 2010.

JUDGE RANDOLPH BAXTER
UNITED STATES BANKRUPTCY COURT