# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| **Kiebler Recreation, LLC** ) | Case No. 10-15099 |
| dba Peek'n Peak Resort & Spa ) | |
| ) | Judge Baxter |
| Debtor. ) | |
| ) | |

## FIRST OMNIBUS MOTION FOR ORDER AUTHORIZING DEBTOR TO ASSUME OIL AND GAS LEASES

### FEDERAL RULE OF BANKRUPTCY PROCEDURE 6006(f) NOTICE:

PARTIES RECEIVING THIS FIRST OMNIBUS MOTION SHOULD LOCATE THEIR NAMES AND LEASES AS THEY ARE SET FORTH ON THE ADDENDUM ATTACHED TO THE END OF THIS MOTION

Kiebler Recreation, LLC (the "Debtor"), as debtor and debtor in possession, hereby respectfully moves the Court (the "Motion"), pursuant to sections 105(a) and 365 of title 11 (the "Bankruptcy Code") of the United States Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the entry of an order authorizing the Debtor to assume certain oil and gas leases, as more specifically described herein. In support of this Motion, the Debtor respectfully states the following.

### Jurisdiction and Venue

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2). Bankruptcy Code sections 105(a) and 365 and Bankruptcy Rule 6006 provide the substantive bases for the relief requested herein.

## Background

2. On May 26, 2010 (the "Petition Date"), the Debtor commenced the above-captioned case under the Bankruptcy Code. The Debtor operates Peek'N Peak Resort and Spa, a popular recreational and tourist complex in Chautauqua County, New York. The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Office of the United States Trustee appointed a committee of unsecured creditors (the "Committee") on June 9, 2010. No trustee or examiner has been appointed.

## The Oil and Gas Leases

4. For many years prior to the Petition Date, the Debtor's predecessor, Peek'N Peak Recreation, Inc. ("PNPR"), was the owner of a working interest in a number of oil and gas wells (the "Wells"), with the right to operate the Wells, pursuant to a number of lease agreements (collectively, the "Leases"). Under the Leases, PNPR maintained ownership of a working interest in the Wells, as well as the right to operate the Wells. A list identifying each of the Leases and the counter-parties thereto (collectively, the "Lessors") is attached as the Addendum to this Motion.

5. On February 14, 2006, PNPR, together with its predecessors in interest under the Leases—Cross Exploration, Inc., and Cross of New York, Inc.—as assignors, assigned all of their rights and interests in the Wells and the Leases to the Debtor, as assignee, pursuant to a certain Assignment of Oil and Gas Leases and Wells Agreement (the "Assignment"). A copy of the Assignment is attached to this Motion as Exhibit A. In addition, copies of the Leases and related interests conveyed to the Debtor pursuant to the Assignment are attached to this Motion as Exhibits Aa-1 through Aa-4, Ab through Ab-4, and Ac through Ac-2.

6. Pursuant to the Leases and the Assignment, the Debtor owns working interests in the wellheads and the right to operate the Wells, as lessee, for the purpose of searching for, producing, and withdrawing and extracting oil and natural gas from the Wells.

7. The Debtor wishes to assume the Leases. As of the Petition Date, there was no default under the Leases; accordingly, there are no cure costs associated with the proposed assumption. In addition, the Debtor's obligations under the Leases are minimal, primarily consisting of providing or paying to the Lessors, as royalties, a proportionate share of the oil and/or gas extracted (or the value thereof) or, alternatively, threshold minimum volumes of gas actually extracted annually. For these reasons, it is in the best interest of the Debtor and its estate and creditors that the Court authorize it to assume the Leases.

**Relief Requested and Reasons Therefor**

**I. Authority to Assume Leases**

8. By this Motion, the Debtor seeks authority to assume the Leases. Section 365(a) of the Bankruptcy Code provides that a debtor, subject to the Court's approval, may assume or reject any executory contract or unexpired lease of the debtor. The Bankruptcy Code further provides that the Debtor must cure any existing defaults under such agreements and provide adequate assurance of future performance. Section 105(a) of the Bankruptcy Code enables a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

9. The Bankruptcy Code provides for the assumption of an executory contract or unexpired lease if there has been no default, and for cure with adequate assurances if there has been a default. *In re National Sugar Refining Co.*, 26 B.R. 765, 767 (Bankr. S.D.N.Y. 1983).

3

Subject to approval from the Court, the Debtor has the authority to assume the Leases pursuant to Bankruptcy Code section 365(a). 11 U.S.C. § 365(a).

10. The "business judgment" test applies to a decision to assume or reject an executory contract or unexpired lease. This test involves a determination regarding whether it would be beneficial or burdensome to the estate to assume the agreement in question. Under the "business judgment rule," assumption is appropriate if a debtor can demonstrate that it will benefit the estate. *Chira v. Saal (In re Chira)*, 367 B.R. 888, 898 (Bankr. S.D. Fla. 2007). The analysis turns on whether assuming the contract or lease would be a good business decision or a bad one. *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1099 (2nd Cir. 1993).

11. If a contract or lease is beneficial to a debtor, its assumption should be authorized. *Chira v. Saal*, 367 B.R. at 898; *In re National Sugar Refining Co.*, 26 B.R. at 767. Generally, unless there is a showing of bad faith or an abuse of business discretion, a debtor's business judgment will not be disturbed. *In re Old Carco LLC*, 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009).

12. In this case, there has been no default under the Leases, and the Debtor has no cure obligations or ongoing performance obligations, other than with respect to its obligations to share royalties with the Lessors, as oil and gas are drawn from the Wells. Moreover, the Debtor believes the Leases have value, in that there are opportunities to continue to extract gas and oil from the Wells that may be exercised, assigned, and/or sold by the Debtor for value. Because the Leases hold potential value to the estate, and because the estate will not bear any costs as a result of their assumption, the requested assumption of the Leases represents an exercise of the Debtor's sound business judgment.

### II. Waiver of Requirement to File Separate Motions for each Lease

13. The Debtor also requests that the Court waive the technical filing requirements of Bankruptcy Rule 6006(e). Bankruptcy Rule 6006(e) requires separate motions to be filed for each contract or lease to be assumed "unless the court authorizes [one] motion to be filed." Fed. R. Bankr. P. 6006(e). Judicial economy and simplicity weigh in favor of waiving the rule that a separate motion be filed in order to assume each Lease in this case. The filing of ten separate motions would contribute nothing beneficial to the process here; instead, it would only cause unnecessary expense and confusion. Waiver is expressly provided for and permitted by the rule, and it has been granted in this and other Courts. *See* Fed. R. Bankr. P. 6006(e)(3) and (f); and *In re Old Carco LLC*, 406 B.R. at 209-10. *See also* the following Orders entered in this case: Agreed Order Approving First Omnibus Motion for Order Authorizing Debtor to Assume Condominium Rental Management Agreements, dated July 29, 2010 [docket # 168]; and Order Approving First Omnibus Motion for Order Authorizing Debtor to Assume Insurance Agreements, dated August 23, 2010 [docket # 199].

### Summary and Conclusion

14. The proposed assumption of the Leases represents a sound and desirable exercise of the Debtor's reasonable business judgment. The Debtor respectfully requests that the Court authorize it to assume the Leases.

### Waiver of Memorandum of Law

15. The Debtor submits that this Motion does not present any novel issues of law requiring further briefing; moreover, appropriate authorities have already been cited herein. Therefore, the Debtor respectfully requests that the Court waive the requirement pursuant to Rule

9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Northern District of Ohio that a separate memorandum be filed in support of the Motion.

**No Prior Request**

16. No previous motion for the relief sought herein has been made to this or any other Court.

**Notice**

17. Notice of this Motion has been given by regular mail or electronic filing to the following parties or their counsel: (a) the United States Trustee, (b) the Debtor's secured lenders, Huntington National Bank and PNC Bank, (c) the Committee; (d) the Lessors identified on the Addendum; and (e) all parties that have requested notice in this case. In light of the nature of the relief requested, the Debtor submits that such notice is appropriate and that no further notice need be given.

**Conclusion**

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order (i) approving the Motion; (ii) authorizing the Debtor to assume the Leases; (iii) approving the form and manner of notice of the Motion, including a waiver of the requirement that a separate motion be filed for each Lease; and (iv) granting such other and further relief to the Debtor that the Court deems just and proper.

Dated: September 3, 2010                                    Respectfully Submitted,

*/s/ Andrew Turscak*
Robert C. Folland (0065728)
Andrew L. Turscak, Jr. (0073851)
Mark A. Weintraub (0078789)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114
(216) 566-5500 (phone)
(216) 566-5800 (fax)
Robert.Folland@thompsonhine.com
Andrew.Turscak@Thompsonhine.com
Mark.Weintraub@thompsonhine.com

*Counsel for Debtor*

11542449.2

# ADDENDUM TO:

## FIRST OMNIBUS MOTION FOR ORDER AUTHORIZING DEBTOR TO <u>ASSUME OIL AND GAS LEASES</u>

| *Exhibit* | *Lessor(s)* |
|---|---|
| **Exh. A - Assignment** | NA |
| **Exh. Aa-1 - Malecki Lease Ext. Aug. 10, 1972**<br>Oil and Gas Lease dated August 10, 1972 given by Stanley J. Malecki to Consolidated Gas Supply Corporation and recorded in the Chautauqua County Clerks' Office in Liber 1435 of Deeds at Page 206 on October 5, 1972. Extended by agreement dated March 30, 1982 and recorded in the Chautauqua County Clerks' Office in Liber 1927 of Deeds at Page 431 on April 15, 1982. | Stanley J. Malecki |
| **Exh. Aa-2 - Wroblewski Lease July 25, 1972**<br>Oil and Gas lease dated July 25, 1972, given by Alex Wroblewski and Mary Louise Wroblewski to Consolidated Gas Supply Corporation and recorded in the Chautauqua County Clerks' Office in Liber 1437 of Deeds at Page 95 on November 1, 1972. Extended by agreement dated March 30, 1982 and recorded in the Chautauqua County Clerks' Office in Liber 1927 of Deeds at Page 443 on April 15, 1982. | Alex Wroblewski and Mary Louise Wroblewski |
| **Exh. Aa-2a - Wrobleski Lease July 25, 1972 Ext.** | Alex Wroblewski and Mary Louise Wroblewski |
| **Exh. Aa-3 - Wrobleski Lease Aug. 1, 1972**<br>Oil and Gas Lease dated August 1, 1972, given by Leonard M. Wroblewski and Rita Wroblewski to Consolidated Gas Supply Corporation and recorded in the Chautauqua County Clerks' Office in Liber 1437 of Deeds at Page 521 on November 13, 1972. Extended by agreement dated March 30, 1982 and recorded in the Chautauqua County Clerks' Office in Liber 1929 of Deeds at Page 188 on May 3, 1982. | Leonard M. Wroblewski and Rita Wroblewski |
| **Exh. Aa-3a - Wrobleski Lease Aug. 1, 1972 Ext.** | Leonard M. Wroblewski and Rita Wroblewski |

| Exhibit | Lessor(s) |
|---|---|
| **Exh. Aa-4 - Maleski Lease Ext. Jan. 23, 1963**<br>Oil and Gas Lease dated January 23, 1963, given by Frank G. Maleski and Elizabeth M. Maleski to New York State Natural Gas Corporation and recorded in the Chautauqua County Clerks' Office in Liber 1213 of Deeds at Page 430 on March 25, 1963. Extended by an agreement recorded in the Chautauqua County Clerks' Office in Liber 1432 of Deeds at Page 534 and by an agreement dated March 30, 1982 and recorded in the Chautauqua County Clerks' Office in Liber 1927 of Deeds at Page 413 on April 15, 1982. | Frank G. Maleski and Elizabeth M. Maleski |
| **Exh. Ab - Unit Operation Designation May 24, 1982**<br>Unit Operation Designation dated May 24, 1982 and recorded in the Chautauqua County Clerks' Office in Liber 1932 of Deeds at Page 547 on June 7, 1982. | NA |
| **Exh. Ab-1 - Martin Lease Oct. 5, 1972**<br>Oil and Gas Lease dated October 5, 1972, given by Titus M. Martin and Laura L. Martin to Oxford Associates and recorded in the Chautauqua County Clerks' Office in Liber 1468 of Deeds at Page 141 on october 10, 1973. | Titus M. Martin and Laura L. Martin |
| **Exh. Ab-2 - DeShazer Lease Oct. 6, 1972**<br>Oil and Gas Lease dated October 6, 1972, given by Walter D. DeShazer and Mildred DeShazer to Oxford Associates and recorded in the Chautauqua County Clerks' Office in Liber 1468 of Deeds at Page 93 on October 10, 1973. | Walter D. DeShazer and Mildred DeShazer |
| **Exh. Ab-3 – Pas Lease Oct. 5, 1972**<br>Oil and Gas Lease dated october 5, 1972, given by Jan Ten Pas, Jr. and Patricia L. Ten Pas to Oxford Associates and recorded in the Chautauqua County Clerks' Office in Liber 1468 of Deeds at Page 161 on October 10, 1973. | Jan Ten Pas, Jr. and Patricia L. Ten Pas |
| **Exh. Ab-4 - Hayes Lease Oct. 5, 1972**<br>Oil and Gas Lease dated October 14, 1972, given by Marjorie J. Hayes to Oxford Associates and recorded in the Chautauqua County Clerks' Office in Liber 1468 of Deeds at Page 119 on October 10, 1973. | Marjorie J. Hayes |

| Exhibit | Lessor(s) |
|---|---|
| **Exh. Ac - Declaration of Consolidation Feb. 8, 1985** <br> Declaration of Consolidation dated February 8, 1985 and recorded in the Chautauqua County Clerks' Office in Liber 2044 of Deeds at Page 144 on February 15, 1985. Amended Declaration of Consolidation dated September 27, 1985 and recorded in the Chautauqua County Clerks' Office in Liber 2067 of Deeds at Page 265 on September 27, 1985. | NA |
| **Exh. Ac-1 - Boland Lease July 18, 1983** <br> Oil and Gas Lease dated July 18, 1983, given by Everett Boland and Clara Boland to Desert Gas Exploration Co., Inc. and recorded in the Chautauqua County Clerks' Office in Liber 1984 of Deeds at Page 274 on october 12, 1983. | Everett Boland and Clara Boland |
| **Exh. Ac-2 - Brown Lease June 30, 1983** <br> Oil and Gas Lease dated June 30, 1983, given by Ada May Brown to Desert Gas Exploration Co., Inc. and recorded in the Chautauqua County Clerks' Office in Liber 1984 of Deeds at Page 287 on October 12, 1983. | Ada May Brown |

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served electronically through the Court's ECF System or by e-mail and regular United States mail upon the parties listed below on September 3, 2010.

Philip E. Langer, Esq.
Michael Shuster, Esq.
Porter Wright Morris & Arthur LLP
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115-1483
*Counsel for Huntington National Bank*
planger@porterwright.com
mshuster@porterwright.com

Joseph Zagraniczny, Esq.
Ingrid S. Palermo, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202
*Counsel for Huntington National Bank*
jzagraniczny@bsk.com
ipalermo@bsk.com
sdonato@bsk.com

Joseph D. Frank, Esq.
Jeremy C. Kleinman, Esq.
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
*Counsel for Pepsi Beverages Company*
jfrank@fgllp.com
jkleinman@fgllp.com

Ronna G. Jackson, Esq.
Howard M. Metzenbaum U.S. Courthouse
201 Superior Ave
Cleveland, OH 44114
*United States Trustee*
ronna.g.jackson@usdoj.gov

Mark L. Hankin, Esq.
Hankin & Mazel, PLLC
7 Penn Plaza, Suite 904
New York, New York 10001
*Counsel for American Leisure Consulting Corporation*

Drew Parobek, Esq.
Carrie M. Brosius, Esq.
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center, 1374 E. 9th
Cleveland, OH 44114
*Counsel for PNC Bank*
dtparobek@vorys.com
cmbrosius@vorys.com

Lawrence Bolla, Esq.
Quinn, Buseck, Leemhuis, Toohey & Kroto
2222 West Grandview Boulevard
Erie, Pennsylvania 16506
*Counsel for Vincent Cross, Executor for the Estate of Norbert Cross and Raquel Cross, Executrix of the Estate of Eugene Cross*
lbolla@quinnfirm.com

Daniel A. DeMarco, Esq.
Christopher B. Wick, Esq.
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
*Counsel for Committee*
dademarco@hahnlaw.com
cwick@hahnlaw.com

Kenneth C. Johnson, Esq.
Andria M. Beckham, Esq.
Robert T. Castor, Esq.
Bricker & Eckler, LLP
100 South Third St.
Columbus, Ohio 43215
*Counsel for Textron Financial Corporation*
kjohnson@bricker.com

**Lessors and Related Parties**

*Malecki Lease*

Stanley J. Malecki
1021 Marvin Road
Clymer, NY 14724

and

Arthur Malecki
1021 Marvin Road
Clymer, NY 14724

and

Leonard Wroblewski
1137 East 26th Street
Erie, PA 16504

and

James Caflisch
PO Box 100
Marvin Road
Clymer, NY 14724

and

Dominion Exploration & Production, Inc.
Department 0436
PO Box 120436
Dallas, TX 75312-0436

*Martin Lease*

Titus and Laura Martin
10730 Rt. 474
Clymer, NY 14724

and

David Martin
10730 Rt 474
Clymer, NY 14724

and

Stephen Ongley
45401 State Hwy 77
Spartansburg, PA 16434

and

Doug Deshazer
9057 Blackstone Street
Spring Hill, FL 34608

and

Dominion Exploration & Production, Inc.
Department 0436
PO Box 120436
Dallas, TX 75312-0436

*Wroblewski Lease 1*

Alex and Mary Wroblewski
86 Calla Way
Buffalo, NY 14225-5524

*Wroblewski Lease 2*

Leonard and Rita Wroblewski
1137 East 26th Street
Erie, PA 16504-0630

*Boland Lease*

Everett and Clara Boland
1699 Railroad
Panama, NY 14767

and

Estate of: N. Dean Altimus
PO Box 390
Fredonia, NY 14063

*Brown Lease*

Ada May Brown
1651 Railroad Street
Clymer, NY 14759

**Hayes Lease**

Marjorie J. Hayes
RD#2
Clymer, NY 14724

and

Reuben Hostetler
1651 Railroad Street
Panama, NY  14767

*Maleski Lease*

Frank G. and Elizabeth M. Maleski
10256 Old Road
Clymer, NY 14724-9622

*Ten Pas Lease*

Jan and Patricia Ten Pas
RD#2, Box 75
Clymer, NY 14724

*DeShazer Lease*

Walter D. and Mildred DeShazer
RD #2
Clymer, NY 14724

      */s/ Andrew Turscak*
      Andrew L. Turscak, Jr.