IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re: KIEBLER RECREATION, LLC ) CASE NO. 10-15099
dba PEEK'N PEAK RESORT )
) CHAPTER 11
)
) "AMENDED"
Debtor(s) ) NOTICE OF EVIDENTIARY HEARING

At Cleveland, in said District this __9th__ day of __SEPTEMBER, 2010.__

NOTICE IS HEREBY GIVEN that an Evidentiary hearing on MOTION OF DEBTOR FOR FINAL HEARING ON CONTINUED USE OF CASH COLLATERAL has been rescheduled to <u>NOVEMBER 9, 2010</u> at <u>10:30 A.M.</u> before Judge Randolph Baxter in Courtroom 2B, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Ave., Cleveland, Ohio 44114.

NOTICE IS FURTHER GIVEN that Exhibits and Briefs are to be submitted with one original set and 2 copies to the Court and one copy to opposing Counsel (see attached pr-trial order) .

NOTICE IS FURTHER GIVEN that all parties in interest <u>must be present.</u>

RANDOLPH BAXTER
UNITED STATES BANKRUPTCY JUDGE

By_____
Courtroom Deputy

(1)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re: KIEBLER RECREATION, LLC      CASE NO. 10-15099
       dba PEEK'N PEAK RESORT

## PRETRIAL ORDER

1. To insure readiness of this case for trial, to initiate disposition by settlement, dismissal, or other means, and to facilitate the completion of discovery, the attorneys are directed to to meet at a mutually convenient time and place before pretrial. To arrange the meeting, Plaintiff's counsel is directed to call defendant's counsel.

2. Discovery is scheduled to begin immediately and to be completed no later than __N/A__ .

3. Final pretrial is set for _____N/A_____ At such final pretrial conference[1] the Court will consider:

     A. The simplification of issues;

     B. The necessity or desirability of amendments to the pleadings;

     C. The separation of issues;

     D. The prospects of settlement;

     E. Such other matters as may aid in the disposition of the action.

---

[1] The Court will not entertain any Bankr.R.7037 motions unless there is compliance with Local Bankr.R4:0.9 which requires counsel to attempt to resolve discovery differences.

(2)

Settlement authority should be obtained from your client prior to the pretrial conference. At least one of the attorneys for each party participating in any conference before trial shall have the authority to enter into stipulations and make admissions regarding all matters than the participants may reasonably anticipate may be discussed.

Counsel are expected to appear personally at all pretrial's unless otherwise ordered by the Court. All parties are to be present or immediately available by telephone.

4. <u>Dispositive Motions,</u> and limiting motions, if any, are to be filed no later than <u>N/A      </u>. If a party opposes a motion, such opposition must comply with Local Bankr.R.4:0.8(a)(5). The parties are ordered to continued conducting discovery regardless of any motions which may be filed in the case.

5. <u>TRIAL BRIEFS ARE REQUIRED.   AN ORIGINAL AND (2) COPIES OF THE TRIAL BRIEFS  ARE TO BE FILED NO LATER THAN</u>  (TRIAL BRIEFS DUE 11/02/10). An additional copy of the Trial Brief must be provided to all opposing counsel on or before the final pretrial date.

6. <u>PRETRIAL STATEMENT.   EACH PARTY IS TO FILE WITH THE COURT AND SERVE UPON OPPOSING COUNSEL A PRETRIAL STATEMENT NO LATER THAN</u> (PRETRIAL STATEMENT DUE 11/02/10). An original plus 2 copies are to be filed with the Court, and should include, <u>inter alia,</u> the following.

    A.  Jurisdiction of the Court;

    B.  Identity of Counsel for each litigating party;

    C.  Contested Issue(s) of Fact;

    D.  Contested Issue(s) of Law;

E. A concise statement of the nature of the action;

F. A list of any pending motions before the Court;

G. Stipulation (if any);

H. A list of Exhibits

I. Witness List. A list of witnesses (both lay and expert). Only those individuals so listed will be permitted to testify at trial. A copy of each expert witnesses' curriculum vitae is to be attached to the Witness List.

J. EVIDENTIARY HEARING. The evidentiary hearing of the matter is scheduled to commence on  NOVEMBER 9, 2010 @ 10:30 A.M.  and will consume no more than  1/2  day(s). **Parties shall arrive 15 minutes prior to scheduled start time for instructions re: use of the document camera.**

7. Exhibits   (EXHIBITS DUE 11/02/10)

Exhibits are to be in the following form:

A. <u>EXHIBITS ARE TO BE SECURELY BOUND AND SUBMITTED WITH  1  ORIGINAL SET AND 2 COPIES TO THE COURT AND ONE COPY TO OPPOSING COUNSEL NO LATER THAN</u>   (EXHIBITS DUE 11/02/10)

B. Accompanying each set of bound exhibits shall be an exhibit index showing the exhibit number and a brief description of each exhibit.

C. Plaintiff(s) are to use numbers for marking each exhibit, with yellow exhibit labels affixed to the lower right corner of the first pay of each exhibit.

D. Defendant(s) are to use alphabetical letters for marking each exhibit, with blue exhibit labels affixed to the lower right corner of the first page of each exhibit.

(4)

E. Exhibits that contain more than on page must designate each page of the exhibit as "A-1", etc., or "1-1", "1-2", etc.

F. Joint exhibits are to be labeled as indicated above, using the designation of "J.X.", etc., for marking.

<u>ONLY EXHIBITS SO LISTED SHALL BE OFFERED AS EVIDENCE AT THE TRIAL EXCEPT FOR GOOD CAUSE SHOWN.</u>

8. Pursuant to Bankr.R.7016(f), if a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney fails to participate in good faith, the Court, <u>sua sponte,</u> may impose sanctions on either the party or the party's attorney, as provided in Bankr.R. 7037(b)(2)(B), ( C ), (D).

9. <u>FAILURE OF COUNSEL TO COMPLY WITH THIS ORDER MAY RESULT IN SUMMARY DISPOSITION OF THE CASE.</u> See, <u>National Hockey League, et al. v. Metropolitan Hockey Club,</u> 427 U.S. 639, 641-43 (1976); <u>Link v. Wabash Railway,</u> 370 U.S. 633-34 (1962).

IT IS SO ORDERED, this __9th__ day of __SEPTEMBER, 2010.__

ENTERED PURSUANT TO ADMINISTRATIVE
ORDER NO. 03- 4 KENNETH J. HIRZ,
CLERK OF BANKRUPTCY COURT

BY _____
Deputy Clerk

_____
RANDOLPH BAXTER
U.S. BANKRUPTCY JUDGE

(5)

CERTIFICATION OF SERVICE

DEBTOR: KIEBLER RECREATION, LLC

ATTY. FOR DEBTOR: ANDREW L. TURSCAK, JR.
    ROBERT C. FOLLAND
    MARK A. WEINTRAUB

ATTY. FOR UNSECURED CREDITORS COMMITTEE: DANIEL A. DeMARCO
    CHRISTOPHER B. WICK

ATTY. FOR THE HUNTINGTON NATIONAL BANK: JOSEPH ZAGRANICZNY
    STEPHEN A. DONATO
    INGRID S. PALERMO

ATTY. FOR THE HUNTINGTON NATIONAL BANK: MICHAEL SHUSTER
    PHILIP E. LANGER

ATTY. FOR PNC BANK: DREW T. PAROBEK
    CARRIE M. BROSIUS

ATTY. FOR PEPSI BEVERAGES CO.: JOSEPH D. FRANK
    JEREMY C. KLEINMAN

ATTY. FOR VINCENT CROSS: LAWRENCE BOLLA

U.S. TRUSTEE: RONNA G. JACKSON

DATED: SEPTEMBER 9, 2010

(6)

10-15099-rb    Doc 229    FILED 09/09/10    ENTERED 09/10/10 12:14:12    Page 6 of 6