UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
Cleveland Division

In re:

KIEBLER RECREATION, LLC,

Case No. 10-15099
Chapter 11 Case

Debtor.

## MOTION OF HUNTINGTON NATIONAL BANK FOR AN ORDER DIRECTING THE EXAMINATION OF CERTAIN 2004 EXAMINEES PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

Huntington National Bank ("Huntington"), by and through its counsel Bond Schoeneck & King, PLLC, hereby moves this Court for an order pursuant to Federal Rules of Bankruptcy Procedure Rule 2004, directing the examination of Jeff TeCulver, Robert Swenson, John Tau and Brad Gavnik ("Motion"). In support of this Motion, Huntington respectfully represents as follows:

1. On May 26, 2010 ("Petition Date"), Kiebler Recreation, LLC ("Debtor") commenced a case under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). The Debtor is authorized to operate its business and manage its properties pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor is the owner of The Peek'n Peak Resort and Spa property located in French Creek, New York ("Mortgaged Premises"). The Debtor operates, *inter alia*, a ski resort, two golf courses, several restaurants and banquet facilities, a hotel, health spa, gas station and convenience store, condominiums and apartments.

3. On June 9, 2010, the Office of the United States Trustee appointed an official committee of unsecured creditors ("Committee") which is represented by Daniel A. DeMarco, Esq. in this matter.

4. Pursuant to the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") Rule 2004 ("Rule 2004"), Huntington seeks authorization to examine certain employees of the Debtor, who had day-to-day control over the Debtor's operations.

5. On August 13, 2010, Huntington conducted voluntary Rule 2004 Examinations of both Mr. Paul Kiebler, IV and Mr. Raymond Theiss, Esq. regarding the pre-petition and post-petition business operations of the Debtor. During these examinations, both Mr. Kiebler and Mr. Theiss were unable to answer certain questions and stated that other employees of the Debtor would be able to answer these questions.

6. Huntington makes this Motion to obtain information regarding the pre-petition and post-petition financial condition of the Debtor that neither Mr. Kiebler, the Debtor's CEO, nor Mr. Theiss, the Debtor's CFO have been able to answer.

7. Based on the 2004 testimony of Mr. Kiebler and Mr. Theiss, the following individuals may have knowledge concerning the inquires which Messrs. Kiebler and Theiss were not able to answer and have information on the operations of the facilities, and the assets and obligations of the Debtor. Huntington, therefore, seeks to depose at the resort:

   a) Jeff TeCulver – Mr. TeCulver is the Treasurer and Chief Administrative Officer of the Debtor and will be able to provide information relevant to the prepetition and post-petition liabilities and financial condition of the Debtor. Upon information and belief, Mr. TeCulver is responsible for the Debtor's "cash management," signs checks on behalf of the Debtor and transfers funds on behalf of the Debtor;

2                                                                1707921.2 9/15/2010

10-15099-rb    Doc 232    FILED 09/15/10    ENTERED 09/15/10 17:13:40    Page 2 of 5

b) Robert Swenson – Mr. Swenson is the President of the Debtor and will be able to provide information relevant to the Debtor's prepetition and post-petition business operations. Upon information and belief, all employees of the Debtor report to Mr. Swenson;

c) John Tau – Mr. Tau is the Controller of the Debtor and will be able to provide information relevant to the prepetition and post-petition liabilities and financial condition of the Debtor. Upon information and belief, Mr. Tau oversees the day-to-day accounting functions of the Debtor, including maintaining the general ledger and performing the month-end closing; and

d) Brad Gavnik – Mr. Gavnik is the Director of Operations for the Debtor and will be able to provide information relevant to the Debtor's prepetition and post-petition business operations. Upon information and belief, Mr. Gavnik is involved in everything dealing with the operations of the Debtor.

8. Rule 2004 provides that "[o]n the motion of any party in interest, the court may order the examination of any entity." F.R. Bankr. P. 2004(a). Furthermore, "[t]he examination of an entity under this rule…may relate only to the acts, conduct, or property or liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate…" F. R. Bankr. P. 2004(b).

9. While a 2004 examination is testimony given under oath, it is [sic] differs greatly from a deposition, it is broader in scope and has fewer protections. *Moore v. Lang (In re Lang),* 107 B.R. 130, 131 (Bankr. N.D. Ohio 1989)….A 2004 examination is conducted for the purpose of, among other things, examining the acts, conduct or property of the debtor, any matter which may affect the administration of the Bankruptcy Estate or the debtor's right to a discharge. See F. R. Bankr. P. 2004(b). It is a wide ranging 'fishing expedition' that is intended to give parties in interest a tool to facilitate proper and efficient identification of assets of the estate and aid in administration.

1707921.2 9/15/2010

*In re Johnson,* 2007 Bankr. LEXIS 3022(Bankr. S.D. Ohio 2007)(Preston, J.). *See also, In re Lang,* 107 B.R. 130 (Bankr. N.D. Ohio 1989)(Baxter, J.)(purpose of 2004 exam is to gain a clear picture of the condition and whereabouts of a bankrupt's estate); *In re Lufkin*, 225 B.R. 204, 208 (Bankr. E.D. Tenn. 2000)(2004 examination is exceptionally broad and likened to a "fishing expedition"); *In re Snyder v. Society Bank*, 181 B.R. 40, 41 (S.D. Tex. 1994), *aff'd* 52 F.3d 1067 (5th Cir. 1995)(purpose of a 2004 examination is to aid in the discovery of assets, including potential litigation); *Martin v. Keybank of New York*, 208 B.R. 807 (N.D.N.Y. 1997)(2004 examination is very broad with great latitude for inquiry); *In re Continental Capital Investment Services, Inc.*, 2009 Bankr. LEXIS 1450 (Bankr. N.D. Ohio 2009)(Whipple, J.)(2004 examinations are broad and unfettered).

10. By this Motion, Huntington seeks to obtain information on the prepetition financial and business dealings of the Debtor, including, but not limited to, incurring of debt in the 90 days prior to filing, repayment of Debtor to insiders during the preference period, forgiveness of debt to insiders during the preference period.

## WAIVER OF MEMORANDUM OF LAW

11. Huntington submits that this Motion does not present any novel issues of law requiring further briefing; moreover, appropriate authorities have already been cited herein. Therefore, Huntington respectfully requests that the Court waive the requirement pursuant to Rule 9013-a of the Local Rules for the United States Bankruptcy Court for the Northern District of Ohio that a separate memorandum of law be filed in support of the Motion.

## NOTICE

12. Notice of this Motion has been given by first-class mail or electronic filing to the following parties, or their counsel, if known: (a) the Debtor, (b) the United States Trustee, (c) the Debtor's secured lender PNC Bank, (d) the Committee, (e) Mr. Jeff TeCulver, (f) Mr.

4                                                     1707921.2 9/15/2010

10-15099-rb    Doc 232    FILED 09/15/10    ENTERED 09/15/10 17:13:40    Page 4 of 5

Robert Swenson, (g) Mr. John Tau, (h) Brad Gavnik, and (i) all parties who have requested notice in this case. In light of the nature of the relief requested, Huntington submits that such notice is appropriate and that no further notice need be given.

## NO PRIOR REQUEST

13. No prior request for the relief sought in this Motion has been made to this or any other court.

**WHEREFORE**, Huntington respectfully requests that this Court enter an Order, pursuant to Federal Rule of Bankruptcy Procedure 2004 (a) directing the examination of Jeff TeCulver, Robert Swenson, John Tau and Brad Gavnik at the Mortgaged Premises, at a date and time mutually agreeable to the parties, but no later than October 8, 2010; and (b) granting Huntington such other and further relief as this Court deems appropriate.

Dated: September 15, 2010  BOND, SCHOENECK & KING, PLLC

By:  /s/  Ingrid S. Palermo
Stephen A. Donato, Esq.
Joseph Zagraniczny, Esq.
Ingrid S. Palermo, Esq.
*Attorneys for Huntington National Bank*
Office and P.O. Address
One Lincoln Center
Syracuse, NY  13202-1355
Telephone:  (315) 218-8000