UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

---------------------------------------------------------------x
                                                               :
**In re:**                                                     :  Case No. 10-15099
                                                               :
**KIEBLER RECREATION, LLC**                                    :  Chapter 11
                                                               :
              Debtor.                 :  Judge Randolph Baxter
                                                               :
---------------------------------------------------------------x

## MOTION OF THE DEBTOR FOR AN ORDER EXTENDING THE PERIODS OF TIME WITHIN WHICH ONLY THE DEBTOR IS PERMITTED TO FILE A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF

Kiebler Recreation, LLC, as debtor and debtor-in-possession (the "Debtor") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), hereby moves the Court (the "Motion"), pursuant to Bankruptcy Code section 1121(d), for entry of an Order extending the periods during which the Debtor has the exclusive right to file a plan and solicit acceptances thereof (the exclusive plan filing and solicitation periods collectively, the "Exclusivity Periods"). In support of this Motion, the Debtor respectfully states the following.

### JURISDICTION

1. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief sought herein is Bankruptcy Code section 1121(d).

### BACKGROUND

2. On May 26, 2010 (the "Petition Date"), the Debtor commenced the above-captioned case under the Bankruptcy Code. The Debtor operates Peek'N Peak Resort and Spa, a

popular recreational and tourist complex in Chautauqua County, New York. The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Office of the United States Trustee appointed a committee of unsecured creditors (the "Committee") on June 9, 2010. No trustee or examiner has been appointed.

4. On June 3, 2010, the Court entered its Chapter 11 Case Scheduling Order, in which, among other things, it ordered the Debtor to file its plan and disclosure statement on or before September 24, 2010.

5. The Debtor has been working diligently to prepare, negotiate and file a plan and disclosure statement on or before September 24, 2010.

6. The current deadline for which the Debtor may solicit acceptances of its plan is November 23, 2010.

7. On August 24, 2010, the Debtor held a meeting that included the Debtor's prepetition lenders and counsel for the Committee to discuss the possibility of a consensual plan. Although no resolution was reached, the parties have continued good faith negotiations towards a consensual plan.

8. In order to continue to work on a consensual plan, the parties require additional time. The Debtor would like to avoid having to incur the costs associated with filing a plan for the purpose of meeting the current Exclusivity Periods, only to have to file substantial modifications to the plan thereafter. Therefore, the Debtor seeks brief extensions of the Exclusivity Periods.

10-15099-rb    Doc 250    FILED 09/21/10    ENTERED 09/21/10 16:45:55    Page 2 of 11

## RELIEF REQUESTED AND THE REASONS THEREFOR

9. The Debtor seeks extensions of its Exclusivity Periods in order to allow it the opportunity to complete negotiations of a consensual plan with its creditors. The Debtor requests that the Court extend the current Exclusivity Periods for thirty days each to October 25, 2010,[1] and December 22, 2010, respectively.

10. Because the debtor is the party in the best position to develop a feasible plan, Bankruptcy Code section 1121 provides a debtor, at least initially, with the exclusive right to file and solicit acceptances for a plan. The exclusive periods, which are calculated in accordance with Bankruptcy Code section 1121, are designed to provide a debtor adequate time within which to formulate a plan of reorganization and solicit acceptances of that plan, while also not allowing the debtor to unnecessarily delay the proceedings to pressure creditors into acceptance of an unfavorable plan. *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996); *In re McLean Industries, Inc.*, 87 B.R. 830, 833 (Bankr. S.D.N.Y. 1987).

11. Where the debtor's exclusive periods are inadequate, section 1121(d) also allows a court to extend these periods for cause. 11 U.S.C. § 1121(d) (providing that on request of a party in interest, the court may increase a debtor's exclusivity periods "for cause").

12. The term "cause" is undefined by the statute, but it is to be viewed flexibly in order to allow the debtor to reach agreement. *McLean Industries*, 87 B.R. at 833. The decision whether to extend the exclusivity periods is a fact-based inquiry left to the court's discretion to promote maximum flexibility in chapter 11 proceedings. *Amko Plastics*, 197 B.R. at 77. The inquiry is considered on a case by case basis. *In re Fountain Powerboat Industries, Inc.,* 2009 Bankr. LEXIS 4015 at *11 (Bankr. E.D.N.C. Dec. 4, 2009).

---

[1] Because the thirtieth day falls on October 23, a Saturday, the requested extension would run through Monday, October 25, 2010.

10-15099-rb    Doc 250    FILED 09/21/10    ENTERED 09/21/10 16:45:55    Page 3 of 11

13. Under section 1121(d)(2), exclusivity extensions may not be authorized beyond respective eighteen and twenty month periods after the date of the order for relief. 11 U.S.C. § 1121(d)(2)(B). Here, the Debtor is asking for very modest extensions that are well within the outside parameters set by the Bankruptcy Code.

### *Relevant Factors in Considering an Extension of Exclusivity*

14. The courts have identified a number of factors relevant to the determination regarding whether sufficient cause exists to extend a debtor's exclusivity periods.[2] The factors commonly utilized by the courts include the following: (a) the size and complexity of the case; (b) the need for sufficient time to negotiate; (c) the existence of good faith progress toward reorganization; (d) whether the debtor is paying its bills as they come due; (e) whether there are reasonable prospects for a viable plan; (f) whether the debtor has made progress negotiating with creditors; (g) the length of time the case has been pending; (h) whether the debtor is seeking an extension to pressure creditors; and (i) whether unresolved contingencies exist. *In re Service Merchandise Co.*, 256 B.R. 744 (Bankr. M.D. Tenn. 2000).

15. No one factor is dispositive, and the court has considerable discretion to decide which factors are relevant to a particular case and how much weight to give each factor.[3] For the reasons that follow, the Debtor submits that the relevant factors weigh in favor of the requested extensions.

---

[2] *See Official Committee of Unsecured Creditors v. The Elder Beerman Stores Corporation,* 1997 U.S. Dist. LEXIS 23785, at *12, (S.D. Ohio June 23, 1997). *See also In re McLean Industries, Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying five key factors in determining whether an exclusivity period should be extended).

[3] *Sportsman's Link, Inc., v. USPG Portfolio Two, LLC.,* No. 07-101454, 2007 Bankr. LEXIS 4739, at *7 (Bankr. S.D. Ga. Dec. 3, 2007) (*citing Bunch v. Hoffinger Indus., Inc.,* 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003)).

### a. Size and complexity of case

While this case is not exceptionally large or complex from a bankruptcy standpoint, it does encompass an array of multifaceted issues including but not limited to the ongoing issue concerning valuation of the Debtor's resort property. Valuation of the property is the primary subject of an upcoming evidentiary hearing that is currently scheduled for November 9, 2010 at which the Court will consider the Debtor's request for authorization to use cash collateral on a final basis. The valuation issue should also be resolved as part of a confirmable plan, and more time is needed to allow such a resolution to occur. *Fountain Powerboat Industries,* 2009 Bankr. LEXIS 4015 at *9.

### b. Sufficiency of time to negotiate

This case has been pending for several months, during which time the parties have endeavored to resolve complicated issues. The Debtor is optimistic that the extensions requested will provide the time needed for it and its creditor constituencies to arrive at such a resolution. *See Fountain Powerboat Industries,* 2009 Bankr. LEXIS 4015 at *14 (debtor should at least have opportunity to attempt to negotiate terms, to amend plan, if necessary, and to obtain necessary acceptances).

### c. Good faith progress toward reorganization

From the outset of the case, the Debtor has devoted considerable effort toward attempting to reorganize in good faith. The Debtor has fostered open communications with its creditors, promoting a dialogue that, with a little more time, has a reasonable possibility of resulting in a consensual plan.

### d. *Whether the debtor is paying its bills as they come due*

The fact that the Debtor is paying its bills as they come due is looked upon favorably. *In re Dow Corning Corp.,* 208 B.R. 661, 665 (Bankr. E.D. Mich. 1997). Here, the Debtor is cash flow positive and is paying its bills as they come due. Additionally, the Debtor's financial projections show positive cash flow and the ability to pay creditors going forward.

### e. *Reasonable prospects for a viable plan*

The Debtor is hopeful that a plan will be confirmed by this Court in the coming months. Due to the efforts described herein, the parties are progressing toward what the Debtor is hopeful will be universal agreement on the plan's terms.

### f. *Whether the debtor has made progress negotiating with creditors*

As discussed above, the parties have been working to resolve valuation issues, as well as proposed classifications and treatments under the plan. To that end, the Debtor and its counsel have met and conferred with the Debtor's creditors for the purposes of providing them with information, inviting their input, and exploring plan scenarios. While a full and complete consensual resolution has not been attained to date, progress toward that goal has been made.

### g. *Length of time case has been pending*

The case has been on file for under four months, not a particularly lengthy period, and a period not quite sufficient under the current circumstances to develop a global consensus. *See McLean Industries*, 87 B.R. at 835.

### h. *Whether the debtor is seeking extension to pressure creditors*

The Debtor is not seeking the extensions to pressure its creditors. Indeed, quite the opposite is true; it is striving to achieve conciliation with its creditors and avoid a contested confirmation scenario. Courts favor a consensual plan because it demonstrates that the parties

10-15099-rb    Doc 250    FILED 09/21/10    ENTERED 09/21/10 16:45:55    Page 6 of 11

are reaching a meeting of the minds. *In re Grand Traverse Development Company Ltd. Partnership, et al.,* 147 B.R. 418, 421 (Bankr. W.D. Mich. 1992). The extensions requested here are designed only to facilitate reorganization efforts and they are in the best interest of all creditors. *Service Merchandise,* 256 B.R. at 754.

> ### i. *Whether unresolved contingencies exist*

As discussed, there are several unresolved contingencies that must be resolved in order for the Debtor to use cash collateral on a final basis, and in order for a consensual plan to be achieved.

16. Application of the relevant factors suggests that cause exists here to extend the Exclusivity Periods pursuant to Bankruptcy Code section 1121(d). The requested extensions are not sought for the purpose of unduly pressuring creditors or for any other improper purpose. Since the Petition Date, notwithstanding the daily issues that arose in connection with operating the Debtor's business under chapter 11, the Debtor has made progress in its efforts to reach a consensus with its creditors. While certain unresolved issues remain among the Debtor and several of its key creditors, additional time is needed to avoid a confirmation battle and negotiate plan terms that are acceptable to all interested parties. For these reasons, the Debtor believes sufficient cause exists for the extensions to be approved.[4]

## SUMMARY AND CONCLUSION

17. A primary objective of a chapter 11 case is the formulation, confirmation, and consummation of a consensual chapter 11 plan. The parties in this case have made considerable strides toward achieving the ultimate goal of a successful reorganization, one that is satisfactory

---

[4] *Compare McLean Industries*, 87 B.R. at 833 (describing cases where cause has <u>not</u> been found and detailing the reasons for a finding of no cause to extend exclusivity, including the following: ongoing cash losses, previous or lengthy extensions already have been granted, extended exclusivity is being utilized as a tool to pressure creditors, lack of complexity, and the only unresolved issue is a pending appeal).

not only to the Debtor, but also to its prepetition lenders, the Committee, and the other creditor constituencies. While this goal has not been achieved to date, with a little more time, it might be.

18. The new proposed Exclusivity Periods will afford the Debtor a fair opportunity to negotiate a consensual plan and solicit acceptances thereof, without the disruption that might be caused by the filing of competing plans by non-debtor parties. No prejudice will be caused by the extensions, and the Debtor believes that a global resolution is attainable within the Exclusivity Periods, as extended.

## WAIVER OF MEMORANDUM OF LAW

19. The Debtor submits that this Motion does not present any novel issues of law requiring further briefing; moreover, appropriate authorities have already been cited herein. Therefore, the Debtor respectfully requests that the Court waive the requirement pursuant to Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Northern District of Ohio that a separate memorandum be filed in support of the Motion.

## NOTICE

20. Notice of this Motion has been given by regular mail or electronic filing to the following parties or their counsel: (a) the United States Trustee, (b) the Debtor's secured lenders, Huntington National Bank and PNC Bank; (c) the Committee; and (d) all parties that have requested notice in this case. In light of the nature of the relief requested, the Debtor submits that such notice is appropriate and that no further notice need be given.

## NO PRIOR REQUEST

21. No previous motion for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order (i) granting the Motion; (ii) extending the Exclusivity Periods to October 25, 2010 and December 22, 2010, respectively; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: September 21, 2010

Respectfully submitted,

/s/ *Mark A. Weintraub*
Robert C. Folland (0065728)
Andrew L. Turscak, Jr. (0073851)
Mark A. Weintraub (0078789)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
216.566.5500 (phone)
216.566.5800 (facsimile)
Robert.Folland@thompsonhine.com
Andrew.Turscak@Thompsonhine.com
Mark.Weintraub@thompsonhine.com

*Counsel for the Debtor*

11510906.6 -9-

10-15099-rb    Doc 250    FILED 09/21/10    ENTERED 09/21/10 16:45:55    Page 9 of 11

# CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the foregoing Motion was served electronically through the Court's ECF System or by regular United States mail upon the parties listed below on September 21, 2010.

Philip E. Langer, Esq.
Michael Shuster, Esq.
Porter Wright Morris & Arthur LLP
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115-1483
*Counsel for Huntington National Bank*
planger@porterwright.com
mshuster@porterwright.com

Joseph Zagraniczny, Esq.
Ingrid S. Palermo, Esq.
Stephen A. Donato, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202
*Counsel for Huntington National Bank*
jzagraniczny@bsk.com
ipalermo@bsk.com
sdonato@bsk.com

Joseph D. Frank
Jeremy C. Kleinman
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
*Counsel for Pepsi Beverages Company*
jfrank@fgllp.com
jkleinman@fgllp.com

Ronna G. Jackson, Esq.
Howard M. Metzenbaum U.S. Courthouse
201 Superior Ave
Cleveland, OH 44114
*United States Trustee*
ronna.g.jackson@usdoj.gov

Drew Parobek, Esq.
Carrie M. Brosius, Esq.
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center, 1374 E. 9th
Cleveland, OH 44114
*Counsel for PNC Bank*
dtparobek@vorys.com
cmbrosius@vorys.com

Lawrence Bolla, Esq.
Quinn, Buseck, Leemhuis, Toohey & Kroto
2222 West Grandview Boulevard
Erie, Pennsylvania 16506
*Counsel for Vincent Cross, Executor for the Estate of Norbert Cross and Raquel Cross, Executrix of the Estate of Eugene Cross*
lbolla@quinnfirm.com

Daniel A. DeMarco
Christopher B. Wick
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
*Counsel for the Official Committee of Unsecured Creditors*
dademarco@hahnlaw.com
cwick@hahnlaw.com

Kenneth C. Johnson, Esq.
Andria M. Beckham, Esq.
Robert T. Castor, Esq.
Bricker & Eckler, LLP
100 South Third St.
Columbus, Ohio 43215
*Counsel for Textron Financial Corporation*
kjohnson@bricker.com

Mark L. Hankin, Esq.
Hankin & Mazel, PLLC
7 Penn Plaza, Suite 904
New York, New York 10001
*Counsel for American Leisure Consulting Corporation*

                                                  */s/ Andrew Turscak*
                                                  Andrew L. Turscak, Jr.