UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------------x
                                              :
**In re:**                                    :   Case No. 10-15099
                                              :
**KIEBLER RECREATION, LLC**                   :   Chapter 11
                                              :
                    Debtor.                   :   Judge Randolph Baxter
                                              :
-------------------------------------------------------------x

## SECOND MOTION OF THE DEBTOR FOR AN ORDER EXTENDING THE PERIODS OF TIME WITHIN WHICH ONLY THE DEBTOR IS PERMITTED TO FILE A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF

Kiebler Recreation, LLC, as debtor and debtor-in-possession (the "Debtor") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), hereby moves the Court (the "Motion"), pursuant to Bankruptcy Code section 1121(d), for entry of an Order extending the periods during which the Debtor has the exclusive right to file a plan and solicit acceptances thereof (the exclusive plan filing and solicitation periods collectively, the "Exclusivity Periods"). In support of this Motion, the Debtor respectfully states the following.

### JURISDICTION

1.  The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory basis for the relief sought herein is Bankruptcy Code section 1121(d).

### BACKGROUND

2.  On May 26, 2010 (the "Petition Date"), the Debtor commenced the above-captioned case under the Bankruptcy Code. The Debtor operates Peek'N Peak Resort and Spa, a

popular recreational and tourist complex in Chautauqua County, New York. The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Office of the United States Trustee appointed a committee of unsecured creditors (the "Committee") on June 9, 2010. No trustee or examiner has been appointed.

4. On June 3, 2010, the Court entered its Chapter 11 Case Scheduling Order (the "Scheduling Order"), in which, among other things, it ordered the Debtor to file its plan and disclosure statement on or before September 24, 2010 [docket # 41].

5. On September 21, 2010, the Debtor filed its original motion seeking entry of an Order extending the Exclusivity Periods for thirty days each to October 25, 2010 and December 22, 2010, with a request for a corresponding extension of the time set forth in the Scheduling Order to file a plan (the "First Motion to Extend Exclusivity") [docket # 250], as thereafter supplemented [docket # 252]. As described in the First Motion to Extend Exclusivity, the Debtor has been working diligently with the Committee and its prepetition lenders to prepare, negotiate and file a consensual chapter 11 plan of reorganization prior to the expiration of the Exclusivity Periods.

6. On September 28, 2010 the Court entered an Order extending the Exclusivity Periods through such time as the Court makes a final determination on the First Motion to Extend Exclusivity [docket # 258].

7. Following extensive negotiations with its prepetition lenders and the Committee, the Debtor has made significant progress in reaching a consensus on key terms with key parties on a consensual plan of reorganization. However, the Debtor and Huntington have reached an impasse, and it appears that the prospects of reaching a consensus on a plan of reorganization with Huntington prior to October 25, 2010 have dimmed.

8. Given the impasse with Huntington, the Debtor has determined that the best path forward is to obtain final authority to use cash collateral and obtain debtor in possession financing before finalizing and filing its chapter 11 plan. As such, the Debtor will be filing a motion seeking authority to obtain debtor in possession financing and requesting a hearing on said motion on November 9, 2010, which is the date on which the final hearing on the Debtor's motion to seeking authority to use cash collateral is scheduled.

9. At this juncture, there are important issues that need to be addressed that directly and profoundly impact the structure, treatment of claims and means of implementation of the Debtor's chapter 11 plan. It has become apparent that these issues will not be finally resolved until after the hearing on November 9, 2010.

10. Without a reasonable extension of the Exclusivity Periods, the Debtor will face the substantial risk that Huntington Bank will seek to force a liquidation by filing a liquidating plan after the expiration of the Exclusivity Periods, to the detriment of the Debtor and all other creditors. Faced with that scenario, the Debtor will be left with no option other than to incur significant and unnecessary costs associated with filing a plan for the sole purpose of meeting the current Exclusivity Periods, only to then have to file substantial modifications to the plan thereafter. Thus, in order to protect the interests of other creditors and interested parties, the Debtor seeks reasonable extensions of the Exclusivity Periods.

**RELIEF REQUESTED AND THE REASONS THEREFOR**

11. The Debtor seeks extensions of its Exclusivity Periods in order to allow it the opportunity to secure final authority to use cash collateral and obtain debtor in possession financing so that the Debtor can finalize its chapter 11 plan of reorganization. The Debtor requests that the Court extend the current Exclusivity Periods for one hundred twenty days each to January 24, 2011, and March 22, 2011, respectively.

12. As explained in the First Motion to Extend Exclusivity, Bankruptcy Code section 1121 recognizes the importance of allowing the debtor to develop and solicit acceptances of a chapter 11 plan; it is designed to ensure that the debtor is provided an adequate amount of time to achieve these objectives. In the event the debtor requires additional time in excess of the default exclusivity periods under section 1121, for cause shown by the debtor, a court may extend the exclusivity periods. 11 U.S.C. §1121(d).

13. The decision whether to extend the exclusivity periods is a fact-based inquiry left to the court's discretion to promote maximum flexibility in chapter 11 proceedings. *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996). The following factors, none of which is alone dispositive, have been identified by Courts as relevant to the determination regarding whether sufficient cause exists to extend a debtor's exclusivity periods: (a) the size and complexity of the case; (b) the need for sufficient time to negotiate; (c) the existence of good faith progress toward reorganization; (d) whether the debtor is paying its bills as they come due; (e) whether there are reasonable prospects for a viable plan; (f) whether the debtor has made progress negotiating with creditors; (g) the length of time the case has been pending; (h) whether the debtor is seeking an extension to pressure creditors; and (i) whether unresolved contingencies exist. *In re Service Merchandise Co.*, 256 B.R. 744 (Bankr. M.D. Tenn. 2000).

14. For the reasons set forth in the First Motion to Extend Exclusivity and those that follow, the Debtor submits that sufficient cause exists to extend the Exclusivity Periods as requested herein. During the brief four month period in which the Debtor's Chapter 11 case has been pending, the Debtor has conducted extensive good faith negotiations with its prepetition lenders, the Committee and other interested parties to develop the general terms and conditions of a plan of reorganization. The Debtor has, in fact, reached consensus with a number of those parties on key provisions of a viable plan of reorganization.

15. In addition, after consultation with interested parties, the Debtor recently retained, subject to approval by the Court (*see* docket # 253), Inglewood Associates, LLC as its financial advisor to further assist with the implementation of a viable and successful plan. Inglewood will require a sufficient period of time to gather information and obtain the expertise necessary to enable it to provide its valuable advice and assistance in connection with the plan.

16. While the Debtor has made substantial progress on a number of fronts, including with respect to its negotiations with numerous creditors and interested parties, the Debtor has heretofore been unable to reach agreement with Huntington Bank due, in large measure, to the divergent views of the Debtor and Huntington Bank on the vital issue of the value of the Debtor's resort real property.

17. Once the Court conducts the evidentiary hearing scheduled for November 9, 2010 and rules on the Debtor's request for use of cash collateral on a final basis, the unsettled issues concerning the proper valuation of the Debtor's resort property will have been finally resolved, and the uncertainty associated therewith eliminated. After the valuation issues have been ruled upon by the Court, the Debtor and Huntington will be in a superior position to make fully informed consensual judgments on a viable plan of reorganization.

18. With extensions of the Exclusivity Periods, the Debtor submits that a viable and consensual, or nearly consensual, plan of reorganization will be developed and filed with the Court. The Debtor's progress of building agreement on the key terms of its plan thus far demonstrates that the extension is not being sought for the purpose of pressuring creditors. In short, the extensions requested here are for the purpose of enhancing the Debtor's reorganization efforts and they are in the best interest of all creditors.

## SUMMARY AND CONCLUSION

19. Developing universal agreement on the terms and conditions of a Chapter 11 plan of reorganization can be a daunting task that requires the investment of substantial time and resources. To date, the Debtor has worked diligently toward that goal and has made significant progress insofar as many key secured and unsecured creditor constituencies have assented to critical provisions of the Debtor's plan and expressed the strong desire to continue to finalize the terms and conditions of a consensual plan of reorganization.

20. With a reasonable extension of the Exclusivity Periods, the Debtor believes that the unresolved issues concerning the valuation of the resort property, which are complicating the negotiations of a consensual plan, will be finally addressed and resolved and, as a result, the Debtor will be able to move swiftly to finalize a consensual, or nearly consensual, chapter 11 plan of reorganization that is viable and that meets the standards for confirmation. In the absence of a reasonable extension, both the Debtor's prospects of successfully reorganizing and the efficient administration of the case are placed in jeopardy as the possibility exists that competing plans will be filed, resulting in potential mayhem and enormous administrative costs.

21. Accordingly, the Debtor submits that the requested extensions are in the best interests of its creditors and other interested parties. The Debtor also requests that the Court similarly authorize a corresponding extension of the time for filing a plan as set forth in the Scheduling Order.

## WAIVER OF MEMORANDUM OF LAW

22. The Debtor submits that this Motion does not present any novel issues of law requiring further briefing; moreover, appropriate authorities have already been cited herein. Therefore, the Debtor respectfully requests that the Court waive the requirement pursuant to Rule

9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Northern District of Ohio that a separate memorandum be filed in support of the Motion.

**NOTICE**

23. Notice of this Motion has been given by regular mail or electronic filing to the following parties or their counsel: (a) the United States Trustee, (b) the Debtor's secured lenders, Huntington National Bank and PNC Bank; (c) the Committee; and (d) all parties that have requested notice in this case. In light of the nature of the relief requested, the Debtor submits that such notice is appropriate and that no further notice need be given.

**NO PRIOR REQUEST**

24. Except for the First Motion to Extend Exclusivity, no previous motion for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order (i) granting the Motion; (ii) extending the Exclusivity Periods to January 24, 2011 and March 22, 2011, respectively, with a corresponding extension of the time provided in the Scheduling Order; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: October 4, 2010

Respectfully submitted,

/s/ *Andrew Turscak*
Robert C. Folland (0065728)
Andrew L. Turscak, Jr. (0073851)
Mark A. Weintraub (0078789)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
216.566.5500 (phone)
216.566.5800 (facsimile)
Robert.Folland@thompsonhine.com
Andrew.Turscak@Thompsonhine.com
Mark.Weintraub@thompsonhine.com

*Counsel for the Debtor*

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Motion was served electronically through the Court's ECF System or by regular United States mail upon the parties listed below on October 4, 2010.

Philip E. Langer, Esq.
Michael Shuster, Esq.
Porter Wright Morris & Arthur LLP
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115-1483
*Counsel for Huntington National Bank*
planger@porterwright.com
mshuster@porterwright.com

Joseph Zagraniczny, Esq.
Ingrid S. Palermo, Esq.
Stephen A. Donato, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202
*Counsel for Huntington National Bank*
jzagraniczny@bsk.com
ipalermo@bsk.com
sdonato@bsk.com

Joseph D. Frank
Jeremy C. Kleinman
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
*Counsel for Pepsi Beverages Company*
jfrank@fgllp.com
jkleinman@fgllp.com

Ronna G. Jackson, Esq.
Howard M. Metzenbaum U.S. Courthouse
201 Superior Ave
Cleveland, OH 44114
*United States Trustee*
ronna.g.jackson@usdoj.gov

Drew Parobek, Esq.
Carrie M. Brosius, Esq.
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center, 1374 E. 9th
Cleveland, OH 44114
*Counsel for PNC Bank*
dtparobek@vorys.com
cmbrosius@vorys.com

Lawrence Bolla, Esq.
Quinn, Buseck, Leemhuis, Toohey & Kroto
2222 West Grandview Boulevard
Erie, Pennsylvania 16506
*Counsel for Vincent Cross, Executor for the Estate of Norbert Cross and Raquel Cross, Executrix of the Estate of Eugene Cross*
lbolla@quinnfirm.com

Daniel A. DeMarco
Christopher B. Wick
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
*Counsel for the Official Committee of Unsecured Creditors*
dademarco@hahnlaw.com
cwick@hahnlaw.com

Kenneth C. Johnson, Esq.
Andria M. Beckham, Esq.
Robert T. Castor, Esq.
Bricker & Eckler, LLP
100 South Third St.
Columbus, Ohio 43215
*Counsel for Textron Financial Corporation*
kjohnson@bricker.com

Mark L. Hankin, Esq.
Hankin & Mazel, PLLC
7 Penn Plaza, Suite 904
New York, New York 10001
*Counsel for American Leisure Consulting Corporation*

                                                */s/ Andrew Turscak*
                                                Andrew L. Turscak, Jr.