IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| Kiebler Recreation, LLC ) | Case No. 10-15099 |
| dba Peek'N Peak Resort & Spa ) | |
| ) | Judge Baxter |
| Debtor. ) | |
| ) | |

## EXPEDITED MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

Now comes Kiebler Recreation, LLC (the "Debtor"), pursuant to Fed. R. Civ. P. 26(c), made applicable by Fed. R. Bankr. P. 7026, to hereby request (the "Motion") that the Court enter a Protective Order excusing the Debtor's Personnel (defined below) from having to appear for deposition. In addition, the Debtor requests, pursuant to Fed. R. Civ. P. 45(c)(3), made applicable by Fed. R. Bankr. P. 9016, that the Court enter an Order quashing subpoenas issued by Huntington upon the Personnel.

### Certification Pursuant to Fed. R. Civ. P. 26(c)(1)

1.  Pursuant to Fed. R. Civ. P. 26(c)(1), the undersigned counsel certifies that they have conferred in good faith with counsel for Huntington in an effort to resolve the dispute without the need to seek protection from this Court, but that these efforts have been unsuccessful.

### Jurisdiction

2.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this matter is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## Background

3. On May 26, 2010 (the "Petition Date"), the Debtor commenced the above-captioned case under the Bankruptcy Code. The Debtor operates Peek'N Peak Resort and Spa, a popular recreational and tourist complex in Chautauqua County, New York (the "Resort"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Office of the United States Trustee appointed a committee of unsecured creditors (the "Committee") on June 9, 2010. No trustee or examiner has been appointed.

4. On September 9, 2010, the Court issued its Amended Notice of evidentiary hearing and scheduling order [docket # 229], as thereafter amended (the "Notice and Scheduling Order"), in which it scheduled an evidentiary hearing on the Debtor's request that it be authorized to use Cash Collateral on a final basis for November 9, 2010 (the "Final Hearing"). The Final Hearing was subsequently scheduled for November 24, 2010. Then, on November 12, 2010, the Court entered an Order [docket # 327] (the "Modified Scheduling Order") granting Huntington's request to extend the deadline for certain submissions and to adjourn the Final Hearing.

5. Pursuant to the Notice, Scheduling Order and Modified Scheduling Order, the Court set certain dates and deadlines in connection with the upcoming evidentiary hearing on the Debtor's request to use cash collateral on a final basis (the "Final Hearing"). Among other things, the Court ordered that the Final Hearing take place on **December 2, 2010** (extended from **November 24**). In addition, the Court's Notice and Scheduling Order provides that all trial briefs, pretrial statements, exhibit lists, and witness lists be filed and served on or before **November 24, 2010** (extended from **November 9**).

6. In an effort to comply with the Court's Notice and Scheduling Order, the Debtor diligently and expeditiously reviewed, researched, and responded to Huntington's voluminous discovery requests, and it made a number of witnesses available for deposition on matters relevant to the Final Hearing. It also prepared the necessary briefing and lists of witnesses and exhibits that it may use at the Final Hearing for filing in accordance with the Notice, Scheduling Order and Modified Scheduling Order.

7. Simultaneous with the exchange of substantial discovery, the Debtor's busiest annual season—the 2010-2011 winter ski season—is about to begin at the Resort. In anticipation of the upcoming ski season, intense preparations are underway to make this ski season a highly successful one, to the point where revenues generated will be sufficient to fund all remaining costs of this bankruptcy, as well as all post-confirmation operations. To that end, the Debtor's personnel—particularly its management and operations personnel—are hard at work to make all necessary preparations to ensure success during the coming months.

8. Huntington has now sought to disrupt these preparations. Specifically, on the afternoon of November 3, 2010, as discovery was about to be completed in connection with the Final Hearing, and less than three weeks before the day the Final Hearing was originally scheduled to occur (and without any prior consultation or efforts to ascertain a mutually convenient time or location), counsel for Huntington served subpoenas (collectively, the "Subpoenas") and notices of deposition (collectively, the "Notices") upon the following critical personnel: John Tau (Debtor's Controller), Brad Gavnik (Debtor's General Manager), Robert Swenson (Debtor's President), and Jeff Teculver (Debtor's Treasurer) (collectively, the "Personnel"). Copies of the Notices are attached hereto as *Exhibit A*; copies of the Subpoenas are attached hereto as *Exhibit B*.

9. Pursuant to the Notices and Subpoenas, depositions of the Personnel have been scheduled by Huntington for November 17 and 18, 2010—over a week after discovery was concluded in this matter, less than a week before the date of the Final Hearing (as originally scheduled), and right at the start of the 2010-11 ski season.

10. Counsel for the Debtor discussed the need for these depositions with Huntington. The Debtor hoped and expected that Huntington would view these depositions as unnecessary in light of the over four hours Huntington spent deposing the Debtor's financial expert, John Lane, on November 9, 2010. Still, Huntington now insists these depositions are necessary, even though discovery has been completed in connection with the Final Hearing.

11. Although Huntington recently consented to reschedule the depositions to take place on December 12, 2010 (a Sunday, so as to limit distraction to the Personnel from their significant duties at the Resort during its busy season) and to limit each individual to two hours in the event it determined these depositions were needed, Huntington withdrew that consent on November 16, 2010, necessitating the filing of this Motion.

12. For the reasons set forth below, the Debtor requests that the Court: (i) enter a Protective Order excusing the Personnel from any need to appear for deposition; and (ii) enter an Order quashing the Subpoenas.

## RELIEF REQUESTED AND REASONS THEREFOR

13. The Debtor respectfully requests that the Court excuse the Personnel from the need to appear for deposition. The Debtor also requests that the Court quash the Subpoenas.

> *A.* *The Debtor is entitled to a Protective Order excusing the Personnel from complying with the Notices.*

14. The Debtor requests that the Court enter an Order under Fed. R. Civ. P. 26(c) preventing Huntington from taking the discovery set forth in the Notices. Rule 26(c) provides,

"A party or person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1). The rule also provides, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.*; *Coleman v. American Red Cross*, 979 F.2d 1135, 1138 (6th Cir. 1992).

15. The Debtor worked diligently to honor and comply with the Court's Notice and Scheduling Order. To that end, it worked expeditiously to fully respond to all of Huntington's discovery requests well within the time allotted by the Notice and Scheduling Order and the applicable rules. It also scheduled, prepared for, conducted or defended, and concluded a number of depositions during a compressed two week deposition period in order to complete the taking of discovery testimony in advance of the Final Hearing.

16. Moreover, the Debtor retained John Lane of Inglewood Associates LLC, to develop a business plan and financial projections for the Debtor's operations pre and post-confirmation, as well as to provide testimony on these matters at the Final Hearing. Mr. Lane has been, and he remains, available to provide all requested financial and operational information as may be requested by Huntington. On November 9, 2010, Mr. Lane was thoroughly deposed on these matters by Huntington. At the Final Hearing, Mr. Lane is expected to testify that the Debtor has a viable business plan, and that it will enjoy strong revenues and positive net cash flow well into the foreseeable future.

17. In short, the Debtor already devoted substantial estate resources to preparing for the Final Hearing, at which it is fully prepared to demonstrate to the Court that Huntington's claim is abundantly protected while the Debtor reorganizes, and that the bank's interest in collateral will be further protected, preserved and enhanced by the uninterrupted continuance of

the Debtor's business operations, particularly as it enters its most profitable period of the year by far.

18. Based on the discovery exchanged to date, and based on applicable law, the Debtor is prepared to go forward with the Final Hearing. The Debtor believes the Court will conclude, based on the evidence to be presented, that Huntington's interest in the collateral is more than adequately protected as a matter of law on several independent bases. None of the information sought in the Notices and Subpoenas will contradict, change, or otherwise alter that evidence.

19. Consequently, the Notices and Subpoenas seek duplicative discovery that is not reasonably calculated to lead to the discovery of admissible evidence. They are additionally unduly burdensome and harassing because they purport to schedule *four* additional depositions—*after* the conclusion of discovery, only days before the date the Final Hearing was originally scheduled to take place, and right at the time the Personnel are busily preparing for the annual ski season. Further, one of the proposed deponents, Jeffrey Teculver, has significant family obligations as his wife is sick with a life-threatening illness.

20. Under these circumstances, and pursuant to Rule 26(c), the Court may restrict Huntington's discovery. The Debtor is unduly burdened here because, simply put, it is unreasonable for Huntington to attempt to initiate a whole new round of fact discovery relating to witnesses it does not intend to call only days before the evidentiary trial. *See Knoll v. American Telephone & Telegraph Co.*, 176 F. 3d 359 (6th Cir. 1999) (trial court did not err in granting protective order to prevent depositions after filing of dispositive motions).

21. To be forced to appear for depositions would also impose an undue hardship on the Personnel and, by extension, the Debtor. As such, the Personnel should not be forced to appear for any further depositions relating to the Final Hearing.[1]

22. The Sixth Circuit has upheld protective orders barring belated discovery like the tardy and oppressive depositions sought here. *See, e.g., Knoll v. American Telephone & Telegraph Co.*, 176 F. 3d 359, 362 (6th Cir. 1999) (where plaintiff failed to notice witnesses for deposition until after defendant filed motion for summary judgment, court denied plaintiff's motion to conduct depositions of the witnesses).

23. Here, Huntington waited until three weeks before the Final Hearing to serve the Notices and Subpoenas, purporting to schedule depositions *after* the conclusion of discovery, and only several days before the Final Hearing. As a result, Huntington should be precluded from taking the additional discovery during this late stage.

### B. *The Debtor is entitled to an Order Quashing the Subpoenas.*

24. The Subpoenas suffer from the identical infirmities as the Notices, in that they are also unduly burdensome, harassing, and not likely to lead to the discovery of admissible evidence—not to mention that they seek additional discovery after all discovery has been closed and all briefing was to have been submitted for the Final Hearing.

25. In addition, the Subpoenas are an improper use of Fed. R. Civ. P. 45, which applies to non-parties, not to representatives of the Debtor, such as the Personnel. Pursuant to Rule 45(c)(3), the Court may quash the Subpoenas under the circumstances present here. Fed. R. Civ. P. 45(c)(3)(A).

---

[1] *See Huntington Nat'l Bank v. Stanfield*, 1990 Ohio App. LEXIS 1928 (Ohio Ct. App. May 17, 1990) (where party waits until "eleventh hour" to notice a deposition, entry of protective order is appropriate); and *Burdine v. Avery Dennison Corp.*, 2000 Ohio App. LEXIS 2350 (Ohio Ct. App. June 2, 2000) (protective order appropriate where, among other things, notice of deposition was given after discovery cut-off date). Pursuant to LBR 9013-2(d), copies of unreported opinions cited herein are attached hereto as ***Exhibit C***.

### Waiver of Memorandum of Law

26. The Debtor submits that this Motion does not present any novel issues of law requiring further briefing; moreover, appropriate authorities have already been cited herein. Therefore, the Debtor respectfully requests that the Court waive the requirement pursuant to Rule 9013-1(a) of the Local Rules for the United States Bankruptcy Court for the Northern District of Ohio that a separate memorandum be filed in support of the Motion.

### Notice

27. Notice of this Motion has been given by regular mail or electronic filing to the following parties: (a) the United States Trustee, (b) the Debtor's secured lenders, Huntington and PNC Bank; (c) the Committee; and (d) all parties that have requested notice in this case. In light of the nature of the relief requested herein, the Debtor submits—and it requests that the Court find—that such notice is sufficient and appropriate under the circumstances and no other or further notice is necessary.

### CONCLUSION

28. At the Final Hearing, the Court will determine whether Huntington's oversecured claim is adequately protected while the Debtor reorganizes. The Debtor expects the overwhelming evidence to demonstrate that (1) future positive cash flows adequately and amply protect Huntington's cash collateral position; and (ii) a very large equity cushion adequately protects Huntington's interest in the prepetition collateral as a whole.

29. Discovery in connection with the Final Hearing has concluded. At this very late stage, the information sought pursuant to the Notices and Subpoenas will serve no purpose other than to further drain estate resources, and to unnecessarily and unduly burden, harass and distract the Debtor and the Personnel from Resort operations. For this reason, the taking of any further

discovery from the Debtor or the Debtor's Personnel should be barred or, at the very least, circumscribed so as to limit the distractions caused to the Personnel by having to prepare for and appear for deposition. For all the reasons set forth above, the Debtor respectfully submits that the Court should enter a protective order barring the scheduled depositions and quashing the Subpoenas.

**WHEREFORE**, the Debtor respectfully requests that the Court (i) enter a Protective Order excusing the Personnel from having to appear for deposition or, alternatively, if the Court is not inclined to excuse the Personnel from having to appear for deposition, ordering that depositions of the Personnel shall be limited to no more than two hours each; (ii) enter an Order quashing the Subpoenas; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: November 17, 2010                    Respectfully submitted,

/s/ *Andrew Turscak*
Robert C. Folland (0065728)
John R. Mitchell (0066759)
Andrew L. Turscak, Jr. (0073851)
Curtis L. Tuggle  (0078263)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH  44114-1291
216.566.5500 (phone)
216.566.5800 (facsimile)
Robert.Folland@thompsonhine.com
John.Mitchell@ThompsonHine.com
Andrew.Turscak@Thompsonhine.com
Curtis.Tuggle@ThompsonHine.com

*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing motion was served electronically through the Court's ECF System or by regular United States mail upon the parties listed below on November 17, 2010.

Philip E. Langer, Esq.
Michael Shuster, Esq.
Porter Wright Morris & Arthur LLP
925 Euclid Avenue, Suite 1700
Cleveland, Ohio 44115-1483
*Counsel for Huntington National Bank*
planger@porterwright.com
mshuster@porterwright.com

Joseph Zagraniczny, Esq.
Ingrid S. Palermo, Esq.
Stephen A. Donato, Esq.
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202
*Counsel for Huntington National Bank*
jzagraniczny@bsk.com
ipalermo@bsk.com
sdonato@bsk.com

Joseph D. Frank
Jeremy C. Kleinman
Frank/Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
*Counsel for Pepsi Beverages Company*
jfrank@fgllp.com
jkleinman@fgllp.com

Ronna G. Jackson, Esq.
Howard M. Metzenbaum U.S. Courthouse
201 Superior Ave
Cleveland, OH 44114
*United States Trustee*
ronna.g.jackson@usdoj.gov

Drew Parobek, Esq.
Carrie M. Brosius, Esq.
Vorys, Sater, Seymour and Pease LLP
2100 One Cleveland Center, 1374 E. 9th
Cleveland, OH 44114
*Counsel for PNC Bank*
dtparobek@vorys.com
cmbrosius@vorys.com

Lawrence Bolla, Esq.
Quinn, Buseck, Leemhuis, Toohey & Kroto
2222 West Grandview Boulevard
Erie, Pennsylvania 16506
*Counsel for Vincent Cross, Executor for the Estate of Norbert Cross and Raquel Cross, Executrix of the Estate of Eugene Cross*
lbolla@quinnfirm.com

Daniel A. DeMarco
Christopher B. Wick
Hahn Loeser & Parks LLP
200 Public Square, Suite 2800
Cleveland, Ohio 44114
*Counsel for the Official Committee of Unsecured Creditors*
dademarco@hahnlaw.com
cwick@hahnlaw.com

Kenneth C. Johnson, Esq.
Andria M. Beckham, Esq.
Robert T. Castor, Esq.
Bricker & Eckler, LLP
100 South Third St.
Columbus, Ohio 43215
*Counsel for Textron Financial Corporation*
kjohnson@bricker.com

Mark L. Hankin, Esq.
Hankin & Mazel, PLLC
7 Penn Plaza, Suite 904
New York, New York 10001
*Counsel for American Leisure Consulting Corporation*

                */s/ Andrew Turscak*
                Andrew L. Turscak, Jr.