In re:

KIEBLER RECREATION, LLC,

           Debtor.

Chapter 11

Case No. 10-15099

### OBJECTION OF THE HUNTINGTON NATIONAL BANK TO DEBTOR'S EXPEDITED MOTION TO QUASH AND MOTION FOR A PROTECTIVE ORDER

The Huntington National Bank ("Huntington"), the largest secured creditor of Kiebler Recreation, LLC (the "Debtor") and a party in interest herein, by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby submits this objection to the Debtor's Expedited Motion to Quash and Motion for a Protective Order and respectfully represents as follows:

### BACKGROUND

1.    On September 15, 2010, Huntington made a motion [Docket #232] for an order directing the examination under Rule 2004 (the "2004 Motion") of the following individuals:

    a.    Jeff TeCulver – Mr. TeCulver is the Treasurer and Chief Administrative Officer of the Debtor. Upon information and belief, Mr. TeCulver is responsible for the Debtor's "cash management," signs checks on behalf of the Debtor and transfers funds on behalf of the Debtor;

    b.    Robert Swenson – Mr. Swenson is the President of the Debtor and will be able to provide information relevant to the Debtor's prepetition and post-petition business operations. Upon information and belief, all employees of the Debtor report to Mr. Swenson;

    c.    John Tau – Mr. Tau is the Controller of the Debtor. Upon information and belief, Mr. Tau oversees the day-to-day accounting functions of the

1777400.2

Debtor, including maintaining the general ledger and performing the month-end closing; and

  d. Brad Gavnik – Mr. Gavnik is the Director of Operations for the Debtor. Upon information and belief, Mr. Gavnik is involved in everything dealing with the operations of the Debtor.

2. Debtor objected to Huntington's 2004 Motion [Docket # 276] based, in part, on the assertion that the requested examinations are properly conducted under Bankruptcy Rule 9014, which applies the Federal Rules of Civil Procedure to discovery in contested matters, and cannot be conducted under Rule 2004.

3. The parties appeared before the Court on the 2004 Motion on November 2, 2010.

4. During the hearing on the 2004 Motion, the Court advised the parties that the requested examinations must be taken under Bankruptcy Rule 9014 and, for that reason, sustained the objection of Debtor to Huntington's 2004 Motion.

5. Consistent with the Court's decision, on the very next day, without delay, Huntington served subpoenas on Jeff TeCulver and Robert Swenson to conduct their depositions on November 17, 2010 and on Brad Gavnik and John Tau to conduct their depositions on November 18, 2010. The subpoenas set the deposition location at the Chautauqua County Courthouse, 1 North Erie Street, Mayville, New York which is the nearest courthouse to the Peek'n Peak Resort.

6. Also, on November 3, 2010, Huntington served notices of the taking of the depositions of each of these individuals on those dates on the Debtor.

7. During discussions with Debtor relating to the depositions of the four individual witnesses, Huntington offered to conduct the depositions at the Peek'n Peak Resort to

2

1777400.2

10-15099-rb Doc 338 FILED 11/19/10 ENTERED 11/19/10 15:24:04 Page 2 of 6

accommodate the witnesses and offered to conduct all four depositions in one day to accommodate both the witnesses and counsel for the Debtor.

8. The Debtor rejected Huntington's proposal to conduct the depositions at the Peek'n Peak Resort and proposed that the depositions be conducted in Erie, Pennsylvania which is more than a half hour away from the Peek'n Peak Resort.

9. On November 10, 2010, counsel for Huntington and Debtor discussed the scheduling of the depositions of the four individuals. Counsel agreed during this discussion that the depositions of the four individuals would be rescheduled to December 12, 2010, subject to the Court scheduling the valuation hearing at an earlier date, upon which the depositions would have to be rescheduled at an earlier date prior to the hearing.

10. On November 12, 2010, the Court set the Final Hearing for December 2, 2010 and December 3, 2010.

11. On Monday, November 15, 2010, counsel for Huntington notified counsel for the Debtor that because of the scheduling of the Final Hearing on December 2 and 3, Huntington was available to conduct the depositions on November 17 and 18, or on November 22.

12. On Tuesday, November 16, 2010, counsel for Huntington notified counsel for the Debtor that the November 19, 2010 was also an available date to conduct the depositions and that Huntington would be willing to conduct those depositions at a location closer to the Peek'n Peak Resort, or even at the Resort, because that location is, presumably, more convenient for the individual witnesses.

13. Debtor responded to this proposal by filing the instant motion.

**DEBTOR IS NOT ENTITLED TO THE RELIEF REQUESTED**

14. As an initial matter, the subpoenas and notices of deposition were served on the individual witnesses in accordance with the Court's direction on November 2, 2010 that the examination of those individuals should be conducted pursuant to Bankruptcy Rule 9014.

15. Contrary to Debtor's assertions that Huntington is attempting to initiate a whole new round of fact discovery relating to these witnesses and is proceeding with these depositions to distract the Debtor from its hearing preparation and from its business, Huntington is simply attempting to work within the schedule provided by the Court and, at the same time, to give reasonable notice to the individual witnesses of their proposed depositions. There are only thirty days between the November 2, 2010 hearing on the 2004 Motion and December 2, 2010, the date for the Final Hearing. Conducting the depositions on dates falling in the middle of those two dates is entirely reasonable considering the compressed time period.

16. Furthermore, Debtor knew of Huntington's desire to examine these four individuals as early as August, 2010. Its objection to that request forced Huntington to schedule these depositions now. Debtor cannot place blame on Huntington when its actions caused the delay in examining these witnesses.

17. Debtor refers to its retention of John Lane of Inglewood Associates LLC and his expected testimony relating to the Debtor's Plan for Reorganization and business plan as a basis for why the request to depose the four individual witnesses is unnecessary and duplicative. While Huntington has filed a Motion to Preclude Mr. Lane's testimony from the Final Hearing based upon relevance, Mr. Lane testified during his deposition on November 9, 2010 that his work for Debtor to assess the viability of the Debtor's business involved talking to Debtor's management, which includes Robert Swenson, John Tau and Jeff Teculver. Furthermore, much

of what is contained in Mr. Lane's report came directly from a written narrative provided by Robert Swenson to Mr. Lane.

18. In addition, Debtor's appraiser, David Sangree, testified on November 3, 2010 that in connection with his appraisal of the subject property, he interviewed, among other people, Robert Swenson, John Tau, the controller, and Brad Gavnik, the operations manager.

19. Accordingly, testimony from these four individuals is likely very relevant to the valuation issues to be resolved at the Final Hearing.

20. Debtor makes the bald assertion that Huntington has no intention to call these witnesses at the hearing. First, one purpose of the depositions is to determine whether or not the testimony of these witnesses will be offered by Huntington during the Final Hearing. Second, because these witnesses presumably reside outside of the 100-mile radius from this Court, where the hearing will take place, Huntington has the right to introduce their deposition testimony at trial under Rule 32(a)(4)(b) of the Federal Rules of Civil Procedure.

21. With respect to Debtor's motion for a protective order, Debtor has the burden of proving that there is "good cause" for such an order. See Nix v. Sword, 11 Fed. Appx. 498, 500 (6th Cir. 2001); Ferguson v. Van Horne, 2010 U.S. Dist. LEXIS 21782 *5 (N.D. Ohio, 2010) (a copy of which is attached as Exhibit A).

22. "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." Nix at 500; Furguson v. Van Horne, 2010 U.S. Dist. LEXIS 21782 at *5.

23. Here, the Debtor has not met its burden. In the face of Huntington's proposal to conduct all of the four depositions in one day at the Peek'n Peak Resort, which will involve only a minor inconvenience to the four witnesses and a couple hours out of each of their work days,

Debtor simply cannot show that either it, or the four individual witnesses, will be subjected to "serious injury" resulting from the discovery sought. Accordingly, Debtor's motion for a protective order must be denied.

24. With respect to Debtor's motion to quash the subpoenas, Debtor does not have standing to make this motion as "the party to whom the subpoena is directed is the only party with standing to oppose it." Donahoo v. Ohio Dept. Of Youth Servs., 211 F.R.D. 303, 306 (N.D. Ohio 2002).

25. Furthermore, Debtor's argument that the subpoenas are an improper use of Rule 45 of the Federal Rules of Civil Procedure because they were served on employees of the Debtor, rather than non-parties, is misplaced. "While a Rule 45 subpoena is typically used to obtain the production of documents and/or testimony from a non-party to an action (whereas Rules 26-37 provide simpler means for obtaining the same from a party), nothing in the Federal Rules of Civil Procedure explicitly precludes the use of Rule 45 subpoenas against parties." First City, Texas-Houston, N.A. v. Rafidain Bank, 197 F.R.D. 250, 255 n. 5 (S.D.N.Y. 2000). Accordingly, Debtor's objection in this regard is unfounded.

**WHEREFORE**, Huntington respectfully requests that the Court deny the Debtor's Motion to Quash and for a Protective Order.

| | |
|---|---|
| Dated: Syracuse, New York<br>November 19, 2010 | BOND, SCHOENECK & KING, PLLC<br>Attorneys for The Huntington National Bank |
| | By:    /s/ Ingrid S. Palermo<br>Joseph Zagraniczny, Esq.<br>Ingrid Palermo, Esq.<br>Office and P.O. Address<br>One Lincoln Center<br>Syracuse, NY 13202<br>Telephone: (315) 218-8000 |