IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re ) | Chapter 11 |
| ) | |
| **Kiebler Recreation, LLC** ) | Case No. 10-15099 |
| dba Peek'N Peak Resort & Spa ) | |
| ) | Judge Baxter |
| Debtor. ) | |
| ) | |

### DEBTOR'S MOTION FOR ORDER APPROVING COMPROMISE OF CLAIMS AND TERMS OF SETTLEMENT AGREEMENT

Now comes Kiebler Recreation, LLC (the "Debtor"), pursuant to section 105 of title 11 (the "Bankruptcy Code") of the United States Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to hereby request (the "Compromise Motion"), that the Court enter an Order approving the compromise of claims and the terms of the Settlement Agreement (defined below) between the Debtor and Raymond E. Thiess ("Mr. Theiss" and, together with the Debtor, the "Parties"). In support of its Compromise Motion, the Debtor respectfully states the following.

### Jurisdiction and Venue

1. The Court has jurisdiction over this Compromise Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this Compromise Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On May 26, 2010 (the "Petition Date"), the Debtor commenced the above-captioned case under the Bankruptcy Code. The Debtor operates Peek'N Peak Resort and Spa, a popular recreational and tourist complex in Chautauqua County, New York (the "Resort"). The Debtor is authorized to continue to operate its business and manage its property as a debtor in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Office of the United States Trustee appointed a committee of unsecured creditors (the "Committee") on June 9, 2010. No trustee or examiner has been appointed.

3. Prior to and after the Petition Date, Mr. Theiss was employed by the Debtor as its Chief Financial Officer and General Counsel. In or around November 2010, a dispute arose between the Parties regarding the continuation of Mr. Theiss's employment.

### The Claims

4. Mr. Theiss has advised the Debtor that he intends to pursue certain claims against it arising out of his employment and termination, including with respect to breach of contract, detrimental reliance and age discrimination (the "Claims"). The Debtor believes it has factual and legal defenses under federal and state law that would limit or bar any recoveries by Mr. Theiss.

5. After an exchange of information, discussion, consultation with counsel, arms-length settlement negotiations, and careful scrutiny and independent evaluation of the Claims, defenses, and underlying facts, the Parties have determined that it is in their respective best interests to fully and finally resolve and settle all differences between them connected with the Claims.

6. Accordingly, the Parties have agreed to a termination of the Debtor's employment of Mr. Theiss effective as of December 31, 2010, and they have entered into a Confidential Settlement Agreement and Release of All Claims (the "Settlement Agreement"), which is described in greater detail below. A copy of the Settlement Agreement is attached to this Compromise Motion as Exhibit A.

7. For the reasons set forth herein, the Debtor respectfully requests that the Court approve the Settlement Agreement.

### Summary of Settlement Agreement

8. As more fully described in the Settlement Agreement, the Parties agree to the following settlement of the Claims, subject to approval by the Court:

(a) Mr. Theiss's employment with the Debtor is terminated effective December 31, 2010, and Mr. Theiss shall release all Claims;

(b) The Debtor shall make payments of salary to Mr. Theiss through March 31, 2011, together with the accrual of benefits to which he is entitled, namely, the following: (i) payments of $10,000 on January 31, 2011, February 28, 2011 and March 31, 2011; and (ii) payment of accrued but unused personal time off on January 31, 2011;

(c) With limited exceptions, including the disclosures necessary to obtain Court approval of the Settlement Agreement, Mr. Theiss agrees to keep all of the terms of the Settlement Agreement confidential; each party agrees not to disparage the other; Mr. Theiss agrees to provide reasonable cooperation to the Debtor in the defense or prosecution of existing or future litigation; and with limited exceptions, Mr. Theiss is required to return all company property; and

(d) The Debtor and Mr. Theiss will fully and completely release each other from any and all known or unknown claims that were alleged or that could have been alleged as of the date of the execution of the Settlement Agreement.

### Relief Requested and the Reasons Therefor

9. Section 105(a) allows the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Rule 9019(a) provides, "On motion…after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

10. By this Compromise Motion, the Debtor seeks entry of an Order approving the Settlement Agreement. Compromises are favored in bankruptcy cases. *In re Leeway Holding Co.*, 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990). *See also Magill v. Springield Marine Bank (In re Heissinger Resources Ltd.)*, 67 B.R. 378, 383 (C.D. Ill. 1986) (the law favors compromise).

The decision to approve a settlement or compromise lies within the discretion of the Court and is warranted where the settlement is found to be reasonable and fair in light of the particular circumstances of the case. *Protective Comm. v. Anderson* (*In re TMT Trailer*), 390 U.S. 414, 424-25 (1968).[1] In reviewing a settlement, the Court is to determine whether, as a whole, the settlement is fair and reasonable. *Leeway Holding Co.*, 120 B.R. at 890.

11. In determining whether a settlement is reasonable, a court should consider the following factors:

(a) The probability of success;

(b) The difficulty in collecting any judgment that may be obtained;

(c) The complexities involved, and the expense, inconvenience, and any delay necessarily attendant thereto; and

(d) The interests of creditors and equity holders.

*See, among others, In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996).[2]

12. Bankruptcy courts should approve a proposed settlement after an independent review and evaluation of the applicable principles of bankruptcy law unless it "fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983) (quoting *Newman v. Stein*, 464 F.2d. 689, 693 (2d Cir. 1972)).[3] While bankruptcy courts should independently examine proposed settlements, a court's evaluation of a proposed settlement is not a mini-trial on the merits of the claims involved. *See, e.g., In re Walsh Constr.,*

---

[1] *See also International Distrib. Centers, Inc. v. Talcott, Inc.*, 103 B.R. 420, 422 (S.D.N.Y. 1989); and *In re Texaco*, 84 B.R. 893, 901 (Bankr. S.D.N.Y. 1988).

[2] *See also In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 292 (2d Cir. 1992); *TMT Trailer*, 390 U.S. at 424-25; *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986); *In re Swallen's, Inc.*, 210 B.R. 128 (Bankr. S.D. Ohio 1997); *In re McLean Indus., Inc.*, 84 B.R. 340, 344 (Bankr. S.D.N.Y. 1988); and *In re Carla Leather, Inc.*, 44 B.R. 457, 466 (Bankr. S.D.N.Y. 1985).

[3] *See also In re Tennol Energy Co.*, 127 B.R. 820 (Bankr. E.D. Tenn. 1991); *In re Energy Cooperative, Inc.*, 886 F.2d 921 (7th Cir. 1989); and *In re Dow Corning Corp.*, 198 B.R. 214 (Bankr. E.D. Mich. 1996).

*Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *Garfinkle v. Levin*, 460 F. Supp. 670, 672 (S.D.N.Y. 1978).

13. Under *TMT Trailer*, courts balance the probable benefits and potential costs of pursuing a claim or defense against the costs of the proposed settlement. Accordingly, courts generally give considerable deference to a trustee or debtor's recommendation of a proposed compromise and settlement. *See Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 604 (5th Cir. 1980) (affirming district court's reliance on trustee's evaluation of merits of claim); and *Port O'Call Investment Co. v. Blair, (In re Blair)*, 538 F.2d 849, 851 (9th Cir. 1976). The Court also should give weight to a debtor's informed judgment that a compromise is fair and equitable to the estate. *See International Distrib. Centers, Inc.*, 103 B.R. at 423; *Carla Leather, Inc.*, 44 B.R. at 465; and *Heissinger Resources Ltd.*, 67 B.R. at 383 (weight given to opinions of trustee, the parties, and their attorneys). The settlement need not be the best result that could have been achieved, but need only fall "within the reasonable range of litigation possibilities." *In re Telesphere Comm., Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (collecting authorities).

14. For the reasons that follow, the Debtor respectfully submits that the Settlement Agreement is fair and equitable and within the range of reasonableness and, therefore, it should be approved under Bankruptcy Rule 9019.

### The Settlement Agreement Meets the "Fair and Reasonable" Standard

15. The Settlement Agreement provides the benefits of a complete and final resolution of the Claims, the elimination of corresponding litigation expenses, and removal of the risks and uncertainty associated with litigating the Claims and prosecuting any counter-claims, in return for a relatively modest payment.

16. With respect to the factors utilized to evaluate settlements, the Debtor submits that they weigh in favor of approval of the Settlement Agreement. First, with regard to probability of success, the Debtor believes it would have ultimately prevailed with respect to any Claims; however, Mr. Theiss has asserted that he possesses certain claims or causes of action, and success was not certain. Moreover, with respect to the employment discrimination claim in particular, it is virtually certain that such a claim would survive a motion to dismiss and thus would result in a protracted period of discovery and motion practice. In any event, the Debtor is mindful that it is always difficult to predict or calculate the probability of success in any litigation. As for the difficulty in collecting a judgment, this factor does not apply here except with respect to recoveries on any counter-claims that might have been asserted. As for the third factor (complexities and the attendant expense, inconvenience and delay)—clearly, litigation of the Claims would have been inordinately complex and costly, and it would have served as an unnecessary and expensive distraction to the Debtor. Finally, the creditors' interests are best served by full resolution of the Claims at a very early stage—prior to the initiation of any ligitation—in return for a relatively minor payment.

17. Based upon the Debtor's assessment of the value of the Claims, the settlement amount, the defenses that would be asserted, and the significant costs that would be required to defend the Claims and prosecute any counter-claims, the Settlement Agreement is fair and reasonable. The Debtor submits that it rises well above the "lowest point in the range of reasonableness" and should be approved.

### **Waiver of Memorandum of Law**

18. The Debtor submits that this Compromise Motion does not present any novel issues of law requiring further briefing; moreover, appropriate authorities have already been

cited herein. Therefore, the Debtor respectfully requests that the Court waive the requirement pursuant to Local Rule 9013-1(a) that a separate memorandum be filed in support of the Compromise Motion.

### Notice

19. Notice of this Motion has been provided pursuant to Bankruptcy Rule 2002(a)(3). The Debtor submits—and it requests that the Court find—that such notice is sufficient and appropriate under the circumstances and no other or further notice is necessary.

### Reservation of Rights

20. The Debtor reserves the right to amend, supplement, or otherwise modify this Compromise Motion as necessary or proper. Nothing contained herein is or shall be deemed to be an admission or allegation by either of the Parties with respect to the Claims or otherwise.

### Conclusion

21. The Debtor submits that approval of the Settlement Agreement is appropriate and that it is in the best interest of the estate. The terms of the Settlement Agreement were fully negotiated by the Parties, and they represent the agreement of the Parties with regard to all issues, claims, and causes of action.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order (i) granting this Compromise Motion and approving the Settlement Agreement; and (ii) granting the Debtor such other and further relief as the Court deems just and proper.

Dated: January 12, 2011                             Respectfully submitted,

/s/ *Andrew Turscak*
Robert C. Folland (0065728)
John R. Mitchell (0066759)
Andrew L. Turscak, Jr. (0073851)
Curtis L. Tuggle  (0078263)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH  44114-1291
216.566.5500 (phone)
216.566.5800 (facsimile)
Robert.Folland@thompsonhine.com
John.Mitchell@ThompsonHine.com
Andrew.Turscak@Thompsonhine.com
Curtis.Tuggle@ThompsonHine.com

*Counsel for the Debtor*