UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:                                           Chapter 11

KIEBLER RECREATION, LLC,                         Case No. 10-15099

                Debtor.           Judge Randolph Baxter

### HUNTINGTON NATIONAL BANK'S OBJECTION TO THE DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT TO DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION AND RESERVATION OF RIGHTS

The Huntington National Bank ("Huntington"), the largest secured creditor of Kiebler Recreation, LLC (the "Debtor") and a party in interest herein, by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby submits this Objection (the "Objection") to the Debtor's First Amended Disclosure Statement to Debtor's First Amended Plan of Reorganization [docket # 538] (the "Amended Disclosure Statement") and Supplement to Motion for an Order Approving Disclosure Statement, Approving Solicitation Procedures and Establishing Deadlines in Connection Therewith, and Scheduling Confirmation Hearing and Shortening Notice Period with Respect Thereto [docket # 533] (the "Supplemental Motion"). In support of this Objection to the Amended Disclosure Statement and the Supplemental Motion, Huntington respectfully states as follows:

### BACKGROUND

1. On November 24, 2010, without consultation with other parties, the Debtor filed Debtor's Disclosure Statement to Debtor's Plan of Reorganization [docket # 379] (the "Disclosure Statement") and Motion for an Order Approving Disclosure Statement, Approving Solicitation Procedures and Establishing Deadlines in Connection Therewith, and Scheduling

Confirmation Hearing and Shortening Notice Period with Respect Thereto [docket # 438] (the "Motion").

2. On February 8, 2011 Huntington filed its Objection [docket # 507] (the "Huntington Objection") to the Disclosure Statement and the Motion. After several adjournments, the hearing regarding the relief requested by the Debtor in the Motion and for approval of the Disclosure Statement was scheduled for March 15, 2011 at 1:30 p.m. (the "Disclosure Statement Hearing")

3. Late in the evening of Friday, March 11, 2011, Huntington was provided with a preliminary draft of the Amended Disclosure Statement. On Monday morning, Huntington's counsel advised the Debtor that it would need additional time to review and comment on the Amended Disclosure Statement with its client but that upon its preliminary review of the draft Amended Disclosure Statement, Huntington had serious concerns regarding the Amended Disclosure Statement.

4. In response, late in the afternoon of Monday, March 14, 2011, the eve of the Disclosure Statement Hearing, the Debtor filed its Amended Disclosure Statement and Supplemental Motion. The Debtor indicated that the Amended Disclosure Statement filed with the Court included comments of parties other than Huntington but notably, the Amended Disclosure Statement filed on March 14, 2011 did not include a comparison to the Disclosure Statement and Huntington is not aware of what changes may have been made between the version circulated on Friday, March 11, 2011 and the current version. Due to the fact that the Debtor has given less than one business day's notice of the contents of the Amended Disclosure Statement, Huntington and other creditors have not had adequate notice to review and comment on this wholly new Amended Disclosure Statement.

5. As a general matter, the Amended Disclosure Statement and the Debtor's First Amended Plan of Reorganization (the "Amended Plan"), also dated today, March 14, 2011 [docket # 537] do not comply with the terms of the January 12, 2011 term sheet negotiated between the Committee and Huntington (the "Term Sheet"). Further, contrary to the Debtor's statement in its Debtor's Omnibus Response to Objections to Disclosure Statement [docket # 534], the specific objections raised in Huntington Objection were not remedied by the Amended Disclosure Statement. Due to the shortness of time, however, Huntington is filing this Objection in summary fashion to state its general objections to the approval of the Debtor's Amended Disclosure Statement and the Supplemental Motion.

6. Upon initial review, the Amended Disclosure Statement fails to set forth adequate information regarding whether the Debtor will be properly capitalized at confirmation. The Disclosure Statement fails to adequately address the apparent administrative insolvency of the Debtor.

7. The Amended Disclosure Statement does not provide sufficient detail regarding equity interests in the Reorganized Debtor, which appear to be split between Drakkar Ventures, LLC and Bluewater Ski Trust or another entity designated by Paul Kiebler.

8. In summary, the Amended Disclosure Statement and Amended Plan are not simply minor revisions to the Debtor's Disclosure Statement and Plan but appear to contain a completely revised proposal for the Debtor's reorganization. As such, the creditors in this case have not had an adequate opportunity to review and comment on the Amended Disclosure Statement and Amended Plan.

9. Huntington hereby requests a two-week period for all parties to review and object, if necessary to the Amended Disclosure Statement and Amended Plan. Huntington respectfully

submits that the dates requested by the Debtor in the Supplemental Motion for voting deadlines, confirmation objections and confirmation hearing are unrealistic in light of the lack of time the parties have had to comment on the Amended Disclosure Statement and Amended Plan.  In the interim, Huntington is willing to communicate with other parties and work with the Debtor toward the possibility of a consensual disclosure statement and plan.

**WHEREFORE**, Huntington respectfully requests that this Court enter an Order (a) (i) denying that the Amended Disclosure Statement contains adequate information, or in the alternative (ii) setting a hearing on the Amended Disclosure Statement to a date that is at least two weeks from the filing of the Amended Disclosure Statement or March 28, 2011 and adjourning the objection deadline regarding the Amended Disclosure Statement to March 25, 2011; (b) denying the relief requested in the Supplemental Motion; and (c) awarding Huntington such other and further relief as this Court deems appropriate.

Dated: Syracuse, New York  
       March 14, 2011

BOND, SCHOENECK & KING, PLLC  
Attorneys for The Huntington National Bank

By:   /s/  Stephen A. Donato  
Joseph Zagraniczny, Esq.  
Stephen A. Donato, Esq.  
Office and P.O. Address  
One Lincoln Center  
Syracuse, NY  13202  
Telephone:  (315) 218-8000

4

1811207.3 3/14/2011