UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| Kiebler Recreation, LLC | ) Case No. 10-15099 |
| dba Peek'N Peak Resort & Spa | ) |
| | ) Judge Baxter |
| Debtor. | ) |
| | ) |

**EMERGENCY MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER APPOINTING A CHAPTER 11 TRUSTEE**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its undersigned counsel, respectfully moves (the "Motion") this Court for the immediate entry of an order appointing a Chapter 11 trustee pursuant to sections 1104(a) and 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules 2007.1 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Motion, the Committee represents as follows:

**PRELIMINARY STATEMENT**

A responsible fiduciary immediately must be placed in firm control of the management of the Kiebler Recreation, LLC (the "Debtor"), its bankruptcy estate and the process to sell Debtor's assets arrived at through arduous negotiations and embodied in that certain *Stipulation and Agreed Order* entered June 1, 2011 [Docket No. 627] (the "Sale Process Order"). The abject failure of Debtor's principal to abide by the Sale Process Order jeopardizes the significant value preserved for the Debtor's estate and creditors by the Sale Process Order. Unless prompt action is taken, the Debtor's estate and creditors face substantial, and completely preventable, losses.

4017290.1

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the requested relief are sections 1104(a) and 105(a) of the Bankruptcy Code, and Bankruptcy Rules 2007.1 and 9014.

## BACKGROUND

2. On May 26, 2010 (the "Petition Date"), the Debtor filed its voluntary petition for relief in the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division (the "Court") for relief under chapter 11 of the Bankruptcy Code.

3. On June 9, 2010, the United States Trustee appointed an official committee of unsecured creditors [Docket No. 58].

4. The Debtor has operated its business as a debtor in possession.

**A.     The Sale Process Order**

5. On April 18, 2011, the Court entered an order to show cause why this case should not be dismissed for want of prosecution for failure to file a Plan and Disclosure Statement [Docket No. 601](the "Show Cause Order"). The Court scheduled a May 24, 2011 hearing regarding the Show Cause Order.

6. After commencing the May 24, 2011 hearing, at the request of The Huntington National Bank ("Huntington"), the Court permitted Huntington, the Debtor, the Debtor's principal (Mr. Paul Kiebler), the U.S. Trustee, the Committee and other parties in interest, to continue negotiations. As a result of those negotiations, Huntington, the Debtor, Mr. Kiebler, the U.S. Trustee and the Committee reached an agreement relating to a Section 363 sale process that was announced in open Court. The Court directed the parties, no later than May 27, 2011, to file

a motion for the approval of a stipulation and agreed order memorializing the agreements on the Section 363 sale process.

7. On May 27, 2011, the parties filed a joint motion requesting approval of the Sale Process Order, which memorializes the agreements on the Section 363 sale process. On June 3, 2011, the Court entered the Sale Process Order.

8. The Debtor has failed and refused to perform its obligations under the Sale Process Order.

### B. Debtor's Poor Performance Establishes a Basis to Appoint a Chapter 11 Trustee

9. The Debtor's prior failings in the is case are well-documented.

10. Debtor had incurred losses in each year from 2007 through 2009.

11. Debtor continued to incur losses in this Chapter 11 case.

12. Debtor presently is not able to pay the Chapter 11 administrative expenses.

13. The failure to stem losses and the failure to pay administrative expenses evidence mismanagement by the Debtor's principal.

### C. Debtor's Failure to Pay Tax Obligations Establishes Cause to Appoint a Chapter 11 Trustee

14. Debtor has failed to pay real estate taxes.

15. Debtor has failed to pay New York State Sales Taxes.

16. The failure to pay taxes evidences mismanagement by the Debtor's principal and, with respect to sales taxes, creates personal liability.

### D. Debtor Has Failed to Perform its Obligations Under the Sale Process Order

17. Under the Sale Process Order, Debtor has certain immediate obligations. First among these are the obligations to cause the installation of a Chief Restructuring Officer

("CRO"), the retention of an investment banker, and the approval of bid procedures for a Section 363 sale.

18. Debtor has failed and refused to file an application to approve the retention of the CRO. There can be no clearer obligation, and the Debtor has failed to comply with this material term of the Sale Process Order.

19. Upon information and belief, Debtor's counsel has informed Huntington's counsel although the Debtor has been presented with a ready-to-file application for the retention of the CRO that Debtor refuses to authorize the filing of the application.

20. Upon information and belief, Debtor's counsel has informed Huntington's counsel that Debtor will refuse to authorize the filing of the application to retain the investment banker.

### E. Debtor's Failure to Perform its Obligations Under the Sale Process Order Jeopardizes the Section 363 Sale Process

21. At the conclusion of the May 24, 2011 hearing, the Court directed that a bid procedure motion be filed no later than one week after the entry of any order memorializing the agreements on the Section 363 sale process. As the Sale Process Order was entered June 1, 2011, a bid procedure motion must be filed June 8, 2011.

22. Debtor's failure and refusal to act on the Sale Process Order's obligations with respect to the CRO and the investment banker indicate that it is highly unlikely that Debtor will authorize the filing of bid procedures as required under the Sale Process Order. Debtor's conduct jeopardizes the sale process.

### F. Debtor's Conduct Apparently Precipitated Debtor's Counsel to Seek to Withdraw From Its Representation of Debtor

23. On June 2, 2011, Debtor's counsel filed a motion to withdraw as counsel [Docket No. 629] to the Debtor, citing "irreconcilable differences".

24. Given the good reputation and standing of Debtor's counsel in the legal community generally and in the Bar that practices before this Court, and all of the facts and circumstances enumerated above and contained in the record of this Chapter 11 proceeding, it is difficult *not* to conclude that Mr. Kiebler refuses to authorize the Debtor to comply with the Sale Process Order.

### G. Debtor's Conduct Requires Immediate Appointment of A Chapter 11 Trustee

25. The facts of this case unequivocally support the immediate appointment of a trustee pursuant to section 1104(a) of the Bankruptcy Code.

26. Despite the efforts of the U.S. Trustee, Huntington, the Committee and other parties in interest to preserve value for the Debtor's estate under the Sale Process Order, Debtor refuses to comply with the Sale Process Order. Debtor's failure, if allowed to continue, threatens to force a liquidation and the cessation of the operations of the Peek'N Peak resort it operates. This nightmare scenario is entirely preventable.

## LAW AND ARGUMENT

27. The Court should appoint a Chapter 11 trustee, pursuant to Bankruptcy Code Section 1104(a) because "cause" exists and because such relief is in the interest of Debtor's estate and its creditors.

28. Under the Bankruptcy Code, appointment of a Chapter 11 trustee is governed by 11 U.S.C. § 1104(a), which provides as follows:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of

> securities of the debtor or the amount of assets or liabilities of the debtor;
>
> (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; <u>or</u>
>
> (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interest of the creditors and the estate.

11 U.S.C. § 1104(a) (emphasis added).

29. The proper burden of proof for the appointment of a chapter 11 trustee is preponderance of the evidence. <u>Tradex Corp. v. Morse (In re Tradex Corp.)</u>, 339 B.R. 823 (D. Mass. 2006) (finding that other decisions holding that the burden of proof was "clear and convincing evidence" are incorrect in light of the Supreme Court's decision in <u>Grogan v. Garner</u>, 498 U.S. 279 (1991)); <u>but see</u> <u>In re National Staffing Services, LLC</u>, 338 B.R. 31, 33 (Bankr. N. D. Ohio 2005 (Speer, J.) (stating that the need to appoint a trustee must be demonstrated by the higher evidentiary standard of clear and convincing evidence). Nevertheless, even if the evidentiary standard is clear and convincing, as set forth herein, the Committee has met that burden

30. Section (a)(1) of section 1104(a) mandates the appointment of a trustee when "cause" to do so is present, and a determination that such cause exists lies within the province of the Court. <u>In re North American Communications, Inc.</u>, 138 B.R. 175, 178 (W.D. Pa. 1992) (<u>citing</u> <u>Comm. of Dalkon Shield Claimants v. A.H. Robins Co., Inc.</u>, 828 F.2d 239, 242 (4th Cir. 1987)).

31. The language of section 1104(a)(1) does not promulgate an exclusive list of causes for which a trustee must be appointed. <u>In re Marvel Entertainment Group, Inc.</u>, 140 F.3d 463, 472 (3d Cir. 1998) (upholding district court's appointment of a trustee where (1) acrimony

10-15099-rb    Doc 633    FILED 06/03/11    ENTERED 06/03/11 14:57:52    Page 6 of 14

between debtor and its creditors rose to the level of "cause," and (2) appointment of a trustee was found to be in the best interests of the parties and the debtor's estate). It has been recognized by other courts that the language "or similar cause" in section 1104(a)(1), encompasses a wide range of conduct, and must be made on a case-by-case basis. In re Sharon Steel Corp., 871 F.2d 1217, 1226 (3d Cir. 1989).

32. Incompetence and gross mismanagement are the most common grounds for appointment of a trustee for "cause" under section 1104(a)(1) of the Bankruptcy Code. Id. (citations omitted); see also In re Boineau's, Inc., 90-1165, 1992 WL 38142, at *1 (4th Cir. Mar. 3. 1992) (holding that evidence of squandering corporate assets, hiding corporate records, and damaging the business is sufficient for a finding of incompetence and gross mismanagement under section 1104(a)(1)).

### A. Cause Exists to Appoint a Trustee

33. Based on the totality of the circumstances present in this case, sufficient "cause" exists for the appointment of a Chapter 11 trustee. Debtor's principal has proven his incompetence and has grossly mismanaged the affairs of Debtor to the detriment of the creditors.

34. As enumerated above, the conduct of Debtor's principal threatens to unwind the benefits of the Sale Process Order, to which the Debtor and its principal agreed in open Court on May 24, 2011 – barely one week ago!

35. The Debtor submitted a signed writing to the Court on May 27, 2011, joining Huntington, the U.S. Trustee and the Committee asking the Court to enter an Order embodying the Section 363 sale process. On June 3, 2011, the Court entered the Sale Process Order.

36. Now Debtor is violating this Court Order.

37. Debtor's principal has a long track record in the Debtor's case of underperformance and gross mismanagement. Debtor's principal now has added a new act to his repertoire – flouting orders of the Court.

38. The value of the Debtor's estate would be immediately, materially and adversely impacted if the principal were allowed to continue in control over the Debtor.

39. Where, as here, the Debtor's pre-petition history and questionable actions have impacted the value of the estate, a general presumption against appointing a trustee must be disregarded. See In re Marvel Entm't Group, 140 F.3d 471, 478 (citing Petit v. New Enland Mort. Servs., 182 B.R. 64, 69 (D. Me. 1995)). See also Sharon Steel, 871 F.2d at 1228 (holding that appointment of a trustee was appropriate where a debtor engages in pre-bankruptcy systematic siphoning of assets to other companies under common control). Moreover, such a presumption against the appointment of a trustee is premised on the expectation that current management can be relied upon to carry out the fiduciary responsibilities of a trustee. In re Marvel Entm't Group, 140 F.3d at 474.

40. Here, where Debtor's principal has displayed no ability to operate the resort profitably, has grossly mismanaged the case and now is violating a Court order, it is inconceivable that he could be relied upon to maximize value for the estate and its creditors. Thus, there is ample "cause" warranting the appointment of a Chapter 11 trustee.

### B. Appointment of a Trustee is in the Best Interest of the Creditors

41. Were the Court to find that "cause" is insufficient, appointment of a Chapter 11 Trustee is appropriate because it is in the interest of the estate and its creditors.

42. Section 1104(a)(2) creates a more flexible standard that permits appointment of a trustee, even though "cause" may not exist, when doing so would *serve the interest of the creditors and the estate*. See In re Sharon Steel, 871 F.2d at 1226. "Unlike § 1104(a)(1), which

4017290.1                                8

10-15099-rb    Doc 633    FILED 06/03/11    ENTERED 06/03/11 14:57:52    Page 8 of 14

provides for the mandatory appointment of a trustee upon the specific finding of 'cause', § 1104(a)(2) envisions a flexible standard." In re National Staffing Services, LLC, 338 B.R. at 33 (Bankr. N.D. Ohio 2005) (citing In re Marvel Entertainment Group, Inc., 140 F.3d at 474 (3d Cir. 1998)).

43. Section 1104(a)(2) affords the bankruptcy court the discretion to appoint a trustee "when to do so would serve the parties' and estate's interests." Id. As this Court opined in the National Staffing Services case, "[e]ssentially then, what the Court undertakes in a § 1104(a)(2) determination is a cost-benefit analysis to determine which, under general principles of equity, would be in the best interests of the creditors, equity security holders, and other interests of the estate: (1) leaving the debtor in possession; or (2) appointing a trustee." In re National Staffing Services, LLC, 338 B.R. at 34 (Bankr. N.D. Ohio 2005) (citing In re SunCruz Casinos, LLC, 298 B.R. 821, 829 (Bankr. S.D.Fla. 2003)).

44. Courts consider the following factors, among others, in determining whether to appoint a Chapter 11 trustee under section 1104(a)(2): (1) the trustworthiness of the debtor; (2) the debtor's past and present performance and prospects for the debtor's reorganization; (3) confidence, or lack thereof, of the business community and creditors in present management; and (4) the benefits derived by appointment of a trustee, balanced against the costs of appointment. See In re Colorado-Ute Elec. Ass'n, Inc., 120 B.R. 164, 176 (Bankr. D. Colo. 1990).

### *Trustworthiness of Debtor*

45. Here, it is clear that Debtor's principal cannot be trusted. The violation of the Court order is as clear an example one can imagine that Mr. Kiebler cannot be trusted to attend to the Debtor's business and the best interest of its creditors.

4017290.1                                                     9

*Debtor's Past and Present Performance and Prospects for Reorganization*

46. Debtor's past performance under its principal would indicate that he cannot effectively operate or reorganize the resort. Debtor's historical performance under its current principal is abysmal. Debtor's principal's ability to manage the business is questionable.

47. Debtor has no realistic prospects for reorganization. The record of this case is replete with this evidence. The Court's April 18, 2011 Show Cause Order is sufficient to establish this element. Notably, Debtor did not file any response to the Show Cause Order.

*Benefits Derived by Appointment of a Trustee, Balanced against the Costs of Appointment*

48. The Sale Process Order provides significant benefits to the Debtor's estates. The Order speaks for itself.

49. The costs of appointment of a chapter 11 trustee need to be quantified. An appointment of a Chapter 11 trustee with the right skill set could help streamline Debtor's operations.[1] Any concern regarding these attendant costs, however, should be minimal given the substantial value that would be lost if the Sale Process Order were not performed. The Sale Process Order, by providing for a CRO, an investment banker, sale procedures, and the possible support of DIP financing, is the only avenue open to achieve going concern value for Debtor's resort.

50. Based upon the foregoing, the appointment of a Chapter 11 Trustee is in the best interest of the estate and its creditors.

## RESERVATION OF RIGHTS

51. The Committee reserves its right to amend and/or supplement this Motion and/or to file subsequent motions seeking similar relief on alternative grounds as they deem necessary under the rapidly evolving facts and circumstances of this case.

10-15099-rb    Doc 633    FILED 06/03/11    ENTERED 06/03/11 14:57:52    Page 10 of 14

**NOTICE**

52. Pursuant to Local Bankruptcy Rules 9013-1(b), unless otherwise ordered by the Court, any party in interest desiring to file a response memorandum to this Motion must do so within fourteen (14) days from the date of service as set forth on the certificate of service attached to the Motion, subject to Fed. R. Bankr. P. 9006(f). The Committee requests that this Motion be set for hearing no later than Tuesday, June 7, 2011 at 10:00 a.m., when the Court previously scheduled its next Chapter 11 docket. A motion for expedited hearing is being filed contemporaneously with this Motion.

WHEREFORE, the Committee respectfully requests that the Court grant the Motion and enter an Order directing (a) the immediate appointment of a Chapter 11 Trustee, and (b) for such other and further relief to which the Committee may be entitled.

Dated: June 3, 2011  
       Cleveland, Ohio

Respectfully submitted,

*/s/ Daniel A. DeMarco*  
Daniel A. DeMarco (0038920)  
Hahn Loeser & Parks LLP  
200 Public Square, Suite 2800  
Cleveland, OH 44114  
(216) 621-0150 (phone)  
(216) 241-2824 (fax)  
dademarco@hahnlaw.com

*Counsel for the Committee*

---

[1] Upon information and belief, Debtor's Chief Financial Officer resigned earlier this week.

4017290.1      11

## CERTIFICATE OF SERVICE

      A true and correct coy of the foregoing was served on this 3rd day of June, 2011 on the parties listed on the attached Service List in the manner so indicated.

                                  */s/ Daniel A. DeMarco*
                                  One of the Attorneys for the Official Committee of Unsecured Creditors

## SERVICE LIST

The following is the list of **parties** who are currently on the list to receive e-mail notice/service for this case and who were served by the Court's electronic noticing system:

- Jeffrey Baddeley    jbaddeley@ulmer.com

- Kathleen M. Bennett    kbennett@bsk.com, khourihan@bsk.com;kdoner@bsk.com

- Lawrence C Bolla    lbolla@quinnfirm.com, tsapper@quinnfirm.com;dcornelius@quinnfirm.com;mmiller@quinnfirm.com;npagliari@quinnfirm.com;mkruszewski@quinnfirm.com

- Carrie M Brosius    cmbrosius@vorys.com, mborr@vorys.com

- Brian J. Butler    bbutler@bsk.com, jheisler@bsk.com;kdoner@bsk.com

- Daniel A DeMarco    dademarco@hahnlaw.com, hlpcr@hahnlaw.com

- Stephen A. Donato    sdonato@bsk.com, kdoner@bsk.com;tayers@bsk.com;tvanetti@bsk.com

- Robert C Folland    rob.folland@thompsonhine.com

- Joseph D. Frank    jfrank@fgllp.com, ccarpenter@fgllp.com

- Bridget Aileen Franklin    bfranklin@brouse.com

- Garry M Graber    ggraber@hodgsonruss.com, rleek@hodgsonruss.com;mmuskopf@hodgsonruss.com

- Joseph F. Gula    jgula@kmgslaw.com, jgula@roadrunner.com;mwernicki@kmgslaw.com

- Mark L. Hankin    mhankin@hankinmazel.com

- Kenneth C Johnson    kjohnson@bricker.com, rdelsignore@bricker.com;jearley@bricker.com

- Alan M Koschik    akoschik@brouse.com, tpalcic@brouse.com

- Philip E Langer    planger@porterwright.com, nrepka@porterwright.com

- John P. Lennon    jplennon@trialadvocates.com

- Marc Merklin    mmerklin@brouse.com, tpalcic@brouse.com

- Ingrid S. Palermo    ipalermo@bsk.com, kdoner@bsk.com;sheffner@bsk.com;tvanetti@bsk.com

- Matthew E. Parkins    mparkins@smdklaw.com, bmccullough@smdklaw.com

- Drew T Parobek    dtparobek@vorys.com
- United States Trustee    (Registered address)@usdoj.gov
- Curtis L. Tuggle    curtis.tuggle@thompsonhine.com
- Andrew L. Turscak    andrew.turscak@thompsonhine.com
- Susan C. Von Reusner    susan.vonreusner@ag.ny.gov, lisa.burianek@ag.ny.gov
- Mark A. Weintraub    Mark.Weintraub@ThompsonHine.com
- Linda E White    linda.white@ag.ny.gov
- Christopher B. Wick    cwick@hahnlaw.com, hlpcr@hahnlaw.com
- Joseph Zagraniczny    jzagraniczny@bsk.com, kdoner@bsk.com;amasica@bsk.com;stemes@bsk.com;tvanetti@bsk.com

The following is the list of **parties** who are **not** on the list to receive e-mail notice/service for this case and who were served by United States Mail, postage prepaid:

Assessment Evaluation, Inc.
800 State Street
Suite 400
Erie, PA 16501-1322

Brouse McDowell
388 South Main Street
Suite 500
Akron, OH 44311-4407

Ciuni & Panichi Inc
25201 Chagrin Blvd
#200
Beachwood, OH 44122

Guy C Fustine
120 W 10th St
Erie, PA 16501

Inglewood Associates, LLC.
John K. Lane, Managing Director
22239 Parnell Rd.
Shaker Heights, OH 44122

Precision Golf Construction, Inc.
Attn: Michael O'Donnell
PO Box 751
Chardon, OH 44024

Internal Revenue Service Insolvency Grp 6
1240 E. 9th St. Rm 493
Cleveland, OH 44199

Deborah D. Strojny
8273 Canterbury Drive
Clymer, NY 14724

RSM McGladrey, Inc.
One S. Wacker Drive
Suite 800
Chicago, IL 60606