# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 10-15099 |
| **Kiebler Recreation, LLC** | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor | ) | Judge Randolph Baxter |

## EMERGENCY MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER DIRECTING APPOINTMENT OF A CHAPTER 11 TRUSTEE

Daniel M. McDermott, United States Trustee for Region 9, hereby moves this Court to order the appointment of a chapter 11 trustee in this case over Kiebler Recreation, LLC, pursuant to section 1104(a) of the Bankruptcy Code and Bankruptcy Rules 2007.1 and 9014. The United States Trustee asserts that immediate appointment of a chapter 11 trustee is necessary to gain control of and to preserve the value of the Debtor's assets. The Debtor's creditors have lost confidence in the Debtor's current management and believe the Debtor is not moving appropriately toward the agreed upon sale process. Accordingly, the United States Trustee asserts that an independent, objective third party is needed to restore momentum and stability to the Debtor's case.

*Standing*

1. Pursuant to 28 U.S.C. § 586, the UST is charged with the administrative oversight of cases commenced pursuant to Title 11 of the United States Bankruptcy Code. This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

2. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard.

*Factual Background*

3. Kiebler Recreation, LLC ("Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 26, 2010 (the "Petition Date"). The Debtor is represented by Thompson Hine LLP.

4. The Debtor operates Peek'N Peak Resort and Spa, a recreational and tourist complex in Chautauqua County, New York (the "Peak"). On the Petition Date, a New York receiver attempted to assume custody and control of the Peak. Debtor's Sole Manager is Paul E. Kiebler IV.

5. Since the Petition Date, Debtor has continued in possession of its property and management of business operations as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. On June 9, 2010, the United States Trustee appointed an Official Committee of Unsecured Creditors ("Committee").

7. On November 24, 2010, the Debtor filed a Chapter 11 Plan ("Plan") and Disclosure Statement. Debtor amended the Plan and Disclosure Statement on March 14, 2011. On March 25, 2011, the Debtor withdrew the Amended Disclosure Statement. To date, the Debtor has been unable to confirm a plan of reorganization.

8. On April 18, 2011, the Court entered an Order to Show Cause why the Debtor's case should not be dismissed for want of prosecution. At the hearing on the Order to Show Cause ("Hearing"), Debtor read into the record the terms of an agreement between Mr. Kiebler, Debtor, Committee, Huntington National Bank ("Huntington") and the United States Trustee (collectively, the "Parties") regarding sale of substantially all of the Debtor's assets under section 363 of the Bankruptcy Code (the "Sale Agreement"). Mr. Kiebler was personally represented by the law firm

of Meyers, Roman, Friedberg & Lewis at the Hearing.

9. On June 1, 2011, the Court entered the Stipulation and Agreed Order Setting Terms of Sale Process, Appointment of Chief Restructuring Officer and Marketing Consultant, Debtor in Possession Financing, and Settlement of Claims ("Stipulation"), which memorialized the terms of the Sale Agreement.

10. Upon information and belief, Mr. Kiebler now alleges that he did not consent to the Stipulation as drafted, and therefore Debtor was not duly authorized to enter into the Stipulation and comply with its terms. As a result of Mr. Kiebler's position, Debtor is unable to comply with the Stipulation and Sale Agreement as ordered by the Court.

11. On June 2, 2011, Thompson Hine filed a Motion to Withdraw as Debtor's counsel ("Motion to Withdraw"). The Motion to Withdraw has been set for hearing at 10:00 a.m. on June 7, 2011.

12. On June 3, 2011, the Committee filed an Emergency Motion for Entry of an Order Appointing a Chapter 11 Trustee ("Committee Motion for Trustee").

*Argument*

**"Cause" exists for appointment of a chapter 11 trustee under 11 U.S.C. § 1104(a).**

13. 11 U.S.C. § 1104(a) states that the Bankruptcy Court shall order the appointment of a trustee, at any time after the commencement of the case but prior to confirmation of a plan, on

request of a party in interest or the UST, and after notice and a hearing:1

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;
>
> (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or
>
> (3) if grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1104(a).

14. Subsection (2) of section 1104(a) provides the Court with "particularly wide discretion" to direct the appointment of a trustee even absent wrongdoing or mismanagement. *In re Bellevue Place Associates*, 171 B.R. 615, 623 (N.D. Ill. 1994). Where the court finds either that cause exists or that appointment is in the interest of the parties, an order for the appointment of a trustee is mandatory. *Official Comm. Of Asbestos Pers. Injury Claimants v. Sealed Air Corp. (In re W.R. Grace & Co.)*, 285 B.R. 148, 158 (Bankr. D. Del. 2002).

---

1 A number of courts have indicated that grounds for the appointment of a trustee must be established by "clear and convincing" evidence. *See In re G-1 Holdings, Inc.,* 385 F.3d 313 (3d Cir. 2004). However, in light of Supreme Court precedent and the recent addition of § 1104(e) to the Bankruptcy Code, the better view is that the appropriate burden of proof should be the "preponderance of the evidence". *See Tradex Corp. v. Morse,* 339 B.R. 823, 829-32 (D. Mass. 2006) (citing *Grogan v. Garner,* 498 U.S. 279, 286 (1991)). The evidence currently alleged in the record appears sufficient to meet either burden of proof.

15. The categories enumerated in 11 U.S.C. § 1104(a)(1) "cover a wide range of conduct" and, thus, are best described as illustrative, rather than exclusive. *See In re Marvel Entertainment Corp.*, 140 F.3d 463, 472 (3d Cir. 1998) (quoting *Committee of Dalkon Shield Claimants v. A.H. Robbins Co.*, 828 F.2d at 242). The determination of whether cause exists must be made on a case by case basis, taking into account all relevant factors. *In re Sharon Steel Corp.*, 871 F.2d 1217, 1225 (3d Cir. 1989). In making that determination, courts should be cognizant of the fact that "section 1104 represents a protection that the court should not lightly disregard or encumber with overly protective attitudes towards debtors-in-possession." *In re V. Savino Oil & Heating Co., Inc.*, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989).

16. The appointment of a chapter 11 trustee is necessary in this case is due to a serious and general loss of confidence by the creditor body in Mr. Kiebler as the Debtor's Sole Manager. Huntington has repeatedly asserted a lack of confidence in Mr. Kiebler as Sole Manager of the Debtor, most recently in paragraph 2 of the Stipulation requiring Debtor to retain a CRO to manage operations during the pendency of the DIP financing and sale process to be funded by Huntington.

17. Mr. Kiebler's recent allegation that he did not authorize the Debtor's entry into the terms of the Stipulation, notwithstanding the contrary representations of his personal counsel to other Parties and the Court at the Hearing, has now caused Committee to lose all confidence in Mr. Kiebler's ability to manage the sale process and Debtor's operations going forward as set forth in the Committee Motion for Trustee.

18. The Debtor's continued inability to move forward with the sale process will jeopardize whatever chance exists to realize the potential values of the Debtor's estate as a going concern. This

has caused a crisis of creditor confidence in Mr. Kiebler as the Debtor's current management. The United States Trustee asserts that this crisis of confidence constitutes cause requiring the Court to order the appointment of an independent trustee pursuant to 11 U.S.C. § 1104(a)(1). *In re Cardinal Industries, Inc.*, 109 B.R. 755 (Bankr. S.D. Ohio 1990).

19. Additional cause exists for appointment of a chapter 11 trustee due to the Debtor's inability to move the case toward reorganization or sale despite multiple iterations of its Plan and Disclosure Statement and entry of the Stipulation. The Debtor's case has been pending for over one year and it has just completed its busiest season. Nonetheless, the Debtor's case was stagnating before entry of the Stipulation in response to the Court's Order to Show Cause. With the Debtor's current inability to effectuate the terms of the Stipulation, the Court should enter an order directing appointment of a chapter 11 trustee to move the case forward to an appropriate conclusion.

**WHEREFORE**, the United States Trustee requests that the Court enter an order directing the appointment of a chapter 11 trustee and granting such further relief as is just and proper.

      Respectfully submitted,

      DANIEL M. MCDERMOTT
      United States Trustee, Region 9

by:   /s/ Ronna G. Jackson
      Ronna G. Jackson (#0080432)
      Trial Attorney
      U.S. Department of Justice
      Office of the U.S. Trustee
      H. M. Metzenbaum U.S. Courthouse
      201 Superior Avenue East, Suite 441
      Cleveland, Ohio 44114-1240
      (216) 522-7800, ext. 253
      (216) 522-7193 (facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Emergency Motion of the United States Trustee for Entry of an Order Directing Appointment of a Chapter 11 Trustee was sent to the individuals listed below as indicated by ordinary U.S. Mail, postage prepaid, or by electronic transmission to those persons capable of being served via ECF, on or about June 3, 2011.

- Jeffrey Baddeley    jbaddeley@ulmer.com
- Kathleen M. Bennett    kbennett@bsk.com, khourihan@bsk.com;kdoner@bsk.com
- Lawrence C Bolla    lbolla@quinnfirm.com, tsapper@quinnfirm.com;dcornelius@quinnfirm.com;mmiller@quinnfirm.com;npagliari@quinnfirm.com;mkruszewski@quinnfirm.com
- Carrie M Brosius    cmbrosius@vorys.com, mborr@vorys.com
- Brian J. Butler    bbutler@bsk.com, jheisler@bsk.com;kdoner@bsk.com
- Daniel A DeMarco    dademarco@hahnlaw.com, hlpcr@hahnlaw.com
- Stephen A. Donato    sdonato@bsk.com, kdoner@bsk.com;tayers@bsk.com;tvanetti@bsk.com
- Robert C Folland    rob.folland@thompsonhine.com
- Joseph D. Frank    jfrank@fgllp.com, ccarpenter@fgllp.com
- Bridget Aileen Franklin    bfranklin@brouse.com
- Garry M Graber    ggraber@hodgsonruss.com, rleek@hodgsonruss.com;mmuskopf@hodgsonruss.com
- Joseph F. Gula    jgula@kmgslaw.com, jgula@roadrunner.com;mwernicki@kmgslaw.com
- Mark L. Hankin    mhankin@hankinmazel.com
- Kenneth C Johnson    kjohnson@bricker.com, rdelsignore@bricker.com;jearley@bricker.com
- Alan M Koschik    akoschik@brouse.com, tpalcic@brouse.com

7

- Philip E Langer    planger@porterwright.com, nrepka@porterwright.com
- John P. Lennon    jplennon@trialadvocates.com
- Marc Merklin    mmerklin@brouse.com, tpalcic@brouse.com
- Ingrid S. Palermo    ipalermo@bsk.com, kdoner@bsk.com;sheffner@bsk.com;tvanetti@bsk.com
- Matthew E. Parkins    mparkins@smdklaw.com, bmccullough@smdklaw.com
- Drew T Parobek    dtparobek@vorys.com
- Curtis L. Tuggle    curtis.tuggle@thompsonhine.com
- Andrew L. Turscak    andrew.turscak@thompsonhine.com
- Susan C. Von Reusner    susan.vonreusner@ag.ny.gov, lisa.burianek@ag.ny.gov
- Mark A. Weintraub    Mark.Weintraub@ThompsonHine.com
- Linda E White    linda.white@ag.ny.gov
- Christopher B. Wick    cwick@hahnlaw.com, hlpcr@hahnlaw.com
- Joseph Zagraniczny    jzagraniczny@bsk.com, kdoner@bsk.com;amasica@bsk.com;stemes@bsk.com;tvanetti@bsk.com

Assessment Evaluation, Inc.
800 State Street
Suite 400
Erie, PA 16501-1322

Brouse McDowell
388 South Main Street
Suite 500
Akron, OH 44311-4407

Ciuni & Panichi Inc
25201 Chagrin Blvd
#200
Beachwood, OH 44122

Guy C Fustine
120 W 10th St
Erie, PA 16501
Inglewood Associates, LLC.

John K. Lane, Managing Director
22239 Parnell Rd.
Shaker Heights, OH 44122

Precision Golf Construction, Inc.
Attn: Michael O'Donnell
PO Box 751
Chardon, OH 44024

Internal Revenue Service Insolvency Grp 6
1240 E. 9th St. Rm 493
Cleveland, OH 44199

Deborah D. Strojny
8273 Canterbury Drive
Clymer, NY 14724

RSM McGladrey, Inc.
One S. Wacker Drive
Suite 800
Chicago, IL 60606

                                                /s/ *Ronna G. Jackson*
                                                Ronna G. Jackson