UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:                                                Chapter 11

KIEBLER RECREATION, LLC,          Case No. 10-15099

                               Debtor.                   Judge Randolph Baxter

**RESPONSE IN SUPPORT OF EMERGENCY MOTIONS OF
OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THE UNITED STATES
TRUSTEE FOR ENTRY OF AN ORDER APPOINTING A CHAPTER 11
TRUSTEE PURSUANT TO 11 U.S.C. §§ 105(a) AND 1104(a)**

The Huntington National Bank ("Huntington"), the largest secured creditor of Kiebler Recreation, LLC ("Debtor") and a party in interest herein, by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby submits this Response ("Response") in support of (i) the Emergency Motion of the Official Committee of Unsecured Creditors appointed in this chapter 11 case (the "Committee") for Entry of an Order Appointing a Chapter 11 Trustee [Docket # 633] (the "Committee Motion") and (ii) the Emergency Motion of the United States Trustee ("UST") for an Order Directing the Appointment of a Chapter 11 Trustee [Docket #636] (the "UST Motion") (collectively, the "§ 1104 Motions") pursuant to sections 105(a) and 1104(a) of title 11 of the United States Code (the "Bankruptcy Code"). In support of this Response Huntington respectfully states as follows:

**Response in Support of a Committee Motion**

1.         The Committee and the UST set forth the relevant facts in the § 1104 Motions. See Committee Motion ¶¶ 8-20 and UST Motion ¶¶ 9-12. As Huntington has stated many times in this case in pleadings before the Court, the Debtor is administratively insolvent.

The Debtor's management should be replaced to maximize the value of the chapter 11 estate due to the continued incompetence and gross mismanagement of its operations by the Debtor. In addition, it has become evident that the Debtor is refusing to honor and comply with the terms of the Sale Process Order entered on June 1, 2011 (as defined in the Committee Motion) thereby jeopardizing the sale process. A sale process is the only way that the Debtor's estate will receive any money.

2. At present, the Debtor has insufficient available funds to operate its business through November 1, 2011 and its authority to use cash collateral will end on June 15, 2011. In light of the Debtor's recent actions, Huntington is unlikely to consent to the Debtor's further use of cash unless an 1104 Trustee is appointed.

3. The Debtor has underperformed throughout its case. In fact, the Debtor has missed its operating projections by more than $1.9 million, and has incurred administrative expenses in excess of $1.9 million which it is unable to pay. The Debtor has also failed to restructure its operations after a full year under the protections of chapter 11. Moreover, the Debtor has been unable to propose a confirmable plan of reorganization, and apparently is unwilling to comply with the Sale Process Order to implement the sale process to sell its assets even though Huntington has agreed to a $1.15 million Carve Out to the Debtor's Estate.

4. In light of Mr. Kiebler's unwillingness to comply with the Sale Process Order, it is important to all of the Debtor's creditors to have Mr. Kiebler immediately removed and to have an 1104 Trustee appointed immediately to effectuate the Debtor's obligations under the Sale Process Order. Because (i) the procedures of the § 363 sale have been established in the Sale Process Order, (ii) the fact that the sale will occur over the next several months, and (iii) Huntington has agreed to work with the Debtor in drafting the appropriate applications, the 1104

Trustee's expenses will not be significant and would be paid out of the $1,150,000 Carve Out provided by the Bank.  Upon information and belief, the Debtor and Committee's professionals have agreed to subordinate their fees to those of the 1104 Trustee.

5. To avoid dismissal of the Debtor's case on the costs of a chapter 7 trustee and the loss of the Carve Out, it is essential that an 1104 Trustee be appointed to implement the Sale Process Order as expeditiously as possible.

6. In light of the Debtor's actions, the § 363 sale has already been delayed and may necessitate a sale in the beginning of September.  It is respectfully submitted that an 1104 Trustee should be appointed to ensure that the steps contemplated by the Sale Process Order for an orderly sale process are expeditiously completed.

7. Huntington incorporates all of the legal arguments made by the Committee and the UST in the § 1104 Motions each filed on June 3, 2011.

8. Huntington also reserves its right to file additional pleadings relating to the motions filed by the Committee and the UST.

9. Based upon the provisions of the Sale Process Order, motions will be made requesting Orders from the Court regarding the CRO and investment banker appointments, bid procedures, the sale of the Debtor's assets, possibly debtor in possession financing, and approval of the Dismissal and Release Order (collectively the "Transaction Motions").  In order to maximize the value of the Debtor's estate, the Transaction Motions must be made as soon as possible.  In order to accomplish this, Huntington respectfully submits that an 1104 Trustee must be appointed as quickly as possible. Huntington further requests that any Order appointing an 1104 Trustee provide that such 1104 Trustee be paid solely from the Carve Out.

**WHEREFORE**, Huntington respectfully requests that this Court enter an Order

(a) appointing a chapter 11 trustee pursuant to sections 105(a) and 1104(a) to comply with the Debtor's obligations under the Sale Process Order; and

(b) awarding Huntington such other and further relief as this Court deems appropriate.

Dated: Syracuse, New York    BOND, SCHOENECK & KING, PLLC
June 6, 2011    Attorneys for The Huntington National Bank

By: /s/ Stephen A. Donato
Joseph Zagraniczny, Esq.
Stephen A. Donato, Esq.
Office and P.O. Address
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000

4

1854875.3 6/6/2011