IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 10-15099 RB |
| | : | |
| KIEBLER RECREATION, LLC, | : | CHAPTER 11 |
| d/b/a Peek'n Peak Resort, | : | |
| | : | |
| Debtor. | : | THE HONORABLE RANDOLPH BAXTER |
| _____ | : | |

**OBJECTION TO TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE
9019(a) FOR ORDER APPROVING SETTLEMENT BY AND AMONG THE TRUSTEE,
THE DEBTOR, THE HUNTINGTON NATIONAL BANK AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

Vincent Cross, Executor of the Estate of Norbert Cross <u>and</u> Raquel Cross, Executrix of

the Estate of Eugene Cross (collectively, "Cross Estates"), by and through their undersigned

counsel, hereby file the instant *Objection to Trustee's Motion Pursuant to Bankruptcy Rule*

*9019(a) for Order Approving Settlement by and among the Trustee, the Debtor, the Huntington*

*National Bank and the Official Committee of Unsecured Creditors* (the "Objection").  In support

of the Objection, the Cross Estates state as follows:

<u>BACKGROUND</u>

1.      On May 26, 2010 (the "Petition Date"), Kiebler Recreation, LLC (d/b/a Peek'n

Peak Resort) (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the

United States Code (the "Bankruptcy Code").

2.      On or about June 8, 2011 the United States Trustee's Office appointed David O'

Simon as the Debtor's Chapter 11 Trustee (the "Trustee").

3.      Thereafter, the Court confirmed the appointment of David O. Simon and

authorized the Chapter 11 Trustee to conduct the Debtor's business in accordance with 11 U.S.C.

§1106, et al.

4.      On May 27, 2011, the Debtor, the Official Committee of Unsecured Creditors (the "Committee") and The Huntington National Bank ("Huntington") entered into a *Joint Ex Parte Motion for Entry of Stipulation and Agreed Order Setting Terms of Sale Process, Appointment of Chief Restructuring Officer and Marketing Consultant, Debtor in Possession Financing, and Settlement of Claims* (the "Initial Stipulation") [Docket No. 624].

5.      The Cross Estates did not join in the Initial Stipulation.

6.      On June 1, 2011, the Court entered an Order approving the Initial Stipulation ("Order Approving Initial Stipulation") [Docket No. 627].

7.      Paragraph 3 of the Initial Stipulation and the Order Approving Initial Stipulation state, in relevant part:

> All parties agree that Huntington holds an allowed secured claim in the amount of $16.0 million, together with collection costs which are in excess of $1 million, which claim is secured by first priority liens on the Debtor's assets including, but not limited to, the hotel, ski areas, golf courses and related amenities (the "Resort") and certain condominiums (the "Ridgeview Condominiums") but explicitly excluding the Fairways Condominiums, as set forth in Huntington's secured proof of claim filed in the Debtor's chapter 11 case, including a first priority perfected security interest in all cash proceeds and cash held by the Debtor except proceeds related to the Fairways Condominiums (the "Allowed Claim").

8.      On June 14, 2011, the Cross Estates filed a *Response to Joint Ex-Parte Motion for Entry of Stipulation and Agreed Order Setting Terms of Sale Process, Appointment of Chief Restructuring Officer and Marketing Consultant, Debtor-in-Possession Financing, and Settlement of Claims and Motion to Reconsider and Vacate Order Approving the Same* (the "Objection to Initial Stipulation") [Docket No. 661].

9.      The Objection to Initial Stipulation was scheduled for a hearing on July 12, 2011 at 10:00 a.m. [Docket No. 665], which hearing was continued to July 19, 2011 at 10:00 a.m.

10.     On June 23, 2011, the Trustee, Huntington, the Committee, Thompson Hine ("TH"), formerly the attorneys for the Debtor, Browse McDowell ("BMCD"), special counsel for the Debtor, Inglewood Associates ("Inglewood"), financial advisors to the Debtor, Hahn Loeser and Parks, LLP ("HL"), attorneys for the Committee, the Committee and RSM McGladrey, Inc., ("RSM") financial advisors to the Committee (TH, BMCD, Inglewood, HL and RSM are hereinafter collectively referred to as the "pre-Trustee professionals") filed a *Joint Ex-Parte for Entry of Stipulation and Agreed Order Affirming "Stipulation and Agreed Order Setting Terms of Sale Process, Appointment of Restructuring Officer and Marketing Consultant, Debtor-in-Possession Financing and Settlement of Claims" with Certain Modifications and Further Agreement as to the Payment of the Trustee and his Professionals* (the "Revised Stipulation"), at Docket No. 672.

11.     The Cross Estates did not join in the Revised Stipulation.

12.     Paragraph 3 of the Revised Stipulation provides, in pertinent part:

> The Parties agree that Huntington holds an allowed secured claim in the amount of $16.0 million, together with collection costs which are in excess of $1 million, which claim is secured by first priority liens on the Debtor's assets including, but not limited to, the hotel, ski areas, golf courses and related amenities (the "Resort") and certain condominiums (the "Ridgeview Condominiums") but explicitly excluding the Fairways Condominiums, as set forth in Huntington's secured proof of claim filed in the Debtor's chapter 11 case, including a first priority perfected security interest in all cash proceeds and cash held by the Debtor except proceeds related to the Fairways Condominiums (the "Allowed Claim").

13.     On June 24, 2011, the Cross Estates filed a *Response to Joint Ex-Parte Motion for Entry of Stipulation and Agreed Order Affirming "Stipulation and Agreed Order Setting Terms of Sale Process, Appointment of Restructuring Officer and Marketing Consultant, Debtor-in-Possession Financing and Settlement of Claims" with Certain Modifications and Further*

*Agreement as to the Payment of the Trustee and his Professionals* (the "Response to Revised Stipulation") [Docket No. 677].

14.     The Response to Revised Stipulation is set for a hearing on July 19, 2011 at 10:00 a.m. [Docket No. 678].

15.     On June 29, 2011, the Trustee filed *Trustee's Motion for Order Approving (i) Bidding Procedures in Connection with Sale of Substantially all of its Assets, (iii) Form and Manner of Notice and Terms of Bid Process, and (iii) Scheduling Hearing to Consider Approval of Sale* (the "Bid Procedures Motion").

16.     On July 1, 2011, the Court entered an *Order Granting Motion for Expedited Hearing on the Trustee's Motion for Order Approving (i) Bidding Procedures in Connection with Sale of Substantially all of its Assets, (ii) Form and Manner of Notice and Terms of Bid Process, and (iii) Scheduling Hearing to Consider Approval of Sale* [Docket No. 685] scheduling a hearing on the Bid Procedures Motion for July 12, 2011 at 10:00 a.m. The hearing on the Bid Procedures Motion was continued until July 19, 2011, at 10:00 a.m.

17.     On July 6, 2011, the Cross Estates filed an *Objection to Trustee's Motion for Order Approving (i) Bidding Procedures in Connection with Sale of Substantially all of its Assets, (iii) Form and Manner of Notice and Terms of Bid Process, and (iii) Scheduling Hearing to Consider Approval of Sale* ("Objection to Bid Procedures Motion").

18.     In the Response to Initial Stipulation, Response to Revised Stipulation and Objection to Bid Procedures Motion, the Cross Estates, *inter alia*, object to Huntington having an allowed claim of $16.0 million plus collection costs of in excess of $1 million.

19.     On July 8, 2011, the Trustee filed a *Motion Pursuant to Bankruptcy Rule 9019(a) for Order Approving Settlement by and among the Trustee, the Debtor, the Huntington National Bank and the Official Committee of Unsecured Creditors* (the "Settlement Motion").

20.     The Settlement Motion is scheduled for a hearing on July 19, 2011, at 10:00 a.m., and objections are due on or before 5:00 p.m. on July 15, 2011.

OBJECTION

21.     By the Settlement Motion, the Trustee, the Debtor, Huntington and the Committee seek approval of the settlement with Huntington that was set forth in the Initial Stipulation and Revised Stipulation and which provides for, *inter alia*, an allowed claim for Huntington in the amount of $16.0 million, together with collection costs which are in excess of $1 million, the payment of a carve-out to professionals with no payment to general unsecured creditors, and a complete release of all claims by the Trustee, Debtor and Committee against Huntington.

22.     The Cross Estates incorporate by reference all objections to the settlement that are set forth in the Response to Initial Stipulation and Response to Revised Stipulation.

23.     Without limiting the objections set forth in the Response to Initial Stipulation and Response to Revised Stipulation, the Cross Estates object to the allowance of postpetition interest and fees as part of Huntington's claim unless, pursuant to 11 U.S.C. § 506(b), Huntington demonstrates that it is oversecured and Huntington demonstrates that such fees and expenses are reasonable.  Despite the agreement of a select group of parties in interest, before the Court can determine the amount of Huntington's allowed claim, the Court must first determine the current balance on Huntington's loans, determine whether Huntington is oversecured, and determine whether the "costs of collection" that Huntington seeks to add to its claim are reasonable under section 506(b).

24.     The sale process will ultimately determine the value of the collateral securing Huntington's claims, but Huntington must seek allowance of any postpetition interest, fees and costs of collection under section 506(b).

25.     The Huntington proof of claim filed in this case sets forth the Huntington mortgages which are recorded against the Resort property. Those mortgages secure the Huntington $11 million dollar note; the Huntington $1 million dollar note and the Huntington $1.44 million dollar note. The Huntington $11 million dollar note acts as a first lien on the Resort. The second lien on the Resort is held by the Cross Estates by virtue of a mortgage dated February 14, 2006 in the original principal amount of $8,000,000 given to Peek 'n Peak Recreation, Inc. and recorded in the Chautauqua County Clerk's Office in Book 2873 of Mortgages at Page 860 on February 15, 2006 and Supplemental Mortgage dated April 6, 2006 given to Peek 'n Peak Recreation, Inc. and recorded in the Chautauqua County, New York Clerk's Office in Book 2884 of Mortgages at Page 100 on April 11, 2006. Both mortgages are now held equally by the Estate of Norbert Cross and the Estate of Eugene Cross (the "Cross Mortgage").

26.     The Cross Mortgage was subordinated to the Huntington $1.44 million dollar note and mortgage. The Cross Mortgage was not subordinated to the Huntington $1 million dollar note and mortgage.

27.     The Huntington proof of claim indicates that as of the Petition Date (September 1, 2010), the total amount due on the $11 million note and mortgage was approximately $10 million dollars. At the time of the filing of the Huntington proof of claim, the amount due on the $1.44 million dollar note and mortgage was $1,465,872. Throughout the case, Huntington has

received adequate protection payments of approximately $250,000 which should be applied directly to the principal balance due on the Huntington first mortgage.

28.     In the event that the Resort should sell for more than the amount due on the Huntington $11 million dollar note and mortgage and the Huntington $1.4 million dollar note and mortgage (less adequate protection payments), the excess should be paid to the Cross Estates on account of the Cross Mortgage.

29.     Next, the Cross Estates object to the payment of Huntington on account of its Allowed Claim (as defined in the Revised Stipulation and incorporated into the Motion) at the closing of any sale of the Debtor's assets.

30.     As set forth above, Huntington is only allowed to add interest and costs of collection to its secured claim to the extent it is oversecured.  Further, even if Huntington's claim is oversecured, Huntington must demonstrate that any professional fees or other "costs of collection" are reasonable and allowable under section 506(b) before they can be added to its secured claim.

31.     As set forth above, the Cross Mortgage is only behind the Huntington $11 million mortgage and subordinated to the $1.44 million mortgage.  The Cross Mortgage is not behind or subordinated to the Huntington $1 million mortgage.  As a result, to the extent the sale price on the Resort property exceeds the balance due on the $1l million and $1.44 million Huntington loans, the Cross Estates are entitled to be paid on account of the debt secured by the Cross Mortgage.  Moreover, to the extent Huntington believes that it is entitled to add postpetition interest and "costs of collection" to its debt, if those amounts are permitted by section 506(b) and further order of this Court, they can only be paid ahead of the Cross Mortgage to the extent they are directly associated with the $11 million and $1.44 million loans.

32.     Third, as set forth in the Response to Initial Stipulation and Response to Revised Stipulation, the Carve Out should be immediately due and payable upon closing of the sale to Huntington if it is the successful bidder.

33.     Finally, Huntington proposes to provide a carve-out from the net purchase price from the sale of the Debtor's assets in exchange for a release of all claims by the Trustee, Debtor and Committee.  The minimum amount of the-carve out is $1,150,000.  Pursuant to the terms of the Motion and the Revised Stipulation, NO PORTION of the carve-out is to be set aside for the benefit of unsecured creditors.  Rather, the entire carve-out is to be utilized to pay administrative expense claims which consist almost exclusively of professional fees.

34.     In return for the carve-out, Huntington is demanding a release of all claims against it.  This would include the very significant claim that the Debtor filed against Huntington at Adversary Proceeding Number 10-01385.  If this adversary proceeding is successful, substantial funds may be available to the Debtor's estate for payment of creditors.  In as much as no portion of the carve-out is currently being allocated for payment of unsecured claims, Huntington should not be entitled to a release of all claims against it.

35.     If no portion of the carve-out is dedicated to the payment of unsecured creditors, this case will result in the benefit only to Huntington and Estate Professionals.

36.     All other objections set forth in the Cross Estates' Response to Initial Stipulation, Response to Revised Stipulation and Bid Procedures Objection are incorporated as if set forth fully herein.

Dated:  July 15, 2011

Respectfully submitted,

QUINN, BUSECK, LEEMHUIS, TOOHEY &
KROTO, INC.


BY: ___/s/  Lawrence C. Bolla_____
Lawrence C. Bolla, Esquire
Pa. I.D. No. 19679
OH I.D. No. 0067483
2222 West Grandview Boulevard
Erie, Pennsylvania  16506-4508
Tel: (814) 833-2222
Fax: (814) 833-6753
Email: lbolla@quinnfirm.com

Counsel for Vincent Cross, Executor of the
Estate of Norbert Cross and Raquel Cross,
Executrix of the Estate of Eugene Cross

Document #579805

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 10-15099 RB |
| | : | |
| KIEBLER RECREATION, LLC, | : | CHAPTER 11 |
| d/b/a Peek'n Peak Resort, | : | |
| | : | |
| Debtor. | : | THE HONORABLE RANDOLPH BAXTER |
| _____ | : | |

### CERTIFICATE OF SERVICE

I, the undersigned, certify that I served, or caused to be served, on the 15th day of July, 2011, a copy of the *Objection to Trustee's Motion Pursuant to Bankruptcy Rule 9019(a) for Order Approving Settlement by and among the Trustee, the Debtor, the Huntington National Bank and the Official Committee of Unsecured Creditors* upon each of the following persons and parties in interest at the address shown on the attached list.

Respectfully submitted,

QUINN, BUSECK, LEEMHUIS, TOOHEY
& KROTO, INC.


By /s/ Lawrence C. Bolla
      Lawrence C. Bolla, Esquire
      Pa. I.D. No. 19679
      Oh. I.D. No. 0067483
      2222 West Grandview Boulevard
      Erie, PA 16506-4508
      Phone:  (814) 833-2222
      Fax:  (814) 835-2076
      Email:  lbolla@quinnfirm.com

      Attorneys for Vincent Cross, Executor for the Estate
      of Norbert Cross and Raquel Cross, Executrix of the
      Estate of Eugene Cross

The following parties receive notification of the filing via the CM/ECF System and will not receive a paper copy of the filing:

Carrie M. Brosius, Esquire; cmbrosius@vorys.com; Counsel to PNC Bank, National Association
Stephen A. Donato, Esquire; sdonato@bsk.com; Counsel to The Huntington National Bank
Robert C. Folland, Esquire; rob.folland@thompsonhine.com; Counsel to Kiebler Recreation, LLC
Ingrid S. Palermo, Esquire; ipalermo@bsk.com; sheffner@bsk.com, tvanetti@bsk.com, kdoner@bsk.com  Counsel to The Huntington National Bank
Drew T. Parobek, Esquire; dtparobek@vorys.com; Counsel to PNC Bank, National Association
Andrew L. Turscak, Esquire; Andrew.turscak@thompsonhine.com; Counsel to Kiebler Recreation, LLC
Mark A. Weintraub, Esquire; mark.weintraub@thompsonhine.com; Counsel to Kiebler Recreation, LLC
Joseph Zagraniczny, Esquire; jzagraniczny@bsk.com; Counsel to The Huntington National Bank
Daniel A. DeMarco, Esquire; dademarco@hahnlaw.com, hlpcr@hahnlaw.com,
Christopher B. Wick, Esquire  cwick@hahnlaw.com; hlpcr@hahnlaw.com
Counsel to the Official Committee of Unsecured Creditors
Joseph D. Frank, Esquire  jfrank@fgllp.com; ccarpenter@fgllp.com
Jeremy C. Kleinman, Esquire; Counsel to Pepsi Beverages Company
Jeffrey Baddeley,  jbaddeley@ulmer.com
Kathleen M. Bennett  kbennett@bsk.com, khourihan@bsk.com ; kdoner@bsk.com
Brian J. Butler  bbutler@bsk.com, jheisler@bsk.com; kdoner@bsk.com
Bridget Aileen Franklin  bfranklin@brouse.com
Garry Graber ggraber@hodgsonruss.com, rleek@hodgsonruss.com; mmuskopf@hodgsonruss.com
Mark L. Hankin, Esquire mhankin@hankinmazel.com
Kenneth C. Johnson kjohnson@bricker.com. rdelsignore@bricker.com; jearley@bricker.com
Alan M. Koschik  akoschik@brouse.com; tpalcic@brouse.com
Philip E. Langer, Esquire  planger@porterwright.com; nrepka@porterwright.com
John P. Lennon jplennon@trialadvocates.com
Marc Merklin  mmerkin@brouse.com, tpalcic@brouse.com
Matthew E. Parkins mparkings@smdklaw.com, bmccullough@smdklaw.com
United States Trustee (Registered address)@usdoj.gov
Curtis L. Tuggle curtis.tuggle@thompsonhine.com
Susan C. Von Reusner susan.vonreusner@ag.ny.gov, lisa.burianek@ag.ny.gov
Linda E. White  Linda.white@ag.ny.gov
Ronna Jackson ust34  Ronna.G.Jackson@usdoj.gov

Via First Class Mail, Postage Pre-Paid:

Guy C. Fustine
Knox Law Firm
120 West Tenth Street
Erie, PA  16501

Internal Revenue Service Insolvency Grp. 6
1240 E. 9th Street, Room 493
Cleveland, OH  44199

Assessment Evaluation, Inc.
800 State Street, Suite 400
Erie, PA  16501-1322

Brouse McDowell
388 South Main Street, Suite 500
Akron, OH  44311-4407

Ciuni & Panichi Inc.
25201 Chagrin Blvd., #200
Beachwood, OH  44122

Hahn Loeser & Parks, LLP
200 Public Square, #2800
Cleveland, OH  44114

Inglewood Associates, LLC
John K. Lane, Managing Director
22239 Parnell Road
Shaker Heights, OH  44122

David O. Simon, Esquire
Chapter 11 Trustee
1370 Ontario Street, Suite 450
Cleveland, OH  44113

Precision Golf Construction, Inc.
Attn:  Michael O'Donnell
P.O. Box 751
Chardon, OH  44024

RSM McGladrey, Inc.
One S. Wacker Drive, Suite 800
Chicago, IL 60606

Deborah D. Strojny
8273 Canterbury Drive
Clymer, NY 14724-9656