IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Kiebler Recreation LLC, | ) | Case No. 10-15099 |
| | ) | |
| Debtor. | ) | Judge Randolph Baxter |

**TRUSTEE'S SUPPLEMENTAL MOTION FOR ORDER APPROVING SALE OF REAL AND PERSONAL PROPERTY, FREE AND CLEAR OF LIENS, MORTGAGES, SECURITY INTERESTS, CLAIMS AND ENCUMBRANCES AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES PURSUANT TO BANKRUPTCY CODE § 365 AND FOR SUCH OTHER AND FURTHER RELIEF AS IS REQUESTED HEREIN**

David O. Simon, the Chapter 11 Trustee herein (the "**Trustee**"), by and through the undersigned counsel, hereby files this Supplemental Motion (the "**Supplemental Sale Motion**"), pursuant to § 363 and § 365 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 4001, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure ( the "**Bankruptcy Rules**"), for entry of an order approving the sale of certain real property which is comprised of approximately 1,100 acres of real property upon which the Debtor operates a ski and golf resort (which includes, among other things, a hotel, several restaurants, a convenience store and a spa) together with certain real and personal property associated with the resort located in French Creek, New York, (the "**Business**"), free and clear of all liens, claims and encumbrances, to a purchaser (the "**Purchaser**") in accordance with the terms and conditions of the

{K0271524.2}

Asset Purchase and Sale Agreement ("**Purchase Agreement**") attached hereto as Exhibit A.

In support of this Motion, the Trustee respectfully represents to the Court the following:

## JURISDICTION

1. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Court has jurisdiction over the parties and subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

2. The Debtor commenced this case by the filing of a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 26, 2010 (the "**Petition Date**"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, prior to the appointment of the Trustee, the Debtor operated the Business and managed its affairs as a debtor in possession.

3. Following significant negotiations between the parties, on June 1, 2011, this Court entered an Order approving a Stipulation and Agreed Order Setting Terms of Sale Process, Appointment of Chief Restructuring Officer and Marketing Consultant, Debtor in Possession Financing, and Settlement of Claims (the "**June 1 Sale Process Order**"). The June 1 Sale Process Order was agreed to by the Debtor, the Committee and Huntington. The June 1 Sale Process Order provided that the Huntington National Bank ("**Huntington**") holds an allowed

secured claim, (the "**Huntington Allowed Claim**") secured by first priority liens on the Debtor's assets including, but not limited to, the hotel, ski areas, golf courses and related amenities (the "**Resort**") and certain condominiums (the "**Ridgeview Condominiums**") but explicitly excluding the Fairways Condominiums, including a first priority perfected security interest in all cash proceeds and cash held by the Debtor except proceeds related to the Fairways Condominiums (the "**Huntington Collateral**").[1] The Huntington Collateral does not include any causes of action under Chapter 5 of the Bankruptcy Code which the Trustee may commence. June 1 Sale Process Order at ¶ 2.

4. Within two days of the entry of the June 1 Sale Process Order, the parties were informed that the Debtor refused to comply with the requirements of that Order.

5. As a result of the Debtor's refusal to carry out its obligations under the June 1 Sale Process Order and its inability to confirm a plan of reorganization, the Creditors' Committee and the U.S. Trustee each filed motions seeking the appointment of a Chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code. After an expedited hearing on June 7, 2011, the Court, on June 8, 2011, entered an Agreed Order Granting an Emergency Motion of the United States

---

[1] The June 1 Sale Process Order indicated that the Huntington Allowed Claim was $16 million together with collection costs which are in excess of $1 million, Huntington later agreed that it would accept a first priority lien on the Property of $16,280,000 collateralized as follows: on the Ridgeview Condominiums in the amount of $3,636,000 and on the Resort in the amount of $12,144,000 plus 50% of any amount received from the sale of the Resort up to $13,144,000.

3

{K0271524.2}

Trustee for an Order Directing Appointment of a Chapter 11 Trustee (the "**Trustee Order**"). The Trustee was thereafter appointed by the Court.

6. In light of the Trustee's appointment, the June 1 Sale Process Order has been supplemented and affirmed by the Trustee, the Committee, Thompson Hine, LLP (the former counsel to the Debtor), Brouse McDowell (special counsel of the Debtor), Inglewood Associates (financial advisor to the Debtor), Hahn Loeser & Parks, LLP (counsel to the Committee) and RSM McGladrey, Inc., (financial advisor to the Committee) by the execution of the Stipulation and Agreed Order Affirming Stipulation and Agreed Order Setting Terms of the Sale Process, Appointment of Restructuring Officer and Marketing Consultant, Debtor in Possession Financing, and Settlement of Claims [Docket #627] with Certain Modifications, and Further Agreement as to the Payment of the Trustee and his Professionals dated June 23, 2011 (the "Sale Process Order").

7. On June 24, 2011, the Trustee filed a Joint Ex Parte Motion for Entry of the Stipulation [Docket No. 672] and a Motion Pursuant to § 9019(a) for Order Approving Settlement [Docket No. 693] seeking approval of the Sale Process Order.

8. The Sale Process Order was approved by this Court in a hearing on July 19, 2011.

9. The only way that the estate will receive any money is through a sale of substantially all of the Debtor's assets in accordance with the Sale Process Order and the $1.15 million Carve Out which is set forth in the Sale Process Order.

10. A sale of the Resort, Ridgeview Condominiums and the Business (collectively, the "**Property**") as set forth in the Sale Process Order is in the best interests of the Debtor's estate.

11. On June 29, 2011, the Trustee filed his Motion for Order Approving (i) Bidding Procedures in Connection with Sale of Substantially All of Its Assets, (ii) Form and Manner of Notice and Terms of Bid Process, and (iii) Scheduling Hearing to Consider Approval of Sale [Docket No. 681].

12. After a hearing, the Court approved the Trustee's Motion, and entered its Order Approving Bidding Procedures in Connection with Sale of Substantially All of the Debtor's Assets and Notice of (i) Terms of Bid Process and (ii) Hearing to Consider Approval of Sale (the "**Bidding Procedures Order**"). [Docket No. 733]. The Bidding Procedures Order sets forth in detail a process pursuant to which the Trustee seeks to obtain the highest and best purchase price for the Property.

13. The Bidding Procedures Order provides for the terms of the bidding process which will be followed by the Trustee, the secured creditor, the Huntington and other interested parties, including bidders, to sell the Property free and clear of all liens, mortgages, security interests and other Encumbrances of any type or nature (including free and clear of any real estate taxes owed by Seller) except for Permitted Encumbrances for the highest price available in the marketplace.

## Relief Requested In the Sale Motion and the Supplemental Sale Motion

14. By the Sale Motion and the Supplemental Sale Motion, the Trustee seeks an order:

    a. authorizing the sale of the Property in a private sale to the highest bidder, free and clear of all liens, mortgages, security interests and other Encumbrances (as that term is defined in the Purchase Agreement) of any type or nature (including free and clear of any real estate taxes owed by Seller) except for Permitted Encumbrances (as that term is defined in the Purchase Agreement); and

    b. authorizing and approving the assumption and assignment of certain leases currently by and between the Debtor and Huntington pursuant to § 365 of the Bankruptcy Code;

    c. determining that the sale of the Property at a private sale will maximize value to the estate and its creditors and further that the price paid for the Property is reasonably equivalent value and a fair consideration.

    d. determining that the Purchaser is in good faith as that term is used in Bankruptcy Code § 363(m), and further, that there has been no collusive bidding which violates the provision of Bankruptcy Code § 365(n).

e. determining that Purchaser is not a successor to Seller and is not subject to successor liability under federal or state law for any tax, products liability, environmental or ERISA liability of the Seller.

f. requiring that title to the Property vest in the Purchaser free and clear of all liens mortgages, security interests and other Encumbrances (as that term is defined in the Purchase Agreement) of any type or nature (including free and clear of any real estate taxes owed by Seller) except for Permitted Encumbrances (as that term is defined in the Purchase Agreement);.

g. requiring that Huntington be paid directly from the sale proceeds consistent with the Sale Process Order and further providing that after payment of Huntington, any liens, claims and encumbrances attach to sale proceeds paid to the estate with the same validity and in the same priority as in the property sold pursuant § 363(f)(5) or consistent with the prior Orders of this Court.

h. requiring that the 14 day stay pursuant to Rule 6004(h) be lifted as it is in the best interest of the estate to proceed with the sale and transfer of the property as soon as possible.

### Applicable Law

15. The Trustee is authorized to sell the Property in accordance with 11 U.S.C. § 363(b)(1), which provides:

> The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate...

16. Although § 363 does not provide an express standard for determining whether the court should approve any particular proposed sale of estate property, case law consistently applies an "articulated business judgment" standard. *See, e.g., Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986); *Stephens Indus., Inc. v. McClung (In re McClung)*, 789 F.2d 386, 390 (6th Cir. 1986).

WHEREFORE, the Trustee respectfully requests that this Court enter an Order (1) authorizing and approving the sale of the Property free and clear of all liens, mortgages, security interests and other Encumbrances (as that term is defined in the Purchase Agreement) of any type or nature (including free and clear of any real estate taxes owed by Seller) except for Permitted Encumbrances (as that term is defined in the Purchase Agreement) (2) authorizing the assumption and assignment of certain leases currently by and between the Debtor and Huntington pursuant to § 365 of the Bankruptcy Code; (3) determining that the price paid for the Property is reasonably equivalent value and a fair consideration; (4) determining that the Purchaser is in good faith and there has been no collusive bidding; (5) determining the Purchaser is not a successor to the Seller; (6) requiring that title to the Property vest in the Purchaser free and clear of liens; (7) requiring that Huntington be paid diretly from the proceeds and that any liens, claims and encumbrances attach to the sale

10-15099-pmc    Doc 738    FILED 07/29/11    ENTERED 07/29/11 16:51:04    Page 8 of 11

proceeds with the same priority as in the property sold or consistent with this Orders of this Court; (8) authorizing that the 14 stay pursuant to Rule 6004(h) be lifted and (9) for such further relief that may be appropriate.

Dated: July 29, 2011

Respectfully submitted,

*/s/ Mary K. Whitmer*
Mary K. Whitmer (0018213)
James W. Ehrman (0011006)
David S. Blocker (0075523)
KOHRMAN JACKSON & KRANTZ PLL
1375 E. 9th Street, 20th Floor
One Cleveland Center
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Telecopier: (216) 621-6536
Email: mkw@kjk.com
jwe@kjk.com; dsb@kjk.com

*Counsel for David O. Simon, Chapter 11 Trustee*

9

# CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2011, a copy of the foregoing Response was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties on the Electronic Mail Notice List as set forth below. Parties may access this filing through the Court's system. I further certify that I caused a copy of the foregoing Response to be served on each of the persons on the Manual Notice List below by placing a copy thereof in the regular United States mail, first class postage prepaid, addressed as indicated, on July 29, 2011:

**Electronic Mail Notice List**

- Jeffrey Baddeley   jbaddeley@ulmer.com
- Kathleen M. Bennett   kbennett@bsk.com, khourihan@bsk.com;kdoner@bsk.com
- David S. Blocker   dsb@kjk.com
- Lawrence C Bolla   lbolla@quinnfirm.com, tsapper@quinnfirm.com; dcornelius@quinnfirm.com;mmiller@quinnfirm.com; npagliari@quinnfirm.com;mkruszewski@quinnfirm.com
- Carrie M Brosius   cmbrosius@vorys.com, mborr@vorys.com
- Brian J. Butler   bbutler@bsk.com, jheisler@bsk.com;kdoner@bsk.com
- Daniel A DeMarco   dademarco@hahnlaw.com, hlpcr@hahnlaw.com
- Stephen A. Donato   sdonato@bsk.com, kdoner@bsk.com;tayers@bsk.com;tvanetti@bsk.com
- James W. Ehrman   jwe@kjk.com, rlh@kjk.com;newpleadings@gmail.com
- Joseph D. Frank   jfrank@fgllp.com, ccarpenter@fgllp.com
- Bridget Aileen Franklin   bfranklin@brouse.com
- Garry M Graber   ggraber@hodgsonruss.com, rleek@hodgsonruss.com;mmuskopf@hodgsonruss.com
- Joseph F. Gula   jgula@kmgslaw.com, jgula@roadrunner.com;mwernicki@kmgslaw.com
- Mark L. Hankin   mhankin@hankinmazel.com
- Kenneth C Johnson   kjohnson@bricker.com, rdelsignore@bricker.com;jearley@bricker.com
- Alan M Koschik   akoschik@brouse.com, tpalcic@brouse.com
- Philip E Langer   planger@porterwright.com, nrepka@porterwright.com
- John P. Lennon   jplennon@trialadvocates.com
- Jeffrey M Levinson   jml@jml-legal.com
- Marc Merklin   mmerklin@brouse.com, tpalcic@brouse.com

10

- Ingrid S. Palermo   ipalermo@bsk.com,
  kdoner@bsk.com;sheffner@bsk.com;tvanetti@bsk.com
- Matthew E. Parkins   mparkins@smdklaw.com, bmccullough@smdklaw.com
- Drew T Parobek   dtparobek@vorys.com
- United States Trustee   (Registered address)@usdoj.gov
- Andrew L. Turscak   andrew.turscak@thompsonhine.com
- Susan C. Von Reusner   susan.vonreusner@ag.ny.gov,
  lisa.burianek@ag.ny.gov
- Linda E White   linda.white@ag.ny.gov
- Mary K Whitmer   mkw@kjk.com
- Christopher B. Wick   cwick@hahnlaw.com, hlpcr@hahnlaw.com
- Joseph Zagraniczny   jzagraniczny@bsk.com, kdoner@bsk.com;
  amasica@bsk.com;stemes@bsk.com;tvanetti@bsk.com
- Ronna Jackson ust34   Ronna.G.Jackson@usdoj.gov

**Manual Notice List**

Assessment Evaluation, Inc.
800 State Street, Suite 400
Erie, PA 16501-1322

Ciuni & Panichi, Inc
25201 Chagrin Blvd, #200
Beachwood, OH 44122

Guy C Fustine
120 W 10th St
Erie, PA 16501

Inglewood Associates, LLC.
John K. Lane, Managing Director
22239 Parnell Rd.
Shaker Heights, OH 44122

Internal Revenue Service
Insolvency Grp 6
1240 E. 9th St. Rm 493
Cleveland, OH 44199

Kiebler Recreation, LLC
10823 Mayfield Road
Chardon, OH 44024

Precision Golf Construction, Inc.
Attn: Michael O'Donnell
PO Box 751
Chardon, OH 44024

RSM McGladrey, Inc.
One S. Wacker Drive, Suite 800
Chicago, IL

David O. Simon, Chapter 11 Trustee
1370 Ontario Street, Suite 450
Cleveland, OH 44113-1744

Deborah D. Strojny
8273 Canterbury Drive
Clymer, NY

*Mary K. Whitmer*
Mary K. Whitmer   (0018213)