IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Kiebler Recreation LLC, | ) | Case No. 10-15099 |
| | ) | |
| Debtor. | ) | Judge Randolph Baxter |

**TRUSTEE'S MOTION FOR AN ORDER (i) APPROVING SALE OF CERTAIN REAL AND PERSONAL PROPERTY KNOWN AS THE FAIRWAYS CONDOMINIUMS IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, MORTGAGES, SECURITY INTERESTS, CLAIMS AND ENCUMBRANCES AND APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN LEASES PURSUANT TO BANKRUPTCY CODE § 365 AND (ii) SCHEDULING HEARING TO CONSIDER APPROVAL OF SALE AND (iii) FOR SUCH OTHER AND FURTHER RELIEF AS IS REQUESTED HEREIN**

David O. Simon, the Chapter 11 Trustee herein (the "**Trustee**"), by and through the undersigned counsel, hereby files this Motion (the "**Fairways Sale Motion**"), pursuant to § 363 and § 365 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 2002, 4001, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure ( the "**Bankruptcy Rules**"), for entry of an order approving the sale of certain real property and personal property known as the Fairways Condominiums ("**Fairways Condominiums**") contiguous to and part of the Peek 'N Peak Resort, located in French Creek, New York, (the "**Resort**"), free and clear of all liens, claims and encumbrances, to a purchaser (the "**Purchaser**") in accordance with the terms and conditions of the Fairways Asset Purchase and Sale Agreement ("**Fairways Purchase Agreement**") attached hereto as Exhibit A. The Trustee

also seeks an Order scheduling a hearing to consider approval and confirmation of the proposed sale to the successful bidder free and clear of all liens, claims, liabilities, encumbrances or other interests.

In support of this Motion, the Trustee respectfully represents the following:

## JURISDICTION

1. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Court has jurisdiction over the parties and subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## BACKGROUND

2. The Debtor commenced this case by the filing of a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 26, 2010 (the "**Petition Date**"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, prior to the appointment of the Trustee, the Debtor operated the Resort and managed its affairs as a debtor in possession.

3. On June 3, 2011, as a result of the Debtor's inability to confirm a plan of reorganization, among other reasons, the Committee of Unsecured Creditors (the "**Creditors' Committee**") and the U.S. Trustee each filed motions seeking the appointment of a Chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code. After an expedited hearing on June 7, 2011, the Court, on June 8, 2011, entered an Agreed Order Granting an Emergency Motion of the United States

Trustee for an Order Directing Appointment of a Chapter 11 Trustee (the "**Trustee Order**"). The Trustee was thereafter appointed and the Bankruptcy Court approved the appointment on June 20, 2011.

4. On June 24, 2010, PNC Bank, National Association, as Successor to National City Bank ("**PNC**"), filed its Proof of Claim No. 42-1, providing notice of and asserting its claim as a secured creditor in the Fairways Condominiums. The Trustee has given notice to PNC that he has reason to challenge PNC's secured claim.

5. PNC and the Trustee have settled the claims between them, and have entered into a settlement term sheet (the "**Settlement Term Sheet**") which is subject to the approval of the Bankruptcy Court and attached hereto as Exhibit B. To the extent that there is any discrepancy between the terms of the Settlement Term Sheet and the language of this Motion, the Settlement Term Sheet controls.

6. PNC and the Trustee agree that a sale of the Fairways Condominiums (the "**Fairways Property**") is in the best interests of the Debtor's estate.

7. The Fairways Property shall be conveyed to the Fairways Successful Bidder (as defined below) free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, equitable servitudes, and interests thereon (including free and clear of any real estate taxes owed by Seller) (collectively, the "**Interests**") in accordance with sections 363 and 365 of the Bankruptcy Code, with such Interests to attach to the gross proceeds of the sale of the Property until further Order of this Court.

## The Method of Sale

8. The sale of the Fairways Property shall not be subject to formal court approved bidding procedures, but shall be offered for sale by the Trustee on the following material terms and timetable:

   a. <u>Marketing Process</u>. The Trustee shall continue marketing efforts and shall solicit offers from potential bidders, each of whom must be able to demonstrate to the satisfaction of the Trustee that it has access to, or possession of, available cash sufficient to close the purchase ("**Qualified Bidder**").

   b. <u>Credit Bidding:</u> PNC shall be permitted to credit bid on the Fairways Property up to the amount of its Allowed Claim ($2,845,788.13).

   c. <u>Purchase Agreement and Refundable Deposit</u>. Each Qualified Bidder must execute the Fairways Purchase Agreement (Exhibit A) in substantially the form as will be posted on the due diligence web page (the "**Due Diligence Web Page**"), which interested parties may access after registering with the Trustee's real estate brokers and executing an appropriate confidentiality agreement. In order to bid on the Fairways Property, each Qualified Bidder must deliver the executed Fairways Purchase Agreement, together with a refundable deposit of $25,000.00 (the "**Deposit**") and do such other things including providing further information, as are required below.

d. <u>Delivery of Bids</u>. Each Qualified Bidder must deliver a bid (a "**Competing Bid**") for the Fairways Property to the Trustee, David O. Simon, Esq., 1370 Ontario Street, Suite 450, Cleveland, Ohio, 44113, or via email at dsimon@epiqtrustee.com. The Trustee encourages Qualified Bidders to submit Competing Bids by **5:00 p.m. prevailing Eastern Time on August 12, 2011** (the "**Optional Bid Deadline**") but will accept Competing Bids until **5:00 p.m. prevailing Eastern Time on August 19, 2011** (the "**Final Bid Deadline**")

e. <u>Delivery of Deposits</u>. A Deposit must be delivered by certified or bank check to the Trustee before the Final Bid Deadline or by the delivery to the Trustee of a confirmation of a wire transfer[1] of the Deposit showing that the Deposit was wire transferred prior to the Final Bid Deadline. Within 15 days following the entry of an order approving the sale of the Fairways Property, the Trustee shall return each Deposit (exclusive of any interest) to any Qualified Bidder that is not selected as the Fairways Successful Bidder the Sale Hearing.

f. The Competing Bid also shall be delivered to the following parties contemporaneously with the Competing Bid: (i) Jones Lang LaSalle Hotels, a division of Jones Lang LaSalle Americas, Inc., 100 First Stamford Place, Suite 201, Stamford, Connecticut (Attn: Mark von Dwingelo) or via email, Mark.vondwingelo@am.jll.com; and (ii) Mary

---

[1] Wire transfer instructions will be provided by the Trustee and posted on the Due Diligence Web Site.

10-15099-pmc    Doc 766    FILED 08/11/11    ENTERED 08/11/11 15:31:34    Page 5 of 15

K. Whitmer, Esq., Kohrman, Jackson & Krantz, PLL, One Cleveland Center, 20th Floor, Cleveland, Ohio 44114 or via email: mkw@kjk.com). (collectively, the "**Notice Parties**").

9. Contents of Competing Bids. In addition to the requirements set forth above, each Competing Bid must contain the following:

   a. A statement that each such Qualified Bidder's offer is irrevocable until the earlier to occur of: (i) 30 days after the Sale Hearing and (ii) two business days after the closing of a purchase of the Property, unless such bid is cancelled upon the agreement of the Qualified Bidder and the Trustee.

   b. A statement as to whether the Qualified Bidder's offer for the Property is contingent upon being selected as the Successful Bidder on the Trustee's sale of the Resort and the Ridgeview Condominiums.

   c. A description of the nature of any relationship between any Qualified Bidder and the Trustee, the Debtor, Paul Kiebler, or any member of the Committee.

10. Selection of the Fairways Successful Bidder. The Trustee and PNC will select the Fairways Successful Bidder, using the following selection method:

   a. Offers Not Considered. The Trustee and PNC shall not consider any Fairways Competing Bid which contained a statement that it was contingent upon the bidder's selection as Successful Bidder on the

Resort and the Ridgeview Condominiums, if the bidder was in fact an unsuccessful bidder on the Resort and the Ridgeview Condominiums.

b. <u>Top Qualified Bidders Selected</u>. The Trustee and PNC will review and select the top offers (the "**Top Qualified Offers**"). The Trustee at his option will negotiate with such Qualified Bidders (the "**Top Qualified Bidders**") to arrive at the final price for the purchase of the Fairways Property. The Trustee may, in the Trustee's discretion and using the Trustee's business judgment, with the consent of PNC, accept any Top Qualified Offer as the highest and best offer, reject any Top Qualified Offer, negotiate to improve the terms of any Top Qualified Offer, or if the Trustee determines, in the Trustee's discretion and with the consent of PNC, it is in the best interests of the estate, hold an auction. If an auction is to be held, the Trustee shall notify the Top Qualified Bidders by August 23, 2011; and the auction will occur on August 24, 2011 at 12:00 p.m., at a location to be specified. The highest bidder at the auction will be the Fairways Successful Bidder unless the Fairways Property is withdrawn from the sale process as is described in Subparagraph (d) below.

c. <u>Approval of the Court</u>. The selection of the Fairways Successful Bidder and the bid is subject to the approval of and confirmation of this Court.

d. <u>Withdrawal of the Property from the Sale Process</u>. At any time during the sale process or after the auction, the Trustee with the consent of

PNC, may for any reason or for no reason, withdraw the Fairways Property from the sale process, using the Trustee's discretion and his sound business judgment.

    e. <u>Successful Bidder Deposit</u>.  Once the highest and best bid has been selected, the Fairways Successful Bidder shall increase the Bid Deposit to that amount that is 10% of the purchase price, which will be non-refundable to the Fairways Successful Bidder in the event such Fairways Successful Bidder's bid is approved by the Court at the Sale Hearing as the highest and/or best offer and the Fairways Successful Bidder fails to close on the purchase of the Property.

    f. <u>Closing</u>.  The Successful Bidder will close on the date set forth in the Fairways Purchase Agreement but in no event later than September 28, 2011, time being of the essence. The Fairways Successful Bidder will pay the purchase price in cash (the "**Fairways Purchase Price**") at the closing.

11.    <u>No Trustee Representations or Warranties</u>.  The Property will be sold on an "as is, where is" basis and without representations or warranties of any kind, nature or description by the Trustee, its agents or its estate, except to the extent set forth in the Fairways Purchase Agreement. Except as otherwise provided in the Fairways Purchase Agreement, all of the Debtor's right, title and interest in and to the Property subject thereto shall be sold free and clear of all Interests in accordance with sections 363 and 365 of the Bankruptcy Code, with such Interests

to attach to the net proceeds of the sale of the Fairways Property until further Order of this Court.

12. <u>Due Diligence</u>. The Trustee shall afford each Qualified Bidder due diligence access to the Fairways Property. Due diligence access may include management presentations as may be scheduled by the Trustee and Jones Lang, as well as on site inspections and such other matters which a Qualified Bidder may request and which the Trustee, in its sole discretion, may agree to. Neither the Trustee, the Debtor nor any of its affiliates (nor any of their respective representatives) are obligated to furnish any information relating to the Fairways Property to any person other than a Qualified Bidder. Bidders are advised to exercise their own discretion before relying on any information regarding the Property provided by anyone other than the Trustee or its representatives.

13. <u>Back Up Bid</u>. The second highest Competing Bid and Bidder (the "**Fairways Back-Up Bid**"), shall be approved by the Court as a back-up offer in the event the Fairways Successful Bidder fails to consummate the acquisition of the Fairways Property in accordance with the provisions described above in which event the Deposit of the party making the Fairways Back-Up Bid shall be retained by the Trustee until two days after the Fairways Successful Bidder purchases the property.

14. The Resort has been renting the Fairways suites as guest rental accommodations. There are no leases or written agreements for the use of the Fairways suites as the guest rentals are managed through the Resort's reservation

9

10-15099-pmc    Doc 766    FILED 08/11/11    ENTERED 08/11/11 15:31:34    Page 9 of 15

system. The Fairways Purchase Agreement will provide that the Fairways Successful Bidder will honor the commitments for guest rentals and further, that the Fairways Successful Bidder will receive a credit against its purchase price for the guest deposits, if any. Full disclosure of the commitments for guest rental will be posted on the Due Diligence Web Site.

15. The Trustee will be required to provide assurances that the Fairways Condominiums will have access to and service from the water and sewer facilities on the Resort property. These assurances will be provided prior to Closing.

### Relief Requested In this Fairways Sale Motion

16. By this Fairways Sale Motion, the Trustee seeks an immediate order approving the Bid Procedures and setting a hearing to determine whether the bid made by the Fairways Successful Bidder should be approved and the sale of the Fairways Property confirmed by the Court (the "**Sale Hearing**").

17. Additionally, at the Sale Hearing, the Trustee seeks an Order:

   a. authorizing the sale of the Property in a sale to the highest and best bidder, free and clear of all Interests; and

   b. authorizing PNC to be paid at Closing consistent with the terms and conditions of its settlement with the Trustee as approved or to be approved by this Court; and requiring that any Interests attach to the balance of the Fairways Purchase Price proceeds paid to the Debtor's estate with the same validity and in the same priority as in the Property sold pursuant § 363(f)(5).

10

c. authorizing the assumption and assignment of certain commitments for guest rental currently by and between the Debtor third parties pursuant to § 365 of the Bankruptcy Code, if necessary;

d. determining that the sale of the Property in the method indicated will maximize value to the estate and its creditors and further that the price paid for the Property is reasonably equivalent value and a fair consideration.

e. determining that the Purchaser is in good faith as that term is used in Bankruptcy Code § 363(m), and further, that there has been no collusive bidding which violates the provision of Bankruptcy Code § 365(n).

f. determining that Purchaser is not a successor to Seller and is not subject to successor liability under federal or state law for any tax, products liability, environmental or ERISA liability of the Seller.

g. requiring that title to the Fairways Property vest in the Purchaser free and clear of all Interests;

h. requiring that the 14 day stay pursuant to Rule 6004(h) be lifted as it is in the best interest of the estate to proceed with the sale and transfer of the property as soon as possible.

## Applicable Law

18. The Trustee is authorized to sell the Property in accordance with 11 U.S.C. § 363(b)(1), which provides:

> The trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate…

19. Although § 363 does not provide an express standard for determining whether the court should approve any particular proposed sale of estate property, case law consistently applies an "articulated business judgment" standard. *See, e.g., Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986); *Stephens Indus., Inc. v. McClung (In re McClung)*, 789 F.2d 386, 390 (6th Cir. 1986).

WHEREFORE, the Trustee respectfully requests that this Court enter an immediate order setting the Sale Hearing and that after the Sale Hearing the Court enter further relief in the form of an order (1) authorizing and approving the sale of the Fairways Property free and clear of all Interests; (2) authorizing PNC to be paid at Closing consistent with the terms and conditions of its settlement with the Trustee as approved or to be approved by this Court; (3) requiring that any Interests attach to the balance of the Fairways Purchase Price proceeds paid to the Debtor's estate with the same validity and in the same priority as in the Property sold pursuant § 363(f)(5); (4) authorizing the assumption and assignment of certain commitments for guest rental currently by and between the Debtor third parties pursuant to § 365 of the Bankruptcy Code; (5) determining that the price paid for the Property is reasonably equivalent value and a fair consideration; (6) determining that the Purchaser is in good faith and there has been no collusive bidding; (7) determining the Purchaser is not a successor to the Seller; (8) requiring

12

that title to the Property vest in the Purchaser free and clear of liens; (9) requiring that any Interests attach to the sale proceeds with the same priority as in the property sold or consistent with this Orders of this Court; (10) authorizing that the 14 stay pursuant to Rule 6004(h) be lifted and (11) for such other and further relief that may be appropriate in the circumstances.

Dated: August 11, 2011

Respectfully submitted,

*/s/ Mary K. Whitmer*
Mary K. Whitmer (0018213)
James W. Ehrman (0011006)
David S. Blocker (0075523)
KOHRMAN JACKSON & KRANTZ PLL
1375 E. 9th Street, 20th Floor
One Cleveland Center
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Telecopier: (216) 621-6536
Email: mkw@kjk.com
jwe@kjk.com; dsb@kjk.com

*Counsel for David O. Simon, Chapter 11 Trustee*

13

# CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2011, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties on the Electronic Mail Notice List as set forth below. Parties may access this filing through the Court's system. I further certify that I caused a copy of the foregoing Response to be served on each of the persons on the Manual Notice List below by placing a copy thereof in the regular United States mail, first class postage prepaid, addressed as indicated, on August 11, 2011:

**Electronic Mail Notice List**

- Jeffrey Baddeley   jbaddeley@ulmer.com
- Kathleen M. Bennett   kbennett@bsk.com, khourihan@bsk.com;kdoner@bsk.com
- David S. Blocker   dsb@kjk.com
- Lawrence C Bolla   lbolla@quinnfirm.com, tsapper@quinnfirm.com; dcornelius@quinnfirm.com;mmiller@quinnfirm.com; npagliari@quinnfirm.com;mkruszewski@quinnfirm.com
- Carrie M Brosius   cmbrosius@vorys.com, mborr@vorys.com
- Brian J. Butler   bbutler@bsk.com, jheisler@bsk.com;kdoner@bsk.com
- Daniel A DeMarco   dademarco@hahnlaw.com, hlpcr@hahnlaw.com
- Stephen A. Donato   sdonato@bsk.com, kdoner@bsk.com;tayers@bsk.com;tvanetti@bsk.com
- James W. Ehrman   jwe@kjk.com, rlh@kjk.com;newpleadings@gmail.com
- Joseph D. Frank   jfrank@fgllp.com, ccarpenter@fgllp.com
- Bridget Aileen Franklin   bfranklin@brouse.com
- Garry M Graber   ggraber@hodgsonruss.com, rleek@hodgsonruss.com;mmuskopf@hodgsonruss.com
- Joseph F. Gula   jgula@kmgslaw.com, jgula@roadrunner.com;mwernicki@kmgslaw.com
- Mark L. Hankin   mhankin@hankinmazel.com
- Kenneth C Johnson   kjohnson@bricker.com, rdelsignore@bricker.com;jearley@bricker.com
- Alan M Koschik   akoschik@brouse.com, tpalcic@brouse.com
- Philip E Langer   planger@porterwright.com, nrepka@porterwright.com
- John P. Lennon   jplennon@trialadvocates.com
- Jeffrey M Levinson   jml@jml-legal.com
- Marc Merklin   mmerklin@brouse.com, tpalcic@brouse.com
- Ingrid S. Palermo   ipalermo@bsk.com, kdoner@bsk.com;sheffner@bsk.com;tvanetti@bsk.com

- Matthew E. Parkins   mparkins@smdklaw.com, bmccullough@smdklaw.com
- Drew T Parobek   dtparobek@vorys.com
- United States Trustee   (Registered address)@usdoj.gov
- Andrew L. Turscak   andrew.turscak@thompsonhine.com
- Susan C. Von Reusner   susan.vonreusner@ag.ny.gov, lisa.burianek@ag.ny.gov
- Linda E White   linda.white@ag.ny.gov
- Mary K Whitmer   mkw@kjk.com
- Christopher B. Wick   cwick@hahnlaw.com, hlpcr@hahnlaw.com
- Joseph Zagraniczny   jzagraniczny@bsk.com, kdoner@bsk.com; amasica@bsk.com;stemes@bsk.com;tvanetti@bsk.com
- Ronna Jackson ust34   Ronna.G.Jackson@usdoj.gov

**Manual Notice List**

Assessment Evaluation, Inc.
800 State Street, Suite 400
Erie, PA 16501-1322

Ciuni & Panichi, Inc
25201 Chagrin Blvd, #200
Beachwood, OH 44122

Guy C Fustine
120 W 10th St
Erie, PA 16501

Inglewood Associates, LLC.
John K. Lane, Managing Director
22239 Parnell Rd.
Shaker Heights, OH 44122

Internal Revenue Service
Insolvency Grp 6
1240 E. 9th St. Rm 493
Cleveland, OH 44199

Kiebler Recreation, LLC
10823 Mayfield Road
Chardon, OH 44024

Precision Golf Construction, Inc.
Attn: Michael O'Donnell
PO Box 751
Chardon, OH 44024

RSM McGladrey, Inc.
One S. Wacker Drive, Suite 800
Chicago, IL

Deborah D. Strojny
8273 Canterbury Drive
Clymer, NY 14724-9656

*Mary K. Whitmer*
Mary K. Whitmer  (0018213)