## Terms of § 363 Sale Proposal (Fairways)

1. The Trustee and the Debtor acknowledge PNC's allowed secured claim in the amount of $2,845,788.13 (the "Allowed Claim"), which is secured by a first priority lien on the Fairways and the income derived by the Fairways.

2. The Trustee and the Debtor may utilize PNC's cash collateral during the sale process.

3. PNC shall be paid its share of any sale proceeds up to the amount of its Allowed Claim at the close of a sale conducted pursuant to 11 U.S.C. § 363.

4. PNC shall be permitted to credit bid on the Fairways up to the amount of the Allowed Claim. Regardless of the amount of PNC's credit bid, the Fairways Carve-Out (defined hereafter) shall be no less than 36% of the net sale proceeds derived from a hypothetical sale price of $1,000,000.00.

5. The Fairways shall be sold as one of three contemporaneous sales of (1) the Resort; (2) the Ridgeview Condos; and (3) the Fairways Condos. The Fairways shall be marketed by Jones Lang LaSalle Hotels.

6. Prior to any auction or sale, the Trustee shall cause the Debtor to grant and facilitate any easements or service contracts necessary to ensure water and sewer services to the Fairways. PNC's New York counsel shall oversee the preparation of the documentation necessary to fulfill this requirement.

7. The "winning" bid price must be acceptable to PNC and the Trustee.

    a. The Trustee shall provide PNC notice of any qualified bidders, which shall include a copy of the qualified bidders' bid packages, within 1 business day of receiving the bid packages. Notwithstanding the forgoing, all qualified bid packages must be received by PNC by no later than August 19, 2011.

b. In the alternative, if an auction is not conducted, the Trustee shall provide PNC notice of the top 3 qualified bidders' final offers and PNC and the Trustee will determine which offer the Trustee will accept. PNC shall have three (3) business days from the receipt of such notice to submit a credit bid.

8. PNC shall provide a carve out (the "Fairways Carve-Out") of thirty-six percent (36%) of the net sale proceeds (defined as sale price minus customary closing costs, costs associated with obtaining any necessary water and sewer easements and service contracts, as discussed in Paragraph 6, commissions and real estate taxes; to conform to HNB definition) from the sale of the Fairways property. The Fairways Carve-Out shall be allocated to the Chapter 11 Trustee and his professionals for their fees, costs and expenses to sell the Fairways and to investigate the lien position of PNC; thereafter, (i) 50% of the remainder shall be applied to administrative expenses not liquidated by the Huntington National Bank Carve-Out and (ii) 50% of the remainder to priority creditors and general unsecured creditors as their interests are allowed under the Bankruptcy Code. If PNC is the successful bidder at the sale, the Fairways Carve-Out shall be paid by PNC within twelve (12) months of the Fairways sale hearing date. PNC's credit bid and any obligations under this Paragraph or Paragraph 4 shall be subject to a Phase I environmental report and a survey acceptable to PNC.

9. Other than described in Paragraphs 4 and 8, as applicable, the Trustee shall not seek recovery from PNC of any costs or expenses to preserve or dispose of the Fairways under 11 U.S.C. § 506(c).

10. In the event that a sale of the Fairways does not close on or before September 30, 2011, at PNC's request, the Trustee shall consent to relief from the automatic stay imposed by 11 U.S.C. § 362. The proceeds of any subsequent sale of the Fairways shall be paid as described in Paragraphs 4 and 8, as applicable. However, the costs of a foreclosure, including, but not limited

to, the costs associated with maintaining the Fairways during the pendency of a foreclosure, shall be deducted from any sale price when calculating the net sale proceeds.

11. PNC and the Trustee shall execute mutual, full releases.

Acknowledged and Agreed to by:

PNC BANK, NATIONAL ASSOCIATION

By: _____ David Spotts

Its: SVP

Date: August 11, 2011

_____
David O. Simon, Chapter 11 Trustee
of Kiebler Recreation, LLC, a New York limited liability company