IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Kiebler Recreation LLC, | ) | Case No. 10-15099 |
| | ) | |
| Debtor. | ) | Judge Randolph Baxter |

**TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT BY AND BETWEEN THE TRUSTEE, THE DEBTOR AND PNC BANK, NATIONAL ASSOCIATION AND FOR SUCH OTHER AND FURTHER RELIEF AS IS NECESSARY**

David O. Simon, the Chapter 11 Trustee herein (the "**Trustee**"), by and through the undersigned counsel, hereby files this Motion (the "**Settlement Motion**"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order approving the terms of a settlement entered into by and between the Trustee, the Debtor and PNC Bank, National Association ("**PNC**").

In support of this Motion, the Trustee respectfully represents the following:

**JURISDICTION**

1.  This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Court has jurisdiction over the parties and subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

# BACKGROUND

2. The Debtor commenced this case by the filing of a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 26, 2010 (the "**Petition Date**"). Pursuant to Bankruptcy Code §§ 1107(a) and 1108, prior to the appointment of the Trustee, the Debtor operated the Resort and managed its affairs as a debtor in possession.

3. On June 3, 2011, as a result of the Debtor's inability to confirm a plan of reorganization, among other reasons, the Committee of Unsecured Creditors (the "**Creditors' Committee**") and the U.S. Trustee each filed motions seeking the appointment of a Chapter 11 trustee pursuant to section 1104 of the Bankruptcy Code. After an expedited hearing on June 7, 2011, the Court, on June 8, 2011, entered an Agreed Order Granting an Emergency Motion of the United States Trustee for an Order Directing Appointment of a Chapter 11 Trustee (the "**Trustee Order**"). The Trustee was thereafter appointed and the Bankruptcy Court approved the appointment on June 20, 2011.

4. On June 24, 2010, PNC Bank, National Association, as Successor to National City Bank ("**PNC**"), filed its Proof of Claim No. 42-1, providing notice of and asserting its claim as a secured creditor in the Fairways Condominiums. PNC's secured claim was filed in the amount of $2,845,788.13.

5. The Trustee gave notice to PNC that he had reason to challenge PNC's secured claim. The Trustee believed that $1 million of the proceeds of the

loan were paid to benefit Paul Kiebler, the equity holder of Kiebler Recreation or another related entity.

6. The Trustee and PNC exchanged letters providing detail about the legal basis of their positions and arguing their cases about whether any part of the PNC loan was subject to avoidance under the Bankruptcy Code. PNC vigorously disputed the Trustee's assertions and these discussions were exhaustive and difficult. Neither side wanted expensive litigation, but each side was fully prepared to take its case to court.

7. After very difficult negotiations and without either party admitting or conceding liability or fault, PNC and the Trustee settled the claims between them, and have entered into a settlement term sheet (the "**Settlement Term Sheet**") which is subject to the approval of the Bankruptcy Court and attached hereto as Exhibit A.

8. The settlement provides for a carve out from PNC's lien position, which first will be applied to the payment of the Trustee's fees and expenses and those of his counsel associated with the alleged lien avoidance issue and the sale of the Fairways Property. Fifty percent of the balance of the carve out would flow into the estate of the Debtor to be distributed according to the Bankruptcy Code. The balance (50%) of the carve out would be applied to the fees of the pre-trustee professionals.

9. PNC and the Trustee agree that a sale of the Fairways Condominiums (the "**Fairways Property**") is in the best interests of the

Debtor's estate. In a contemporaneous motion, the Trustee has filed a Motion to Sell the Fairways Property.

## LAW GOVERNING APPROVAL OF SETTLEMENTS AND COMPROMISES

10. Compromises and settlements are a normal part of the bankruptcy process. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968), *reh'g denied,* 391 U.S. 909 (1968), *citing Case v. Los Angeles Lumber Products Co.,* 308 U.S. 106, 140 (1939). The structure and provisions of the Bankruptcy Code promote negotiation and settlement for the benefit of creditors in accordance with the policy of the law generally which is to encourage settlements. *In re Jackson Brewing Co.,* 624 F.2d 599 (5th Cir. 1980); *In re Carson,* 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987). Resolution of claims through settlement furthers the goal of bankruptcy administration to liquidate estate assets as rapidly as possible "consistent with obtaining the best possible realization upon the available assets and without undue waste by needless or fruitless litigation." *In re Carla Leather, Inc.,* 44 B.R. 457, 471 (Bankr. S.D.N.Y. 1984), *aff'd,* 50 B.R. 764 (S.D.N.Y. 1985). While in this case the Trustee is free to pursue litigation on behalf of the estate, he must "exercise prudence and at the same time be in a position so as to act on a settlement opportunity when that opportunity arises." *Id.* at 472.

11. Bankruptcy Rule 9019(a) "empowers the Bankruptcy Court to approve compromises and settlements "if they are in the best interests of the

4

estate." *Monus v. Lambros*, 286 B.R. 629, 637 (N.D. Ohio 2002), *citing In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987); *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). Rule 9019(a) provides:

> (a) Compromise. On motion by the trustee and after notice and a hearing the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtors, and indenture trustees as provided in Rule 1002 and to any other entity as the court may direct.

12. Neither Rule 9019 nor any section of the Bankruptcy Code explicitly sets forth the standards by which a court is to evaluate a proposed settlement for approval. The standards for approval of settlement in bankruptcy cases are well established in precedent, however, focusing upon whether the proposed settlement is reasonable and in the best interests of creditors. In *TMT Trailer Ferry*, the Supreme Court concluded that the trial court must make an informed, independent judgment as to whether a settlement is fair and equitable, stating:

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every

5

> instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*TMT Trailer Ferry*, 309 U.S. at 424 (citations omitted); *see also Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988).

13. Whether to approve a particular compromise or settlement is within the sound discretion of the bankruptcy court. *In re Bell & Beckwith*, 87 B.R. 472, 474 (N.D. Ohio 1987); *see also Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994) (courts may consider opinions of the trustee or debtor-in-possession that a settlement is fair and reasonable). The court exercises its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998); *see also Nellis*, 165 B.R. at 123 ("the general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above"). The United States Court of Appeals for the Second Circuit has stated that the responsibility of the judge "is not to decide the numerous questions of law and fact raised by appellants, but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness'." *In re Deaconess Hospital, LLC*, 2005 Bankr. LEXIS 3040, *14 (Bankr. N.D. Ohio July 25, 2005); *quoting In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 9183), *cert. denied sub nom Cosoff v. Rodman*, 464 U.S. 822 (1983). *See also In re Carla Leather, Inc.*, 44 B.R. at 470. The assessment of a settlement only requires identification of the issues in controversy "so that the

6

bounds of reasonableness can be seen with some clarity." *Carla Leather*, 44 B.R. at 470.

> The very uncertainties of outcome in litigation, as well as the avoidance of wasteful litigation and expense, lay behind the Congressional infusion of power to compromise … this could hardly be achieved if the test on hearing for approval meant establishing success or failure to a certainty.

*Id.*

14. This concept of a "range of reasonableness" recognizes "the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent to taking any litigation to completion." *Newman v. Stein*, 464 F. 2d 689, 693 (2d. Cir. 1972). Thus, a court need not insist upon the best possible settlement, but may approve a settlement as within the range of reasonableness under the circumstances. In determining whether a proposed settlement falls within the range of "reasonableness" courts have applied the following factors: (i) the probability of success in litigation; (ii) the difficulty of collection; (iii) the complexity of the litigation, including any attendant expense, inconvenience and delay; and (iv) the paramount interests of creditors. *Nicole Energy Services, Inc.*, 385 B.R. 201, 210 (Bankr. S.D. Ohio 2008) *citing Fishell v. Soltow (In re Fishell)*, 47 F.3d 1168 (6th Cir. 1995).

## DISCUSSION

15. The Trustee has reviewed the notes, mortgages, assignments of rents and leases, and security agreements executed by the Debtor and delivered

7

to PNC (the "**Loan Documents**"). The Trustee also reviewed the foreclosure action filed by PNC in Chautauqua County, New York.

16. The settlement establishes and allows the secured claim on behalf of PNC.

17. The settlement provides for a significant percentage (36%) of the sale proceeds from the Fairways Property to be "carved out" of the PNC lien position and paid to benefit the estate, first to pay the lien avoidance and sale expenses of the Trustee, and then to benefit of creditors and for pre-trustee professional administrative creditors.

18. The Trustee is cognizant of the uncertainties and expense of proceeding to litigation and has agreed, after extensive arm's-length negotiations and assessment of the benefits and burdens of settlement, to enter into the settlement resolving the disputes among the Trustee, the Debtor and PNC, and to obviate the need to further deplete the Debtor's assets in prosecuting a proceeding with an uncertain outcome.

19. Further, the Debtor's estate will benefit because it will not be required to incur the attorneys' fees and other expenses which would result from the filing of the Adversary Complaint. A litigated resolution of the claims asserted by the Debtor in the adversary proceeding involves a risk that a decision issued by the Court could be unfavorable to the Debtor's estate and its creditors. The estate would also be required to bear the significant litigation expense associated with the discovery and trial phases of the adversary proceeding, as

well as potential additional expenses associated with subsequent appeals. The continued litigation of this matter could also significantly complicate the sale of the Fairways Property and delay the distribution to creditors in this case.

20. Based upon the foregoing, therefore, the Trustee respectfully submits that the settlement, as proposed above and in the Sale Process Order, is in the best interests of the Debtor's estate and its creditors, and requests that the Court issue an Order approving the settlement in its entirety.

**WHEREFORE**, the Trustee respectfully submits that the terms of the settlement, including the Releases by and among the Trustee, the Debtor, and PNC, meet the parameters for approval as set forth above, and respectfully requests the Court issue an Order approving the terms of the settlement, and granting such other and further relief as the Court deems just and proper.

Dated: August 11, 2011

Respectfully submitted,

*/s/ Mary K. Whitmer*
Mary K. Whitmer (0018213)
James W. Ehrman (0011006)
David S. Blocker (0075523)
KOHRMAN JACKSON & KRANTZ PLL
1375 E. 9th Street, 20th Floor
One Cleveland Center
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Telecopier: (216) 621-6536
Email: mkw@kjk.com
jwe@kjk.com; dsb@kjk.com

*Counsel for David O. Simon, Chapter 11 Trustee*

# CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2011, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties on the Electronic Mail Notice List as set forth below. Parties may access this filing through the Court's system. I further certify that I caused a copy of the foregoing Response to be served on each of the persons on the Manual Notice List below by placing a copy thereof in the regular United States mail, first class postage prepaid, addressed as indicated, on August 11, 2011:

**Electronic Mail Notice List**

- Jeffrey Baddeley  jbaddeley@ulmer.com
- Kathleen M. Bennett  kbennett@bsk.com, khourihan@bsk.com;kdoner@bsk.com
- David S. Blocker  dsb@kjk.com
- Lawrence C Bolla  lbolla@quinnfirm.com, tsapper@quinnfirm.com; dcornelius@quinnfirm.com;mmiller@quinnfirm.com; npagliari@quinnfirm.com;mkruszewski@quinnfirm.com
- Carrie M Brosius  cmbrosius@vorys.com, mborr@vorys.com
- Brian J. Butler  bbutler@bsk.com, jheisler@bsk.com;kdoner@bsk.com
- Daniel A DeMarco  dademarco@hahnlaw.com, hlpcr@hahnlaw.com
- Stephen A. Donato  sdonato@bsk.com, kdoner@bsk.com;tayers@bsk.com;tvanetti@bsk.com
- James W. Ehrman  jwe@kjk.com, rlh@kjk.com;newpleadings@gmail.com
- Joseph D. Frank  jfrank@fgllp.com, ccarpenter@fgllp.com
- Bridget Aileen Franklin  bfranklin@brouse.com
- Garry M Graber  ggraber@hodgsonruss.com, rleek@hodgsonruss.com;mmuskopf@hodgsonruss.com
- Joseph F. Gula  jgula@kmgslaw.com, jgula@roadrunner.com;mwernicki@kmgslaw.com
- Mark L. Hankin  mhankin@hankinmazel.com
- Kenneth C Johnson  kjohnson@bricker.com, rdelsignore@bricker.com;jearley@bricker.com
- Alan M Koschik  akoschik@brouse.com, tpalcic@brouse.com
- Philip E Langer  planger@porterwright.com, nrepka@porterwright.com
- John P. Lennon  jplennon@trialadvocates.com
- Jeffrey M Levinson  jml@jml-legal.com
- Marc Merklin  mmerklin@brouse.com, tpalcic@brouse.com

- Ingrid S. Palermo  ipalermo@bsk.com,
  kdoner@bsk.com;sheffner@bsk.com;tvanetti@bsk.com
- Matthew E. Parkins  mparkins@smdklaw.com, bmccullough@smdklaw.com
- Drew T Parobek  dtparobek@vorys.com
- United States Trustee  (Registered address)@usdoj.gov
- Andrew L. Turscak  andrew.turscak@thompsonhine.com
- Susan C. Von Reusner  susan.vonreusner@ag.ny.gov,
  lisa.burianek@ag.ny.gov
- Linda E White  linda.white@ag.ny.gov
- Mary K Whitmer  mkw@kjk.com
- Christopher B. Wick  cwick@hahnlaw.com, hlpcr@hahnlaw.com
- Joseph Zagraniczny  jzagraniczny@bsk.com, kdoner@bsk.com;
  amasica@bsk.com;stemes@bsk.com;tvanetti@bsk.com
- Ronna Jackson ust34  Ronna.G.Jackson@usdoj.gov

**Manual Notice List**

Assessment Evaluation, Inc.
800 State Street, Suite 400
Erie, PA 16501-1322

Ciuni & Panichi, Inc
25201 Chagrin Blvd, #200
Beachwood, OH 44122

Guy C Fustine
120 W 10th St
Erie, PA 16501

Inglewood Associates, LLC.
John K. Lane, Managing Director
22239 Parnell Rd.
Shaker Heights, OH 44122

Internal Revenue Service
Insolvency Grp 6
1240 E. 9th St. Rm 493
Cleveland, OH 44199

Kiebler Recreation, LLC
10823 Mayfield Road
Chardon, OH 44024

Precision Golf Construction, Inc.
Attn: Michael O'Donnell
PO Box 751
Chardon, OH 44024

RSM McGladrey, Inc.
One S. Wacker Drive, Suite 800
Chicago, IL

Deborah D. Strojny
8273 Canterbury Drive
Clymer, NY 14724-9656

*Mary K. Whitmer*
Mary K. Whitmer (0018213)

11