UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 10-15099** |
| **KIEBLER RECREATION, LLC,** | ) | **Chapter 7** |
| **Debtor.** | ) | **Chief Judge Pat E. Morgenstern-Clarren** |

**TRUSTEE'S MOTION FOR AN ORDER APPROVING THE GLOBAL SETTLEMENT AGREEMENT AMONG HIMSELF, (a) JODY KIEBLER, (b) PAUL E. KIEBLER, IV, (c) KIEBLER PROPERTIES, LLC, (d) APOLLO PROPERTY MANAGEMENT, LLC, and (e) LIBERTY ASSOCIATES, LTD**

David O. Simon, the Chapter 7 Trustee (the "**Trustee**") for Kiebler Recreation, LLC ("**Recreation**"), by and through the undersigned counsel, hereby moves the Court, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, for the entry of an order approving the global settlement agreement (the "**Global Settlement Agreement**"), a copy of which is attached hereto as Exhibit A. The Global Settlement Agreement resolves all issues between (A) the Trustee, and (B) each of:

(i) Jody Kiebler, the defendant in Adversary Proceeding No. 12-01178-pmc, *David O. Simon, Trustee v. Jody Kiebler* (the "**Jody Kiebler Adversary Proceeding**"), which is currently pending before this Court; and

(ii) Paul E. Kiebler, IV ("**Paul Kiebler**"), the defendant in Adversary Proceeding No. 12-01177-pmc, *David O. Simon, Trustee v. Paul E. Kiebler, IV* (the "**Paul Kiebler Adversary Proceeding**"), which is currently pending before this Court; and

(iii) Kiebler Properties, LLC ("**Properties**"), he defendant in Adversary Proceeding No. 12-01169-pmc, *David O. Simon, Trustee v. Kiebler*

*Properties, LLC* (the "**Properties Adversary Proceeding**"), which is currently pending before this Court; and

(iv) Apollo Property Management, LLC ("**Apollo**"), he defendant in Adversary Proceeding No. 12-01168-pmc, *David O. Simon, Trustee v. Apollo Property Management, LLC* (the **"Apollo Adversary Proceeding**"), which is currently pending before this Court; and

(v) Liberty Associates, LTD ("**Liberty**"), the defendant in Adversary Proceeding No. 12-01172-pmc, *David O. Simon, Trustee v. Liberty Associates, LTD* (the "**Liberty Adversary Proceeding**"), which is currently pending before this Court.

In support of this motion, the Trustee represent as follows:

## Jurisdiction

This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A). This Court has jurisdiction over the parties and subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## The Global Settlement Agreement

The Trustee has determined that the terms of the Global Settlement Agreement are fair, equitable, and in the best interest of the estate. In making this determination, the Trustee has considered (i) the probability of success in litigation; (ii) the difficulty of collection; (iii) the complexity of the litigation, including any attendant expense, inconvenience and delay; and (iv) the paramount interests of creditors.

Terms of the Global Settlement Agreement. A summary of the terms[1] of the Global Settlement Agreement are set forth below.

(i) The Trustee shall receive a total of $80,000 (the "**Settlement Amount**") from Properties, Apollo, and Liberty, jointly and severally, as settlement in full of only the Trustee's preferential transfer claims against each. [Global Settlement Agreement par. nos. 2-3].

(ii) No portion of the Settlement Amount shall be for the resolution of: (i) any of the Trustee's claims against Jody Kiebler, (ii) any of the Trustee's claims against Paul Kiebler, (iii) any of the Trustee's fraudulent transfer claims against Properties, (iv) any of the Trustee's fraudulent transfer claims against Apollo, or (v) any of the Trustee's fraudulent transfer claims against Liberty. [Global Settlement Agreement par. nos. 2-3].

(iii) Upon receipt of the Settlement Amount, the Trustee shall dismiss with prejudice the Jody Kiebler Adversary Proceeding, the Paul Kiebler Adversary Proceeding, the Properties Adversary Proceeding, the Apollo Adversary Proceeding, and the Liberty Adversary Proceeding. [Global Settlement Agreement par. nos. 4-8].

(iv) The Trustee, on behalf of Recreation, will each release Jody Kiebler, Paul Kiebler, Properties, Apollo, and Liberty and their employees, attorneys, other professionals and representatives, successors and assigns from any and all claims or causes of action that he may have against any or all of those being released, excepting only their performance of their obligations under the Global Settlement Agreement [Global Settlement Agreement par. no. 9].

(v) Jody Kiebler, Paul Kiebler, Properties, Apollo, and Liberty will each release the Trustee and his employees, attorneys, other professionals and representatives, successors and assigns from any and all claims or causes of action that they may have against any or all of those being released, excepting only his performance of his obligations under the Global Settlement Agreement [Global Settlement Agreement par. nos. 10].

[1] To the extent that the following summary of the Global Settlement Agreement is inconsistent with any provision of the Global Settlement Agreement, the Global Settlement Agreement governs.

**Law Governing Approval of Settlements and Compromises**

Compromises and settlements are a normal part of the bankruptcy process. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), *reh'g denied*, 391 U.S. 909 (1968), citing *Case v. Los Angeles Lumber Products Co.*, 308 U.S. 106, 140 (1939). The structure and provisions of the Bankruptcy Code promote negotiation and settlement for the benefit of creditors in accordance with the policy of the law generally which is to encourage settlements. *In re Jackson Brewing Co.*, 624 F.2d 599 (5th Cir. 1980); In re Carson, 82 B.R. 847, 852 (Bankr. S.D. Ohio 1987). Resolution of claims through settlement furthers the goal of bankruptcy administration to liquidate estate assets as rapidly as possible "consistent with obtaining the best possible realization upon the available assets and without undue waste by needless or fruitless litigation." *In re Carla Leather, Inc.*, 44 B.R. 457, 471 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 764 (S.D.N.Y. 1985). While in this case the Trustee is free to pursue litigation on behalf of the estate, he must "exercise prudence and at the same time be in a position so as to act on a settlement opportunity when that opportunity arises." Id. at 472.

Bankruptcy Rule 9019(a) "empowers the Bankruptcy Court to approve compromises and settlements "if they are in the best interests of the estate." *Monus v. Lambros*, 286 B.R. 629, 637 (N.D. Ohio 2002), *citing In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987); *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). Rule 9019(a) provides:

> (a) Compromise. On motion by the trustee and after notice and a hearing the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtors, and indenture trustees as provided in Rule 1002 and to any other entity as the court may direct.

Neither Rule 9019 nor any section of the Bankruptcy Code explicitly sets forth the standards by which a court is to evaluate a proposed settlement for approval. The standards for approval of settlement in bankruptcy cases are well established in precedent, however, focusing upon whether the proposed settlement is reasonable and in the best interests of creditors. In *TMT Trailer Ferry*, the Supreme Court concluded that the trial court must make an informed, independent judgment as to whether a settlement is fair and equitable, stating:

> There can be no informed and independent judgment as to whether a proposed compromise is fair and equitable until the bankruptcy judge has apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.

*TMT Trailer Ferry*, 309 U.S. at 424 (citations omitted); *see also Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988).

Whether to approve a particular compromise or settlement is within the sound discretion of the bankruptcy court. *In re Bell & Beckwith*, 87 B.R. 472, 474 (N.D. Ohio 1987); *see also Nellis v. Shugrue*, 165 B.R. 115, 122 (S.D.N.Y. 1994)

(courts may consider opinions of the trustee or debtor-in-possession that a settlement is fair and reasonable). The court exercises its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998); *see also Nellis*, 165 B.R. at 123 ("the general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above"). The United States Court of Appeals for the Second Circuit has stated that the responsibility of the judge "is not to decide the numerous questions of law and fact raised by appellants, but rather to canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness'." *In re Deaconess Hospital, LLC*, 2005 Bankr. LEXIS 3040, *14 (Bankr. N.D. Ohio July 25, 2005); *quoting In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 9183), *cert. denied sub nom Cosoff v. Rodman*, 464 U.S. 822 (1983). *See also In re Carla Leather, Inc.*, 44 B.R. at 470. The assessment of a settlement only requires identification of the issues in controversy "so that the bounds of reasonableness can be seen with some clarity." *Carla Leather*, 44 B.R. at 470.

> The very uncertainties of outcome in litigation, as well as the avoidance of wasteful litigation and expense, lay behind the Congressional infusion of power to compromise … this could hardly be achieved if the test on hearing for approval meant establishing success or failure to a certainty.

*Id*.

This concept of a "range of reasonableness" recognizes "the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent to taking any litigation to completion." *Newman v. Stein*, 464 F. 2d 689,

693 (2d. Cir. 1972). Thus, a court need not insist upon the best possible settlement, but may approve a settlement as within the range of reasonableness under the circumstances. In determining whether a proposed settlement falls within the range of "reasonableness" courts have applied the following factors: (i) the probability of success in litigation; (ii) the difficulty of collection; (iii) the complexity of the litigation, including any attendant expense, inconvenience and delay; and (iv) the paramount interests of creditors. *Nicole Energy Services, Inc.*, 385 B.R. 201, 210 (Bankr. S.D. Ohio 2008) *citing Fishell v. Soltow (In re Fishell)*, 47 F.3d 1168 (6th Cir. 1995).

**Discussion**

The Trustee believes that the Global Settlement Agreement—wherein Properties, Apollo, and Liberty jointly and severally pay a total of $80,000 in settlement of only their preferential transfer claims—is in the best interest of the estate and that the compromise, as set forth above, does not fall below the lowest level of reasonableness considering the uncertainty of litigation, difficulties in proof, and the costs and fees of litigation.

The Trustee believes that the proposed compromise is reasonable, fair and equitable and in the best interest of the estate and its creditors.

**WHEREFORE**, the Trustee respectfully requests the Court issue an Order approving the Global Settlement Agreement, a draft of which Order is attached hereto as Exhibit B, approving the terms of the settlement, and granting such other and further relief as the Court deems just and proper.

Dated: June 5, 2013

Respectfully submitted,

*/s/Mary K. Whitmer*

Mary K. Whitmer (0018213)
Melissa A. Yasinow (0087681)
KOHRMAN JACKSON & KRANTZ PLL
1375 E. 9th Street, 20th Floor
One Cleveland Center
Cleveland, Ohio 44114-1793
Telephone: (216) 696-8700
Telecopier: (216) 621-6536
Email: mkw@kjk.com
may@kjk.com
*Counsel for David O. Simon,*
*Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2013, a copy of the foregoing *Motion* was filed electronically. Parties may access this filing through the Court's system;

**Electronic Mail Notice List**

- Jeffrey Baddeley jbaddeley@ulmer.com
- Kathleen M. Bennett kbennett@bsk.com, khourihan@bsk.com;kdoner@bsk.com
- Lawrence C Bolla lbolla@quinnfirm.com, tsapper@quinnfirm.com; dcornelius@quinnfirm.com;mmiller@quinnfirm.com; npagliari@quinnfirm.com;mkruszewski@quinnfirm.com
- Carrie M Brosius cmbrosius@vorys.com, mborr@vorys.com
- Brian J. Butler bbutler@bsk.com, jheisler@bsk.com;kdoner@bsk.com
- Daniel A DeMarco dademarco@hahnlaw.com, hlpcr@hahnlaw.com
- Stephen A. Donato sdonato@bsk.com, kdoner@bsk.com;tayers@bsk.com;tvanetti@bsk.com
- James W. Ehrman jwe@kjk.com, rlh@kjk.com;newpleadings@gmail.com
- Joseph D. Frank jfrank@fgllp.com, ccarpenter@fgllp.com
- Bridget Aileen Franklin bfranklin@brouse.com
- Garry M Graber ggraber@hodgsonruss.com, rleek@hodgsonruss.com;mmuskopf@hodgsonruss.com
- Joseph F. Gula jgula@kmgslaw.com, jgula@roadrunner.com;mwernicki@kmgslaw.com
- Mark L. Hankin mhankin@hankinmazel.com
- Kenneth C Johnson kjohnson@bricker.com, rdelsignore@bricker.com;jearley@bricker.com
- Alan M Koschik akoschik@brouse.com, tpalcic@brouse.com
- Philip E Langer planger@porterwright.com, nrepka@porterwright.com
- John P. Lennon jplennon@trialadvocates.com
- Jeffrey M Levinson jml@jml-legal.com
- Marc Merklin mmerklin@brouse.com, tpalcic@brouse.com
- Ingrid S. Palermo ipalermo@bsk.com, kdoner@bsk.com;sheffner@bsk.com;tvanetti@bsk.com
- Matthew E. Parkins mparkins@smdklaw.com, bmccullough@smdklaw.com
- Drew T Parobek dtparobek@vorys.com
- United States Trustee (Registered address)@usdoj.gov
- Andrew L. Turscak andrew.turscak@thompsonhine.com

- Susan C. Von Reusner susan.vonreusner@ag.ny.gov, lisa.burianek@ag.ny.gov
- Linda E White linda.white@ag.ny.gov
- Mary K Whitmer mkw@kjk.com
- Christopher B. Wick cwick@hahnlaw.com, hlpcr@hahnlaw.com
- Joseph Zagraniczny jzagraniczny@bsk.com, kdoner@bsk.com; amasica@bsk.com;stemes@bsk.com;tvanetti@bsk.com
- Ronna Jackson ust34 Ronna.G.Jackson@usdoj.gov

**Manual Notice List**

Alpine Realty Captial, LLC
220 E. Huron Street
Suite 230
Ann Arbor, MI 48104

Assessment Evaluation, Inc.
800 State Street
Suite 400
Erie, PA 16501-1322

Brouse McDowell
388 South Main Street
Suite 500
Akron, OH 44311-4407

Ciuni&Panichi Inc
25201 Chagrin Blvd
#200
Beachwood, OH 44122

Guy C Fustine on behalf of Creditor
C.A. Curtze Co., Inc.
120 W 10th St
Erie, PA 16501

Inglewood Associates, LLC.
John K. Lane, Managing Director
22239 Parnell Rd.
Shaker Heights, OH 44122

Internal Revenue Service
Insolvency Grp. 6
1240 E. 9th St. Rm 493
Cleveland, OH 44199

Jones Lang LaSalle Hotels
200 East Randolph Drive
Chicago, IL 60601

Hahn Loeser & Parks LLP on behalf
of Creditor Committee Official
Committee of Unsecured Creditors
of Kiebler Recreation, LLC
200 Public Square, #2800
Cleveland, OH 44114

Kiebler Recreation, LLC
10823 Mayfield Road
Chardon, OH 44024

Precision Golf Construction, Inc.
Attn: Michael O'Donnell
PO Box 751
Chardon, OH 44024

RSM McGladrey, Inc.
One S. Wacker Drive
Suite 800
Chicago, IL 60606

Deborah D. Strojny
8273 Canterbury Drive
Clymer, NY 14724

New York State Department of Taxation & Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205-0300

Rachel L. Steinlage
28601 Chagrin Blvd.
Suite 500
Cleveland, OH 44122
*Counsel for Defendants Jody Kiebler, Paul E. Kiebler, IV, and Kiebler Properties, LLC*

J. Michael McCague
Griffith, McCague & Wallace, P.C.
The Gulf Tower, 38th Floor
707 Grant Street
Pittsburgh, PA 15219
*Counsel for Northwest Savings Bank*

Dennis Zapka
McLaughlin Law, LLP
1111 Superior Avenue, Suite 1350
Cleveland, OH 44114
*Counsel for Defendants Jody Kiebler, Paul E. Kiebler, IV, and Kiebler Properties, LLC*

James D. Wilson
James D. Wilson LLC
29225 Chagrin Boulevard
Suite 350
Cleveland, OH 44122
*Counsel for Defendants Apollo Property Management, LLC & Liberty Associates, LTD*

*/s/Mary K. Whitmer*
Mary K. Whitmer (0018213)